1  IRELL & MANELLA LLP
   Morgan Chu – mchu@irell.com (70446)
2  Jonathan Steinberg – jsteinberg@irell.com (98044)
   Benjamin Hattenbach – bhattenbach@irell.com (186455)
3  1800 Avenue of the Stars, Suite 900
   Los Angeles, California  90067-4276
4  Telephone:   (310) 277-1010
   Facsimile:    (310) 203-7199
5
   Attorneys for Plaintiff
6  TESSERA, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 TESSERA, INC.,                              )   **CASE NO. C 05-04063 CW**
                                               )
12            Plaintiff,                        )   **TESSERA, INC.'S SECOND AMENDED**
                                               )   **COMPLAINT**
13       vs.                                    )
                                               )   **DEMAND FOR JURY TRIAL**
14 ADVANCED MICRO DEVICES, INC., a              )
   Delaware corporation, SPANSION INC., a       )
15 Delaware corporation, SPANSION               )
   TECHNOLOGY INC., a Delaware                   )
16 corporation, SPANSION LLC, a                   )
   Delaware limited liability corporation,        )
17 ADVANCED SEMICONDUCTOR                         )
   ENGINEERING, INC., a Republic of China         )
18 corporation, ASE (U.S.) INC., a California      )
   corporation, CHIPMOS TECHNOLOGIES             )
19 INC., a Republic of China corporation,         )
   CHIPMOS U.S.A., INC., a California              )
20 corporation, SILICONWARE PRECISION            )
   INDUSTRIES CO., LTD., a Republic of            )
21 China corporation, SILICONWARE USA            )
   INC., a California corporation,                 )
22 STMICROELECTRONICS N.V., a                     )
   Netherlands corporation,                        )
23 STMICROELECTRONICS, INC., a Delaware )
   corporation, STATS CHIPPAC LTD., a             )
24 Singapore company, STATS CHIPPAC, INC., )
   a Delaware corporation, and STATS              )
25 CHIPPAC (BVI) LIMITED, a British Virgin        )
   Islands company,                                )
                                                  )
26            Defendants.                          )
                                                  )
27 _____ )

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

1443819

Tessera's Second Amended Complaint
Case No. C 05-04063 CW

1    Plaintiff Tessera, Inc. ("Tessera"), by and through its undersigned attorneys, for its Second

2  Amended Complaint against defendants Spansion Inc., Spansion Technology Inc., and Spansion

3  LLC (collectively, "Spansion"); Advanced Micro Devices, Inc. ("AMD"); Advanced

4  Semiconductor Engineering, Inc. and ASE (U.S.) Inc. (collectively "ASE"); ChipMOS

5  Technologies Inc. and ChipMOS U.S.A., Inc. (collectively "ChipMOS"); Siliconware Precision

6  Industries Co., Ltd. and Siliconware USA Inc. (collectively "SPIL"); STMicroelectronics N.V.

7  and STMicroelectronics, Inc. (collectively "STM"); and STATS ChipPAC Ltd., STATS

8  ChipPAC, Inc. and STATS ChipPAC (BVI) Limited (collectively "STATS"), alleges as follows:

9  **INTRODUCTION**

10   1.    This case concerns the defendants' use of five Tessera patents without fairly

11  compensating Tessera's shareholders.  Some of the defendants never obtained any license to the

12  patents, opting instead to simply infringe Tessera's intellectual property rights.  Other defendants

13  obtained a carefully restricted license to some of Tessera's patents but nevertheless are committing

14  patent infringement, for example, by making and selling products outside the limited scope of

15  their licenses.  In other instances, the defendants with a restricted license are failing to abide by

16  their contractual obligations to pay license fees to Tessera.  Tessera therefore also asserts related

17  claims for breach of Tessera's license agreements.

18  **PARTIES**

19   2.    Tessera is a Delaware corporation with its principal place of business in San Jose,

20  California.  Tessera makes the allegations in paragraphs 2-9 below, regarding the defendants,

21  based on information and belief.

22   3.    AMD is a Delaware corporation with its principal place of business in Sunnyvale,

23  California.

24   4.    Spansion LLC was, at the time this action commenced, a Delaware limited liability

25  corporation with its principal place of business in Sunnyvale, California.  Spansion Inc., is a

26  Delaware corporation with its principal place of business in Sunnyvale, California.  Spansion

27  Technology Inc. is a Delaware corporation with its principal place of business in Sunnyvale,

28  California.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1443819                                         - 2 -                    Tessera's Second Amended Complaint
Case No. C 05-04063 CW

1    5.    Advanced Semiconductor Engineering, Inc. is a corporation organized under the

2 laws of Taiwan, Republic of China, and has a principal place of business at 26 Chin Third Road,

3 Nantze Export Processing Zone, Nantze, Kaohsiung, Taiwan, Republic of China.  ASE (U.S.) Inc.

4 is a California corporation with a business address at 3590 Peterson Way, Santa Clara, California

5 95054.

6    6.    ChipMOS Technologies Inc. is a corporation organized under the laws of the

7 Republic of China, having a principal place of business at No. 1 R&D Rd. 1, Science Based

8 Industrial Park, Hsinchu, Taiwan ROC.  ChipMOS U.S.A., Inc. is a California corporation having

9 a place of business at 2890 N. First St., San Jose, California, 95134.

10    7.    Siliconware Precision Industries Co., Ltd. is a corporation organized under the laws

11 of the Republic of China, having a principal place of business at No. 123, Sec. 3 Da Fong Road,

12 Tantzu, Taichung, Taiwan, ROC.  Siliconware USA, Inc. is a California corporation having a

13 place of business at 1735 Technology Drive #300, San Jose, California 95110.

14    8.    STMicroelectronics N.V. is a corporation organized under the laws of the

15 Netherlands, with a principal place of business at 39, Chemin de Champ des Filles, 1228 Plan-

16 Les-Ouates, Geneva, Switzerland.  STMicroelectronics, Inc. is a Delaware corporation having a

17 place of business at 1310 Electronics Dr., Carrollton, Texas 75006.

18    9.    STATS ChipPAC Ltd. is a corporation organized under the laws of the Republic of

19 Singapore, with a principal place of business at 10 Ang Mo Kio Street 65, #05-17/20 TechPoint,

20 Singapore 569059.  STATS ChipPAC, Inc. is a Delaware corporation with a place of business at

21 47400 Kato Rd., Fremont, California 94538.  STATS ChipPAC (BVI) Limited is a corporation

22 organized under the laws of the British Virgin Islands, with a place of business at Craigmuir

23 Chambers, Road Town, Tortola, British Virgin Islands.

24    10.    Spansion, AMD, ASE, ChipMOS, SPIL, STM and STATS are referred to

25 collectively as the "defendants."

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

1443819

- 3 -

Tessera's Second Amended Complaint
Case No. C 05-04063 CW

1

**JURISDICTION**

2      11.      This action arises, *inter alia*, under the patent laws of the United States of America,

3   35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271.  This Court has subject matter jurisdiction

4   pursuant to 28 U.S.C. §§ 1331 and 1338 in that this is a civil action arising out of the patent laws

5   of the United States of America.  Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental

6   jurisdiction over related claims arising under state law.  Further, at least the following parties have

7   consented in writing, as a condition in license agreements with Tessera, to personal jurisdiction

8   and venue in the state and federal courts of California: Advanced Micro Devices, Inc.; Advanced

9   Semiconductor Engineering, Inc.; ChipMOS Technologies Inc.; Siliconware Precision

10  Industries Co., Ltd.; STMicroelectronics, Inc.; and STATS ChipPAC (BVI) Limited.

11

**VENUE**

12      12.      Venue in the Northern District of California is proper pursuant to 28 U.S.C. §§

13  1391(b) and (c), and 1400(b) because Tessera is informed and believes, and thereon alleges, that

14  among other things the defendants have done business in this District and have committed and

15  continue to commit acts of patent infringement in this District and a substantial part of the events

16  or omissions giving rise to Tessera's claims occurred in this district.  Further, most or all of the

17  defendants either have consented in writing to venue in this district (as set forth in paragraph 11

18  above and incorporated herein by reference) or, on information and belief, may be found and/or

19  reside in this district.

20

**INTRADISTRICT ASSIGNMENT**

21      13.      The Tessera patents were involved in two previous civil actions before Judge

22  Claudia Wilken in the Oakland Division, have already had their claims construed by Judge

23  Wilken, and in one instance were the subject of a trial before Judge Wilken (Case Nos. C-02-

24  05837-CW and C-00-2114-CW).  Tessera therefore believes this case has been properly assigned

25  to Judge Wilken.  This is an intellectual property action that otherwise is assignable pursuant to

26  Civil L.R. 3-2(c) on a district-wide basis.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1443819

- 4 -

Tessera's Second Amended Complaint
Case No. C 05-04063 CW

1

**BACKGROUND REGARDING TESSERA**

2          14.     Tessera is a global leader in the development of semiconductor packaging

3   technology.  Semiconductor packages serve as the electrical interface between semiconductor

4   chips and the systems in which they operate.  They also protect delicate chips from damage,

5   contamination, and stress resulting from repeated heating and cooling.  Tessera's technology

6   allows companies around the world to meet the growing demand for smaller, faster, less expensive

7   and more reliable electronic products, including cutting edge medical devices and critical military

8   defense components.  The United States Patent Office has awarded Tessera over 300 patents that

9   reflect its innovation and protect the company's investment in the technology it has developed.

10         15.     More than 50 semiconductor manufacturers and packaging companies such as Intel,

11  Texas Instruments, Renesas, Toshiba, Sharp, Hitachi, Matsushita, Fujitsu, Sanyo, Hynix and

12  Samsung have taken licenses to Tessera's patented technology.  The rights granted by Tessera

13  under its patents enable companies like Dell, Nokia, Ericsson and Sony to continue to provide

14  consumers with new generations of electronic products.  Tessera's patented innovations have

15  already been incorporated into more than four billion semiconductors sold throughout the world.

16  Tessera's technology also enables defense contractors, government agencies and our armed forces

17  to advance this nation's homeland defense and military preparedness.

18                        **THE PATENTS-IN-SUIT**

19         16.     United States Patent No. 5,679,977 ("'977 patent"), entitled "Semiconductor Chip

20  Assemblies, Methods Of Making Same And Components For Same" was duly and legally issued

21  on October 21, 1997.  Tessera is the owner by assignment of all right, title and interest in and to

22  the '977 patent.  A copy of the '977 patent is attached as Exhibit A.

23         17.     United States Patent No. 5,852,326 ("'326 patent"), entitled "Face-Up

24  Semiconductor Chip Assembly" was duly and legally issued on December 22, 1998.  Tessera is

25  the owner by assignment of all right, title and interest in and to the '326 patent.  A copy of the

26  '326 patent is attached as Exhibit B.

27         18.     United States Patent No. 6,433,419 ("'419 patent"), entitled "Face-Up

28  Semiconductor Chip Assemblies" was duly and legally issued on August 13, 2002.  Tessera is the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1443819                              - 5 -                    Tessera's Second Amended Complaint
                                                              Case No. C 05-04063 CW

1   owner by assignment of all right, title and interest in and to the '419 patent.  A copy of the '419

2   patent is attached as Exhibit C.

3        19.      United States Patent No. 6,465,893 ("'893 patent"), entitled "Stacked Chip

4   Assembly" was duly and legally issued on October 15, 2002.  Tessera is the owner by assignment

5   of all right, title and interest in and to the '893 patent.  A copy of the '893 patent is attached as

6   Exhibit D.

7        20.      United States Patent No. 6,133,627 ("'627 patent"), entitled "Semiconductor Chip

8   Package With Center Contacts" was duly and legally issued on October 17, 2000.  Tessera is the

9   owner by assignment of all right, title and interest in and to the '627 patent.  A copy of the '627

10  patent is attached as Exhibit E.

11       21.      The '977 patent, '326 patent, '419 patent, and '893 patent are hereafter referred to

12  as the "Tessera Patents."

13                    **BACKGROUND REGARDING THE DEFENDANTS**

14       22.      The defendants and their related companies manufacture, use, offer for sale, and

15  sell packaged semiconductor products throughout the world, including products that are imported

16  into the United States.  The defendants sell such products in, among other things, ball grid array

17  format semiconductor packages ("BGA" packages) and also in multi-chip BGA semiconductor

18  packages ("MCP" packages).  Packaging is an integral element of the defendants' products.

19       23.      Tessera entered into valid and binding contracts, evidenced in writing, including a

20  TCC® License Agreement, with each of Advanced Semiconductor Engineering, Inc. (effective

21  January 28, 1998) (together with any related agreements, the "ASE License"), ChipMOS

22  Technologies Inc. (effective April 20, 1999) (together with any related agreements, the "ChipMOS

23  License"), Silicon Precision Industries, Co., Ltd. (effective December 31, 1998) (together with any

24  related agreements, the "SPIL License"), SGS-Thompson Microelectronics, Inc. (effective July

25  28, 1997) (together with any related agreements, the "STM License"), and ChipPAC, Inc.

26  (effective December 22, 1998) (together with any related agreements, the "STATS License").

27  Under those license agreements, *inter alia*, Tessera agreed to provide information and rights,

28  among which were certain limited rights to patents including some or all of the Tessera Patents,

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

1443819                        - 6 -                    Tessera's Second Amended Complaint
                                                        Case No. C 05-04063 CW

1   the '627 Patent and/or the applications that led to those patents.  In return, the licensees agreed,

2   *inter alia*, to provide valuable consideration to Tessera.  However, each of the above licensees

3   failed to abide by the terms of their license agreements.  Similarly, effective April 1, 1998, AMD

4   took a limited license to Tessera's patented technology that specifically excludes certain

5   semiconductor packages with chips in face-up orientations from the license grant.  AMD has no

6   right to use Tessera's patents for such packages or to have others, such as Spansion, make such

7   packages.

8          24.     Tessera is informed and believes, and thereon alleges: that AMD became aware of

9   the Tessera Patents (or, to the extent the patents had not yet issued at a given time, the applications

10  that led to them) at least as early as, and possibly earlier than, April 1, 1998; that Spansion became

11  aware of the Tessera Patents at least as early as, and possibly earlier than, December 11, 2003; that

12  ASE became aware of the Tessera Patents and the '627 Patent (or, to the extent the patents had not

13  yet issued at a given time, the applications that led to them) at least as early as, and possibly earlier

14  than, January 28, 1998; that ChipMOS became aware of the Tessera Patents and the '627 Patent

15  (or, to the extent the patents had not yet issued at a given time, the applications that led to them) at

16  least as early as, and possibly earlier than, April 20, 1999; that SPIL became aware of the Tessera

17  Patents (or, to the extent the patents had not yet issued at a given time, the applications that led to

18  them) at least as early as, and possibly earlier than, December 31, 1998; that STM became aware

19  of the Tessera Patents (or, to the extent the patents had not yet issued at a given time, the

20  applications that led to them) at least as early as, and possibly earlier than, July 28, 1997; and that

21  STATS became aware of the Tessera Patents (or, to the extent the patents had not yet issued at a

22  given time, the applications that led to them) at least as early as, and possibly earlier than,

23  December 22, 1998.

24          25.     Unlike the many companies that behaved responsibly and with respect for

25  Tessera's United States patents, the defendants have all chosen a very different and illegal course

26  of action.  The defendants have, with full knowledge of Tessera's patents, made, and continue to

27  make, extensive and profitable use of Tessera's patented packaging advances without

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1443819                                    - 7 -                    Tessera's Second Amended Complaint
                                                                     Case No. C 05-04063 CW

1    appropriately compensating Tessera's shareholders.  Tessera has accordingly been forced to bring

2    this action.

3                              **FIRST CAUSE OF ACTION**

4                              **(Patent Infringement By AMD)**

5          26.      Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set

6    forth herein in full.

7          27.      Tessera is informed and believes, and thereon alleges, that in violation of 35 U.S.C.

8    § 271 AMD has been and is currently directly infringing, contributorily infringing and/or inducing

9    infringement of the Tessera Patents by, among other things, making, using, offering to sell, selling

10   and/or importing without authority or license from Tessera infringing semiconductor components

11   and assemblies, including flash memory devices having BGA and MCP packages with

12   semiconductor chips arranged in a face-up orientation.

13         28.      Tessera is informed and believes, and thereon alleges, that AMD's infringement of

14   the Tessera Patents has been and continues to be willful.

15         29.      Unless enjoined, AMD will continue to infringe the Tessera Patents, and Tessera

16   will suffer irreparable injury as a direct and proximate result of AMD's conduct.

17         30.      Tessera has been damaged by AMD's conduct, and until an injunction issues will

18   continue to be damaged in an amount yet to be determined.

19                             **SECOND CAUSE OF ACTION**

20                             **(Patent Infringement By Spansion)**

21         31.      Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set

22   forth herein in full.

23         32.      Tessera is informed and believes, and thereon alleges, that in violation of 35 U.S.C.

24   § 271 Spansion has been and is currently directly infringing, contributorily infringing and/or

25   inducing infringement of the Tessera Patents by, among other things, making, using, offering to

26   sell, selling and/or importing without authority or license from Tessera infringing semiconductor

27   components and assemblies, including flash memory devices having BGA and MCP packages

28   with semiconductor chips arranged in a face-up orientation.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1443819                              - 8 -                    Tessera's Second Amended Complaint
                                                             Case No. C 05-04063 CW

1   33.     Tessera is informed and believes, and thereon alleges, that Spansion's infringement

2   of the Tessera Patents has been and continues to be willful.

3   34.     Unless enjoined, Spansion will continue to infringe the Tessera Patents, and

4   Tessera will suffer irreparable injury as a direct and proximate result of Spansion's conduct.

5   35.     Tessera has been damaged by Spansion's conduct, and until an injunction issues

6   will continue to be damaged in an amount yet to be determined.

7   **THIRD CAUSE OF ACTION**

8   **(Patent Infringement By ASE)**

9   36.     Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set

10  forth herein in full.

11  37.     Tessera is informed and believes, and thereon alleges, that in violation of 35 U.S.C.

12  § 271 ASE has been and is currently directly infringing, contributorily infringing and/or inducing

13  infringement of the Tessera Patents and the '627 Patent by, among other things, making, using,

14  offering to sell, selling and/or importing without authority or license from Tessera infringing

15  semiconductor components and assemblies, including devices having BGA and MCP

16  configurations.

17  38.     Tessera is informed and believes, and thereon alleges, that ASE's infringement of

18  the Tessera Patents and the '627 Patent has been and continues to be willful.

19  39.     Unless enjoined, ASE will continue to infringe the Tessera Patents and the '627

20  Patent, and Tessera will suffer irreparable injury as a direct and proximate result of ASE's

21  conduct.

22  40.     Tessera has been damaged by ASE's conduct, and until an injunction issues will

23  continue to be damaged in an amount yet to be determined.

24  **FOURTH CAUSE OF ACTION**

25  **(Patent Infringement By ChipMOS)**

26  41.     Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set

27  forth herein in full.

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

1443819

- 9 -

Tessera's Second Amended Complaint
Case No. C 05-04063 CW

1      42.      Tessera is informed and believes, and thereon alleges, that in violation of 35 U.S.C.

2  § 271 ChipMOS has been and is currently directly infringing, contributorily infringing and/or

3  inducing infringement of the Tessera Patents and the '627 Patent by, among other things, making,

4  using, offering to sell, selling and/or importing without authority or license from Tessera

5  infringing semiconductor components and assemblies, including devices having BGA and MCP

6  configurations.

7      43.      Tessera is informed and believes, and thereon alleges, that ChipMOS' infringement

8  of the Tessera Patents and the '627 Patent has been and continues to be willful.

9      44.      Unless enjoined, ChipMOS will continue to infringe the Tessera Patents and the

10  '627 Patent, and Tessera will suffer irreparable injury as a direct and proximate result of

11  ChipMOS' conduct.

12      45.      Tessera has been damaged by ChipMOS' conduct, and until an injunction issues

13  will continue to be damaged in an amount yet to be determined.

## FIFTH CAUSE OF ACTION

### (Patent Infringement By SPIL)

16      46.      Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set

17  forth herein in full.

18      47.      Tessera is informed and believes, and thereon alleges, that in violation of 35 U.S.C.

19  § 271 SPIL has been and is currently directly infringing, contributorily infringing and/or inducing

20  infringement of the Tessera Patents by, among other things, making, using, offering to sell, selling

21  and/or importing without authority or license from Tessera infringing semiconductor components

22  and assemblies, including devices having BGA and MCP configurations.

23      48.      Tessera is informed and believes, and thereon alleges, that SPIL's infringement of

24  the Tessera Patents has been and continues to be willful.

25      49.      Unless enjoined, SPIL will continue to infringe the Tessera Patents, and Tessera

26  will suffer irreparable injury as a direct and proximate result of SPIL's conduct.

27      50.      Tessera has been damaged by SPIL's conduct, and until an injunction issues will

28  continue to be damaged in an amount yet to be determined.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1443819

Tessera's Second Amended Complaint
Case No. C 05-04063 CW

## SIXTH CAUSE OF ACTION

### (Patent Infringement By STM)

51.     Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set forth herein in full.

52.     Tessera is informed and believes, and thereon alleges, that in violation of 35 U.S.C. § 271 STM has been and is currently directly infringing, contributorily infringing and/or inducing infringement of the Tessera Patents by, among other things, making, using, offering to sell, selling and/or importing without authority or license from Tessera infringing semiconductor components and assemblies, including devices having BGA and MCP configurations.  For avoidance of doubt, Tessera does not presently assert this cause of action for infringement of the Tessera Patents against STMicroelectronics, Inc. to the extent its products are licensed under the STM License.

53.     Tessera is informed and believes, and thereon alleges, that STM's infringement of the Tessera Patents has been and continues to be willful.

54.     Unless enjoined, STM will continue to infringe the Tessera Patents, and Tessera will suffer irreparable injury as a direct and proximate result of STM's conduct.

55.     Tessera has been damaged by STM's conduct, and until an injunction issues will continue to be damaged in an amount yet to be determined.

## SEVENTH CAUSE OF ACTION

### (Patent Infringement By STATS)

56.     Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set forth herein in full.

57.     Tessera is informed and believes, and thereon alleges, that in violation of 35 U.S.C. § 271 STATS has been and is currently directly infringing, contributorily infringing and/or inducing infringement of the Tessera Patents by, among other things, making, using, offering to sell, selling and/or importing without authority or license from Tessera infringing semiconductor components and assemblies, including devices having BGA and MCP configurations.

58.     Tessera is informed and believes, and thereon alleges, that STATS' infringement of the Tessera Patents has been and continues to be willful.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1443819

- 11 -

Tessera's Second Amended Complaint
Case No. C 05-04063 CW

1    59.    Unless enjoined, STATS will continue to infringe the Tessera Patents, and Tessera

2  will suffer irreparable injury as a direct and proximate result of STATS' conduct.

3    60.    Tessera has been damaged by STATS' conduct, and until an injunction issues will

4  continue to be damaged in an amount yet to be determined.

5                    **EIGHTH CAUSE OF ACTION**

6                    **(Breach Of ASE License)**

7    61.    Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set

8  forth herein in full.

9    62.    As referenced above, Tessera, on one hand, and Advanced Semiconductor

10  Engineering, Inc. and its contractually-defined affiliates, on the other hand, entered into the ASE

11  License.

12    63.    Tessera performed all conditions, covenants, and promises required by it to be

13  performed in accordance with the terms and conditions of the ASE License, except for the

14  conditions, covenants, and promises the performance of which were prevented, hindered, or

15  frustrated by Advanced Semiconductor Engineering, Inc. and any permitted successors, assigns or

16  affiliates to which rights under the ASE License extended (collectively the "ASE Licensees").

17    64.    The ASE Licensees materially breached the ASE License by, among other things,

18  failing to pay royalties due under that agreement.

19    65.    As a direct and proximate result of the ASE Licensees' breaches of the ASE

20  License, Tessera has been damaged in an amount yet to be determined.

21                    **NINTH CAUSE OF ACTION**

22                    **(Breach Of ChipMOS License)**

23    66.    Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set

24  forth herein in full.

25    67.    As referenced above, Tessera, on one hand, and ChipMOS Technologies, Inc. and

26  its contractually-defined affiliates, on the other hand, entered into the ChipMOS License.

27    68.    Tessera performed all conditions, covenants, and promises required by it to be

28  performed in accordance with the terms and conditions of the ChipMOS License, except for the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1443819                              - 12 -                    Tessera's Second Amended Complaint
                                                               Case No. C 05-04063 CW

1 conditions, covenants, and promises the performance of which were prevented, hindered, or

2 frustrated by ChipMOS Technologies Inc. and any permitted successors, assigns or affiliates to

3 which rights under the ChipMOS License extended (collectively the "ChipMOS Licensees").

4     69.    The ChipMOS Licensees materially breached the ChipMOS License by, among

5 other things, failing to pay royalties due under that agreement.

6     70.    As a direct and proximate result of the ChipMOS Licensees' breaches of the

7 ChipMOS License, Tessera has been damaged in an amount yet to be determined.

8                         **TENTH CAUSE OF ACTION**

9                         **(Breach Of SPIL License)**

10     71.    Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set

11 forth herein in full.

12     72.    As referenced above, Tessera, on one hand, and Silicon Precision Industries, Co.,

13 Ltd. and its contractually-defined affiliates, on the other hand, entered into the SPIL License.

14     73.    Tessera performed all conditions, covenants, and promises required by it to be

15 performed in accordance with the terms and conditions of the SPIL License, except for the

16 conditions, covenants, and promises the performance of which were prevented, hindered, or

17 frustrated by Silicon Precision Industries, Co., Ltd. and any permitted successors, assigns or

18 affiliates to which rights under the SPIL License extended (collectively the "SPIL Licensees").

19     74.    The SPIL Licensees materially breached the SPIL License by, among other things,

20 failing to pay royalties due under that agreement.

21     75.    As a direct and proximate result of the SPIL Licensees' breaches of the SPIL

22 License, Tessera has been damaged in an amount yet to be determined.

23                         **ELEVENTH CAUSE OF ACTION**

24                         **(Breach Of STM License)**

25     76.    Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set

26 forth herein in full.

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1    77.    As referenced above, Tessera, on one hand, and SGS-Thompson Microelectronics,

2   Inc., which on information and belief was renamed STMicroelectronics, Inc., and their

3   contractually-defined affiliates, on the other hand, entered into the STM License.

4    78.    Tessera performed all conditions, covenants, and promises required by it to be

5   performed in accordance with the terms and conditions of the STM License, except for the

6   conditions, covenants, and promises the performance of which were prevented, hindered, or

7   frustrated by SGS-Thompson Microelectronics, Inc., STMicroelectronics, Inc., and any permitted

8   successors, assigns or affiliates to which rights under the STM License extended (collectively the

9   "STM Licensees").

10    79.    The STM Licensees materially breached the STM License by, among other things,

11   failing to pay royalties due under that agreement.

12    80.    As a direct and proximate result of the STM Licensees' breaches of the STM

13   License, Tessera has been damaged in an amount yet to be determined.

14              **TWELFTH CAUSE OF ACTION**

15               **(Breach Of STATS License)**

16    81.    Tessera realleges and incorporates by reference paragraphs 1 through 25 as if set

17   forth herein in full.

18    82.    As referenced above, Tessera, on one hand, and ChipPAC, Inc. and its

19   contractually-defined affiliates, on the other hand, entered into the STATS License on or about

20   December 22, 1998.  On or about July 29, 1999, Tessera and ChipPAC, Inc. agreed to transfer the

21   STATS License to ChipPAC Limited, a British Virgin Islands company.  In late 2004, ST

22   Assembly Test Services Ltd. of Singapore acquired and merged with ChipPAC, Inc. and ChipPAC

23   Limited.  Thereafter, ST Assembly Test Services Ltd. changed its name to STATS ChipPAC Ltd.

24   and the names of ChipPAC, Inc. and ChipPAC Limited to STATS ChipPAC, Inc. and STATS

25   ChipPAC (BVI) Limited, respectively.  As part of the merger process, on or about August of

26   2004, ST Assembly Test Services (now STATS ChipPAC Ltd.) agreed to undertake all obligations

27   under the STATS License.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1443819                              - 14 -                    Tessera's Second Amended Complaint
                                                               Case No. C 05-04063 CW

83.     Tessera performed all conditions, covenants, and promises required by it to be performed in accordance with the terms and conditions of the STATS License, except for the conditions, covenants, and promises the performance of which were prevented, hindered, or frustrated by ChipPAC, Inc., STATS ChipPAC Ltd. and STATS ChipPAC (BVI) Limited and any permitted successors, assigns or affiliates to which rights under the STATS License extended (collectively the "STATS Licensees").

84.     The STATS Licensees materially breached the STATS License by, among other things, failing to pay royalties due under that agreement.

85.     As a direct and proximate result of the STATS Licensees' breaches of the STATS License, Tessera has been damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Tessera requests that this Court enter a judgment as follows:

A.     Judgment that the Tessera Patents and the '627 Patent are valid and enforceable;

B.     Judgment that each of the defendants infringe each of the Tessera Patents and that their infringement is, and has been, deliberate and willful;

C.     Judgment that defendants ASE and ChipMOS also infringe the '627 Patent and that their infringement is, and has been, deliberate and willful;

D.     Judgment that this case is exceptional in accordance with 35 U.S.C. § 285;

E.     An order that preliminarily and permanently enjoins each of the defendants, and their directors, officers, employees, attorneys, agents and all persons in concert or participation with any of the foregoing, from further acts that infringe, contributorily infringe or induce infringement of the Tessera Patents;

F.     An order that preliminarily and permanently enjoins defendants ASE and ChipMOS, and their directors, officers, employees, attorneys, agents and all persons in concert or participation with any of the foregoing, from further acts that infringe, contributorily infringe or induce infringement of the '627 Patent;

G.     An order that awards Tessera recovery for all damages that result from the defendants' infringing acts;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

1443819

- 15 -

Tessera's Second Amended Complaint
Case No. C 05-04063 CW

1  H.  An order that trebles the amount of the foregoing damages as a result of the willful

2  and deliberate nature of the defendants' conduct;

3  I.  Judgment that the ASE Licensees have breached the ASE License, that such

4  breaches are material, and for all damages that resulted from such breaches;

5  J.  Judgment that the ChipMOS Licensees have breached the ChipMOS License, that

6  such breaches are material, and for all damages that resulted from such breaches;

7  K.  Judgment that the SPIL Licensees have breached the SPIL License, that such

8  breaches are material, and for all damages that resulted from such breaches;

9  L.  Judgment that the STM Licensees have breached the STM License, that such

10  breaches are material, and for all damages that resulted from such breaches;

11  M.  Judgment that The STATS Licensees have breached the STATS License, that such

12  breaches are material, and for all damages that resulted from such breaches;

13  N.  An order that awards Tessera interest on damages;

14  O.  An order that directs the defendants to pay Tessera's costs, expenses and attorney

15  fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil

16  Procedure; and

17  P.  An order for such other and further relief as this Court deems just and proper.

18  DATED:  January 31, 2006                    Respectfully Submitted,

19

20                                              IRELL & MANELLA LLP
                                                Morgan Chu (70446)
21                                              Jonathan Steinberg (98044)
                                                Benjamin Hattenbach (186455)

22

23                                              By: /s/ Benjamin Hattenbach
                                                Benjamin Hattenbach (186455)
24                                              Attorneys for Plaintiff
                                                TESSERA, INC.

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1443819

- 16 -

Tessera's Second Amended Complaint
Case No. C 05-04063 CW

1

## **DEMAND FOR JURY TRIAL**

2
       Tessera hereby demands a trial by jury on all issues triable to a jury.

3
DATED:  January 31, 2006            Respectfully Submitted,

4

5
                      IRELL & MANELLA LLP
                      Morgan Chu (70446)
                      Jonathan Steinberg (98044)

6
                      Benjamin Hattenbach (186455)

7

8
                      By:  /s/ Benjamin Hattenbach
                      Benjamin Hattenbach (186455)
                      Attorneys for Plaintiff

9
                      TESSERA, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

1443819

Tessera's Second Amended Complaint
Case No. C 05-04063 CW