1  KAI TSENG (State Bar No. 193756)
   MICHAEL F. HEAFEY (State Bar No 153499)
2  ROWENA YOUNG (State Bar No. 196317)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
3  1000 Marsh Road
   Menlo Park, CA  94025
4  Telephone:    650-614-7400
   Facsimile:    650-614-7401
5
   Attorneys for Defendant and Counterclaim Plaintiff
6  SILICONWARE USA INC.

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                          OAKLAND DIVISION

10  TESSERA, INC.,                          Case No. C 05-04063 CW

11              Plaintiff,                   **ANSWER OF DEFENDANT
                                             SILICONWARE USA, INC. TO
12       v.                                  SECOND AMENDED COMPLAINT
                                             OF TESSERA, INC. AND
13  ADVANCED MICRO DEVICES, INC., a          COUNTERCLAIMS**
    Delaware corporation, SPANSION INC., a
14  Delaware corporation, SPANSION          **DEMAND FOR JURY TRIAL**
    TECHNOLOGY INC., a Delaware corporation,
15  SPANSION LLC, a Delaware limited liability
    corporation, ADVANCED SEMICONDUCTOR
16  ENGINEERING, INC., a Republic of China
    corporation, ASE (U.S.) INC., a California
17  corporation, CHIPMOS TECHNOLOGIES INC.,
    a Republic of China corporation, CHIPMOS
18  U.S.A., INC., a California corporation,
    SILICONWARE PRECISION INDUSTRIES CO.,
19  LTD., a Republic of China corporation,
    SILICONWARE USA INC., a California
20  corporation, STMICROELECTRONICS N.V., a
    Netherlands corporation,
21  STMICROELECTRONICS, INC., a Delaware
    corporation, STATS CHIPPAC LTD., a Singapore
22  company, STATS CHIPPAC, INC., a Delaware
    corporation, and STATS CHIPPAC (BVI)
23  LIMITED, a British Virgin Islands company,

24              Defendants.

    SILICONWARE USA, INC.,
25
                Counterclaim Plaintiff,
26
         v.
27
    TESSERA, INC.,
28
                Counterclaim Defendant.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

1    Pursuant to Rule 8 of the Federal Rules of Civil Procedure, defendant Siliconware

2  USA, Inc. ("SUI") answers the Second Amended Complaint ("Complaint") of plaintiff Tessera,

3  Inc. ("Tessera") as follows:

4                                    **INTRODUCTION**

5        1.    SUI specifically denies each and every allegation contained therein insofar

6  as they pertain to SUI.  With respect to the remaining allegations of paragraph 1, SUI lacks

7  sufficient information regarding the activities of any other entity on which to form a belief as to

8  their truth, and on that basis denies the allegations of paragraph 1 of the Complaint.

9                                      **PARTIES**

10       2.    On information and belief, SUI admits that Teserra is a Delaware

11  corporation with its principal place of business in San Jose, California.  SUI lacks knowledge or

12  information sufficient to form a belief as to the truth of the remaining allegation of paragraph 2,

13  and on that basis denies the allegations of paragraph 2 of the Complaint.

14       3.    SUI lacks knowledge or information sufficient to form a belief as to the

15  truth of the allegations of paragraph 3 and on that basis denies the allegations in paragraph 3 of

16  the Complaint.

17       4.    SUI lacks knowledge or information sufficient to form a belief as to the

18  truth of the allegations of paragraph 4 and on that basis denies the allegations in paragraph 4 of

19  the Complaint.

20       5.    SUI lacks knowledge or information sufficient to form a belief as to the

21  truth of the allegations of paragraph 5 and on that basis denies the allegations in paragraph 5 of

22  the Complaint.

23       6.    SUI lacks knowledge or information sufficient to form a belief as to the

24  truth of the allegations of paragraph 6 and on that basis denies the allegations in paragraph 6 of

25  the Complaint.

26       7.    SUI admits that Siliconware Precision Industries Co., Ltd. is a corporation

27  organized under the laws of the Republic of China, having a principal place of business at No.

28  123, Dec. 3 Da Fong Road, Tantzu, Taichung, Taiwan ROC.  SUI admits that Siliconware USA,

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 1 -                    SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

Inc. is a California corporation having a place of business at 1735 Technology Drive #300, San Jose, California 95110.

8.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies the allegations in paragraph 8 of the Complaint.

9.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies the allegations in paragraph 9 of the Complaint.

10.    On information and belief, SUI admits that the Complaint purports to refer to Spansion, AMD, ASE, ChipMOS, SPIL, STM and STATS collectively as the "defendants."

### JURISDICTION

11.    SUI admits that the Complaint purports to arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*  SUI admits that this Court has subject matter jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1338(a), of actions purporting to arise under the patent laws of the United States.  Except as so admitted, SUI denies the allegations of paragraph 11 of the Complaint.

### VENUE

12.    SUI admits that it has done business in the Northern District of California. Except as so admitted, SUI denies the allegations of paragraph 12 of the Complaint.

### INTRADISTRICT ASSIGNMENT

13.    On information and belief, SUI admits that U.S. Patent Nos. 6,133,627, 5,950,304, 5,679,977, 5,852,326, 6,433,419, and 6,465,893 were asserted in Case No. 02-5837 CW in the United States District Court for the Northern District of California, Oakland Division. On information and belief, SUI admits that U.S. Patent Nos. 5,679,977 and 5,852,326 were asserted in Case No. 00-2114 CW in the United States District Court for the Northern District of California, Oakland division.  On information and belief, SUI admits that this case has been assigned to Judge Claudia Wilken.  Except as so admitted, SUI denies the allegations of paragraph 13 of the Complaint.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 2 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

1

**BACKGROUND REGARDING TESSERA**

2        14.     SUI lacks knowledge or information sufficient to form a belief as to the

3   truth of the allegations of paragraph 14 and on that basis denies the allegations in paragraph 14 of

4   the Complaint.

5        15.     SUI lacks knowledge or information sufficient to form a belief as to the

6   truth of the allegations of paragraph 15 and on that basis denies the allegations in paragraph 15 of

7   the Complaint.

8

**THE PATENTS-IN-SUIT**

9        16.     SUI admits that the U.S. Patent No. 5,679,977 (the "'977 patent") is

10  entitled "Semiconductor Chip Assemblies, Methods of Making Same and Components for

11  Same."  SUI admits that on its face, the '977 patent has an issue date of October 22, 1997.  SUI

12  admits that what appears to be a copy of the '977 patent is attached to the Complaint as Exhibit

13  A.  Except as so admitted, SUI lacks sufficient information or knowledge on which to form a

14  belief as to the truth of the allegations of paragraph 16 and on that basis denies them.

15       17.     SUI admits that the U.S. Patent No. 5,852,326 (the "'326 patent") is

16  entitled "Face-Up Semiconductor Chip Assembly."  SUI admits that on its face, the '326 patent

17  has an issue date of December 22, 1998.  SUI admits that what appears to be a copy of the '326

18  patent is attached to the Complaint as Exhibit B.  Except as so admitted, SUI lacks sufficient

19  information or knowledge on which to form a belief as to the truth of the allegations of paragraph

20  17 and on that basis denies them.

21       18.     SUI admits that the U.S. Patent No. 6,433,419 (the "'419 patent") is

22  entitled "Face-Up Semiconductor Chip Assemblies."  SUI admits that on its face, the '419 patent

23  has an issue date of August 13, 2002.  SUI admits that what appears to be a copy of the '419

24  patent is attached to the Complaint as Exhibit C.  Except as so admitted, SUI lacks sufficient

25  information or knowledge on which to form a belief as to the truth of the allegations of paragraph

26  18 and on that basis denies them.

27       19.     SUI admits that the U.S. Patent No. 6,465,893 (the "'893 patent") is

28  entitled "Stacked Chip Assembly."  SUI admits that on its face, the '893 patent has an issue date

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 3 -                    SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

of October 15, 2002. SUI admits that what appears to be a copy of the '893 patent is attached to the Complaint as Exhibit D. Except as so admitted, SUI lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies them.

20. SUI admits that the U.S. Patent No. 6,133,627 (the "'627 patent") is entitled "Semiconductor Chip Package With Center Contacts." SUI admits that on its face, the '627 patent has an issue date of October 17, 2000. SUI admits that what appears to be a copy of the '627 patent is attached to the Complaint as Exhibit E. Except as so admitted, SUI lacks sufficient information or knowledge on which to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies them.

21. SUI admits that the Complaint purports to refer to '977 patent, '326 patent, '419 patent and '893 patent as the "Tessera Patents."

## BACKGROUND REGARDING THE DEFENDANTS

22. SUI admits that SUI offers for sale or sells semiconductor products inside the United States. SUI specifically denies manufacturing semiconductor products. SUI admits that it sells or offers to sell BGA-related products. Except as expressly so admitted, SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and, on that basis, denies the allegations of paragraph 22 of the Complaint.

23. SUI specifically denies each and every allegation contained in paragraph 23 insofar as they pertain to SUI. With respect to the remaining allegations of paragraph 23 of the Complaint, SUI lacks sufficient information or knowledge regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

24. SUI specifically denies each and every allegation contained in paragraph 24 insofar as they pertain to SUI. With respect to the remaining allegations of paragraph 24 of the Complaint, SUI lacks sufficient information or knowledge regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

25. SUI specifically denies each and every allegation contained in paragraph 25 insofar as they pertain to SUI. With respect to the remaining allegations of paragraph 25 of

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 4 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

the Complaint, SUI lacks sufficient information or knowledge regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

## FIRST CAUSE OF ACTION

### (Patent Infringement By AMD)

26.    SUI hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-25 of its Answer above.

27.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and on that basis denies the allegations in paragraph 27 of the Complaint.

28.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 and on that basis denies the allegations in paragraph 28 of the Complaint.

29.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 and on that basis denies the allegations in paragraph 29 of the Complaint.

30.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies the allegations in paragraph 30 of the Complaint.

## SECOND CAUSE OF ACTION

### (Patent Infringement By Spansion)

31.    SUI hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-25 of its Answer above.

32.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 and on that basis denies the allegations in paragraph 32 of the Complaint.

33.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 and on that basis denies the allegations in paragraph 33 of the Complaint.

34.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 and on that basis denies the allegations in paragraph 34 of the Complaint.

35.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 and on that basis denies the allegations in paragraph 35 of the Complaint.

## THIRD CAUSE OF ACTION

### (Patent Infringement By ASE)

36.    SUI hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-25 of its Answer above.

37.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 and on that basis denies the allegations in paragraph 37 of the Complaint.

38.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 and on that basis denies the allegations in paragraph 38 of the Complaint.

39.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 and on that basis denies the allegations in paragraph 39 of the Complaint.

40.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 and on that basis denies the allegations in paragraph 40 of the Complaint.

## FOURTH CAUSE OF ACTION

### (Patent Infringement By ChipMOS)

41.    SUI hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-25 of its Answer above.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 6 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

42. SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 and on that basis denies the allegations in paragraph 42 of the Complaint.

43. SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 and on that basis denies the allegations in paragraph 43 of the Complaint.

44. SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 and on that basis denies the allegations in paragraph 44 of the Complaint.

45. SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 and on that basis denies the allegations in paragraph 45 of the Complaint.

## FIFTH CAUSE OF ACTION

### (Patent Infringement By SPIL)

46. SUI hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-25 of its Answer above.

47. SUI specifically denies each and every allegation contained in paragraph 47 insofar as they pertain to SUI. With respect to the remaining allegations of paragraph 47 of the Complaint, SUI lacks sufficient information or knowledge regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

48. SUI specifically denies each and every allegation contained in paragraph 48 insofar as they pertain to SUI. With respect to the remaining allegations of paragraph 48 of the Complaint, SUI lacks sufficient information or knowledge regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

49. SUI specifically denies each and every allegation contained in paragraph 49 insofar as they pertain to SUI. With respect to the remaining allegations of

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 7 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

1   paragraph 49 of the Complaint, SUI lacks sufficient information or knowledge regarding the

2   activities of any other entity on which to form a belief as to their truth, and on that basis denies

3   them.

4          50.      SUI specifically denies each and every allegation contained in

5   paragraph 50 insofar as they pertain to SUI.  With respect to the remaining allegations of

6   paragraph 50 of the Complaint, SUI lacks sufficient information or knowledge regarding the

7   activities of any other entity on which to form a belief as to their truth, and on that basis denies

8   them.

9                          **FOURTH CAUSE OF ACTION**

10                        **(Patent Infringement By STM)**

11         51.      SUI hereby refers to and incorporates by reference, as if fully set forth

12  herein, paragraphs 1-25 of its Answer above.

13         52.      SUI lacks knowledge or information sufficient to form a belief as to the

14  truth of the allegations of paragraph 52 and on that basis denies the allegations in paragraph 52 of

15  the Complaint.

16         53.      SUI lacks knowledge or information sufficient to form a belief as to the

17  truth of the allegations of paragraph 53 and on that basis denies the allegations in paragraph 53 of

18  the Complaint.

19         54.      SUI lacks knowledge or information sufficient to form a belief as to the

20  truth of the allegations of paragraph 54 and on that basis denies the allegations in paragraph 54 of

21  the Complaint.

22         55.      SUI lacks knowledge or information sufficient to form a belief as to the

23  truth of the allegations of paragraph 55 and on that basis denies the allegations in paragraph 55 of

24  the Complaint.

25                         **FOURTH CAUSE OF ACTION**

26                        **(Patent Infringement By STATS)**

27         56.      SUI hereby refers to and incorporates by reference, as if fully set forth

28  herein, paragraphs 1-25 of its Answer above.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 8 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

57.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 and on that basis denies the allegations in paragraph 57 of the Complaint.

58.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 and on that basis denies the allegations in paragraph 58 of the Complaint.

59.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 and on that basis denies the allegations in paragraph 59 of the Complaint.

60.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 and on that basis denies the allegations in paragraph 60 of the Complaint.

## EIGHTH CAUSE OF ACTION

### (Breach of ASE License)

61.    SUI hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-25 of its Answer above.

62.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 and on that basis denies the allegations in paragraph 62 of the Complaint.

63.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 and on that basis denies the allegations in paragraph 63 of the Complaint.

64.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 and on that basis denies the allegations in paragraph 64 of the Complaint.

65.    SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 and on that basis denies the allegations in paragraph 65 of the Complaint.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 9 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NINTH CAUSE OF ACTION

### (Breach of ChipMOS License)

66. SUI hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-25 of its Answer above.

67. SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 and on that basis denies the allegations in paragraph 67 of the Complaint.

68. SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68 and on that basis denies the allegations in paragraph 68 of the Complaint.

69. SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 and on that basis denies the allegations in paragraph 69 of the Complaint.

70. SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 and on that basis denies the allegations in paragraph 70 of the Complaint.

## TENTH CAUSE OF ACTION

### (Breach of SPIL License)

71. SUI hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-25 of its Answer above.

72. SUI specifically denies each and every allegation contained in paragraph 72 insofar as they pertain to SUI. With respect to the remaining allegations of paragraph 72 of the Complaint, SUI lacks sufficient information or knowledge regarding the activities of any other entity on which to form a belief as to their truth, and on that basis denies them.

73. SUI specifically denies each and every allegation contained in paragraph 73 insofar as they pertain to SUI. With respect to the remaining allegations of paragraph 73 of the Complaint, SUI lacks sufficient information or knowledge regarding the

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 10 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

1   activities of any other entity on which to form a belief as to their truth, and on that basis denies

2   them.

3          74.     SUI specifically denies each and every allegation contained in

4   paragraph 74 insofar as they pertain to SUI.  With respect to the remaining allegations of

5   paragraph 74 of the Complaint, SUI lacks sufficient information or knowledge regarding the

6   activities of any other entity on which to form a belief as to their truth, and on that basis denies

7   them.

8          75.     SUI specifically denies each and every allegation contained in

9   paragraph 75 insofar as they pertain to SUI.  With respect to the remaining allegations of

10  paragraph 75 of the Complaint, SUI lacks sufficient information or knowledge regarding the

11  activities of any other entity on which to form a belief as to their truth, and on that basis denies

12  them.

### ELEVENTH CAUSE OF ACTION

### (Breach of STM License)

15         76.     SUI hereby refers to and incorporates by reference, as if fully set forth

16  herein, paragraphs 1-25 of its Answer above.

17         77.     SUI lacks knowledge or information sufficient to form a belief as to the

18  truth of the allegations of paragraph 77 and on that basis denies the allegations in paragraph 77 of

19  the Complaint.

20         78.     SUI lacks knowledge or information sufficient to form a belief as to the

21  truth of the allegations of paragraph 78 and on that basis denies the allegations in paragraph 78 of

22  the Complaint.

23         79.     SUI lacks knowledge or information sufficient to form a belief as to the

24  truth of the allegations of paragraph 79 and on that basis denies the allegations in paragraph 79 of

25  the Complaint.

26         80.     SUI lacks knowledge or information sufficient to form a belief as to the

27  truth of the allegations of paragraph 80 and on that basis denies the allegations in paragraph 80 of

28  the Complaint.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 11 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

**TWELFTH CAUSE OF ACTION**

**(Breach of STATS License)**

81.     SUI hereby refers to and incorporates by reference, as if fully set forth herein, paragraphs 1-25 of its Answer above.

82.     SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 82 and on that basis denies the allegations in paragraph 82 of the Complaint.

83.     SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83 and on that basis denies the allegations in paragraph 83 of the Complaint.

84.     SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 84 and on that basis denies the allegations in paragraph 84 of the Complaint.

85.     SUI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85 and on that basis denies the allegations in paragraph 85 of the Complaint.

**RESPONSE TO TESSERA'S PRAYER FOR RELIEF**

86.     SUI denies that Tessera is entitled to be awarded any of the relief sought in its prayer for relief against SUI, its directors, officers, employees, attorneys, agents and persons in privity or concert with SUI.  SUI has not directly, indirectly, contributorily and/or by inducement, literally and/or by the doctrine of equivalents infringed willfully, or otherwise, the Tessera patents.  SUI has not breached the SPIL License.  Tessera is not entitled to recover statutory damages, compensatory damages, and accounting, injunctive relief, costs, fees, interest, or any other type of recovery from SUI.  Tessera's prayer should, therefore, be denied in its entirety and with prejudice, and Tessera should take nothing therefore.

///

///

///

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 12 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

1    <u>**AFFIRMATIVE DEFENSES**</u>

2        For its further and separate affirmative defenses to the Complaint, SUI alleges as

3    follows:

4    <u>**FIRST AFFIRMATIVE DEFENSE**</u>

5    **(Failure to State a Claim)**

6        87.    SUI hereby refers to and incorporates by reference, as if fully set forth

7    herein, paragraphs 1-86 of its Answer above.

8        88.    Tessera claims for relief and each and every one of its allegations, fail to

9    state a claim upon which any relief may be granted against SUI.

10   <u>**SECOND AFFIRMATIVE DEFENSE**</u>

11   **(Non-infringement of the Patents in Suit)**

12       89.    SUI hereby refers to and incorporates by reference, as if fully set forth

13   herein, paragraphs 1-86 of its Answer above.

14       90.    SUI has not in the past, and does not presently directly, indirectly,

15   contributorily and/or by inducement infringe, any claim of the '977 patent, '326 patent, '419

16   patent or '893 patent , either literally or under the doctrine of equivalents.

17   <u>**THIRD AFFIRMATIVE DEFENSE**</u>

18   **(Invalidity of the Patents in Suit)**

19       91.    SUI hereby refers to and incorporates by reference, as if fully set forth

20   herein, paragraphs 1-86 of its Answer above.

21       92.    Each of the patents at issue (the '977 patent, '326 patent, '419 patent or

22   '893 patent) are invalid as not satisfying the conditions of patentability set forth in Part II of Title

23   35 of the United States Code, *inter alia*, Section Nos. 101, 102, 103, and/or 112, and Tessera's

24   claim for relief is thus barred in whole or in part.

25   <u>**FOURTH AFFIRMATIVE DEFENSE**</u>

26   **(Laches)**

27       93.    SUI hereby refers to and incorporates by reference, as if fully set forth

28   herein, paragraphs 1-86 of its Answer above.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 13 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

1    94.    Tessera's claims for relief are barred, in whole or in part, by the equitable

2    doctrine of laches.

3                   **FIFTH AFFIRMATIVE DEFENSE**

4                            **(Estoppel)**

5    95.    SUI hereby refers to and incorporates by reference, as if fully set forth

6    herein, paragraphs 1-86 of its Answer above.

7    96.    Tessera's claims for relief are barred, in whole or in part, by the doctrine of

8    estoppel.

9                   **SIXTH AFFIRMATIVE DEFENSE**

10                         **(Unclean Hands)**

11   97.    SUI hereby refers to and incorporates by reference, as if fully set forth

12   herein, paragraphs 1-86 of its Answer above.

13   98.    Tessera's claims for relief are barred, in whole or in part, by the doctrine of

14   unclean hands.

15

16                 **SEVENTH AFFIRMATIVE DEFENSE**

17                         **(Lack of Title)**

18   99.    SUI hereby refers to and incorporates by reference, as if fully set forth

19   herein, paragraphs 1-86 of its Answer above.

20   100.   Tessera's claims for relief are barred because Tessera does not have good

21   title to the '977 patent, '326 patent, '419 patent or '893 patent.

22                 **EIGHTH AFFIRMATIVE DEFENSE**

23                        **(Patent Exhaustion)**

24   101.   SUI hereby refers to and incorporates by reference, as if fully set forth

25   herein, paragraphs 1-86 of its Answer above.

26   102.   Tessera's claims for relief are barred, in whole or in part, by the doctrines

27   of patent exhaustion, implied license, and/or have-made rights.

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 14 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

1

## NINTH AFFIRMATIVE DEFENSE

2

### (Patent Misuse)

3         103.   SUI hereby refers to and incorporates by reference, as if fully set forth

4   herein, paragraphs 1-86 of its Answer above.

5         104.   Tessera's claims for relief are barred, in whole or in part, by patent misuse.

6

## TENTH AFFIRMATIVE DEFENSE

7

### (Prosecution History Estoppel of the Patents-in-Suit)

8         105.   SUI hereby refers to and incorporates by reference, as if fully set forth

9   herein, paragraphs 1-86 of its Answer above.

10         106.   By reason of the proceedings in the United States Patent and Trademark

11   Office during the prosecution of each of the application which resulted in the issuance of the

12   patents at issue (the '977 patent, '326 patent, '419 patent or '893 patent) and by reason of

13   admissions made by or on behalf of the applicants for such patents,, Tessera is estopped from

14   construing any claim of the patents at issue to cover and include any SUI product, process, or

15   method which Tessera alleges infringes.

16

## ELEVENTH AFFIRMATIVE DEFENSE

17

### (Limitation of Damages)

18         107.   SUI hereby refers to and incorporates by reference, as if fully set forth

19   herein, paragraphs 1-86 of its Answer above.

20         108.   Tessera's claim for relief and prayer for damages are limited by 35 U.S.C.

21   § 286.

22

## TWELFTH AFFIRMATIVE DEFENSE

23

### (Failure to Mark)

24         109.   SUI hereby refers to and incorporates by reference, as if fully set forth

25   herein, paragraphs 1-86 of its Answer above.

26         110.   Tessera's claims for relief are barred in whole or in part, by the failure to

27   mark by Tessera or Tessera's predecessors in interest or those acting at the direction or

28   permission of Tessera or Tessera's predecessors in interest, as required by 35 U.S.C. § 287.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 15 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

1                          **THIRTEENTH AFFIRMATIVE DEFENSE**

2                                 **(No Breach of License)**

3           111.    SUI hereby refers to and incorporates by reference, as if fully set forth

4 herein, paragraphs 1-86 of its Answer above.

5           112.    Tessera's claims for relief are barred, in whole or in part, because SUI has

6 not breached a valid license between Tessera and SUI.

7                            **PRAYER FOR RELIEF**

8          WHEREFORE, defendant SUI prays for judgment as follows:

9          A.  That Tessera take nothing by its Second Amended Complaint and that the

10 Second Amended Complaint be dismissed with prejudice;

11          B.  That SUI has not infringed, contributed to the infringement of, or induced the

12 infringement of any claim of the '977 patent, '326 patent, '419 patent or '893 patent;

13          C.  That the claims of the '977 patent, '326 patent, '419 patent or '893 patent are

14 invalid;

15          D.  That the '977 patent, '326 patent, '419 patent and '893 patent are

16 unenforceable;

17          E.  That SUI has not breached any valid license agreement between SUI and

18 Tessera;

19          F.  That Tessera is not entitled to injunctive relief; and

20          G.  That SUI be awarded the costs of suit, attorneys' fees and any other relief this

21 Court deems just and proper.

22                          **SUI'S COUNTERCLAIMS**

23           1.    Counterclaim plaintiff Siliconware USA, Inc. ("SUI") hereby incorporates

24 and realleges the admissions and denials of paragraphs 1 through 112 of its Answer for its

25 counterclaims against counterclaim defendant TESSERA, INC. ("Tessera"), alleges as follows:

26                                **PARTIES**

27           2.    SUI is a California corporation with its principal place of business in San

28 Jose California.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 16 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

3.      Tessera is a Delaware corporation with its principal place of business in San Jose, California.

## JURISDICTION AND VENUE

4.      Jurisdiction over these counterclaims arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions related to patents under 28 U.S.C. § 1338(a).  These counterclaims are filed under 28 U.S.C. §§ 2201 and 2202 for declaratory judgment that the asserted claims of United States Patent No. 5,679,977 ("'977 patent"), entitled "Semiconductor Chip Assemblies, Methods of Making Same and Components for Same," United States Patent No. 5,852,326 ("'326 patent") entitled "Face-Up Semiconductor Chip Assembly," United States Patent No. 6,433,419 ("'419 patent") entitled "Face-Up Semiconductor Chip Assemblies," and United States Patent No. 6,465,893 ("'893 patent") entitled "Stacked Chip Assembly" are invalid, unenforceable and/or are not infringed by SUI.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.  Venue is proper in the U.S. District Court for the Northern District of California because the counterclaim arises from facts and circumstances alleged in the above-mentioned Complaint filed in this District.

## FIRST COUNTERCLAIM

**(Declaratory Relief under 28 U.S.C. § 2201, *et seq*. of the '977 Patent)**

6.      SUI hereby realleges and incorporates by reference paragraphs 1 through 5 of the counterclaims above.

7.      Counterclaim defendant Tessera alleges that it is the owner by assignment of the '977 patent, and that SUI infringes the '977 patent.

8.      SUI denies that Tessera is the owner by assignment of the '977 patent.  SUI further deny that they infringe, contribute to the infringement of, or induce the infringement of any claim of the '977 patent as more fully alleged in the foregoing Answer and Affirmative Defenses.

Orrick,
Herrington &
Sutcliffe LLP
Attorneys At Law

- 17 -

Siliconware Usa's Answer And Counterclaims
Case No. C05-04063 CW

9.      SUI further asserts that the '977 patent is invalid and unenforceable, as more fully alleged in the foregoing Answer and Affirmative Defenses.

10.      By reason of the foregoing, there is an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between counterclaim plaintiff SUI and counterclaim defendant Tessera with respect to whether the '977 patent is valid, enforceable and has been infringed by counterclaim plaintiff SUI which has resulted in alleged liability for infringement thereof.

11.      Each claim of the '977 patent is invalid for failure to comply with *inter alia* 35 U.S.C. §§ 101, 102, 103 and 112.

12.      SUI has not infringed and is not now infringing either literally or by application of the doctrine of equivalents any claim of the '977 patent.

13.      SUI has not and is not now inducing or contributing to the infringement of any claim of the '977 patent by others either literally or by application of the doctrine of equivalents.

14.      Accordingly, SUI requests a declaratory judgment from this Court that the '977 patent is invalid, unenforceable and/or not infringed by SUI.

## SECOND COUNTERCLAIM

### (Declaratory Relief under 28 U.S.C. § 2201, *et seq.* of the '326 Patent)

15.      SUI hereby realleges and incorporates by reference paragraphs 1 through 5 of the counterclaims above.

16.      Counterclaim defendant Tessera alleges that it is the owner by assignment of the '977 patent, and that SUI infringes the '326 patent.

17.      SUI denies that Tessera is the owner by assignment of the '326 patent.  SUI further deny that they infringe, contribute to the infringement of, or induce the infringement of any claim of the '326 patent as more fully alleged in the foregoing Answer and Affirmative Defenses.

18.      SUI further asserts that the '326 patent is invalid and unenforceable, as more fully alleged in the foregoing Answer and Affirmative Defenses.

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 18 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

19.     By reason of the foregoing, there is an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between counterclaim plaintiff SUI and counterclaim defendant Tessera with respect to whether the '326 patent is valid, enforceable and has been infringed by counterclaim plaintiff SUI which has resulted in alleged liability for infringement thereof.

20.     Each claim of the '326 patent is invalid for failure to comply with *inter alia* 35 U.S.C. §§ 101, 102, 103 and 112.

21.     SUI has not infringed and is not now infringing either literally or by application of the doctrine of equivalents any claim of the '326 patent.

22.     SUI has not and is not now inducing or contributing to the infringement of any claim of the '326 patent by others either literally or by application of the doctrine of equivalents.

23.     Accordingly, SUI requests a declaratory judgment from this Court that the '326 patent is invalid, unenforceable and/or not infringed by SUI.

## THIRD COUNTERCLAIM

**(Declaratory Relief under 28 U.S.C. § 2201, *et seq*. of the '419 Patent)**

24.     SUI hereby realleges and incorporates by reference paragraphs 1 through 5 of the counterclaims above.

25.     Counterclaim defendant Tessera alleges that it is the owner by assignment of the '977 patent, and that SUI infringes the '419 patent.

26.     SUI denies that Tessera is the owner by assignment of the '419 patent.  SUI further deny that they infringe, contribute to the infringement of, or induce the infringement of any claim of the '419 patent as more fully alleged in the foregoing Answer and Affirmative Defenses.

27.     SUI further asserts that the '419 patent is invalid and unenforceable, as more fully alleged in the foregoing Answer and Affirmative Defenses.

28.     By reason of the foregoing, there is an actual and justiciable controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 between counterclaim plaintiff SUI and

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 19 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

1  counterclaim defendant Tessera with respect to whether the '419 patent is valid, enforceable and

2  has been infringed by counterclaim plaintiff SUI which has resulted in alleged liability for

3  infringement thereof.

4         29.    Each claim of the '419 patent is invalid for failure to comply with *inter alia*

5  35 U.S.C. §§ 101, 102, 103 and 112.

6         30.    SUI has not infringed and is not now infringing either literally or by

7  application of the doctrine of equivalents any claim of the '419 patent.

8         31.    SUI has not and is not now inducing or contributing to the infringement of

9  any claim of the '419 patent by others either literally or by application of the doctrine of

10  equivalents.

11         32.    Accordingly, SUI requests a declaratory judgment from this Court that the

12  '419 patent is invalid, unenforceable and/or not infringed by SUI.

13                    **FOURTH COUNTERCLAIM**

14         **(Declaratory Relief under 28 U.S.C. § 2201, *et seq*. of the '893 Patent)**

15         33.    SUI hereby realleges and incorporates by reference paragraphs 1 through 5

16  of the counterclaims above.

17         34.    Counterclaim defendant Tessera alleges that it is the owner by assignment

18  of the '893 patent, and that SUI infringes the '326 patent.

19         35.    SUI denies that Tessera is the owner by assignment of the '893 patent.  SUI

20  further deny that they infringe, contribute to the infringement of, or induce the infringement of

21  any claim of the '893 patent as more fully alleged in the foregoing Answer and Affirmative

22  Defenses.

23         36.    SUI further asserts that the '893 patent is invalid and unenforceable, as

24  more fully alleged in the foregoing Answer and Affirmative Defenses.

25         37.    By reason of the foregoing, there is an actual and justiciable controversy

26  within the meaning of 28 U.S.C. §§ 2201 and 2202 between counterclaim plaintiff SUI and

27  counterclaim defendant Tessera with respect to whether the '893 patent is valid, enforceable and

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 20 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

1    has been infringed by counterclaim plaintiff SUI which has resulted in alleged liability for

2    infringement thereof.

3            38.     Each claim of the '893 patent is invalid for failure to comply with *inter alia*

4    35 U.S.C. §§ 101, 102, 103 and 112.

5            39.     SUI has not infringed and is not now infringing either literally or by

6    application of the doctrine of equivalents any claim of the '893 patent.

7            40.     SUI has not and is not now inducing or contributing to the infringement of

8    any claim of the '893 patent by others either literally or by application of the doctrine of

9    equivalents.

10           41.     Accordingly, SUI requests a declaratory judgment from this Court that the

11   '893 patent is invalid, unenforceable and/or not infringed by SUI.

12                                    **PRAYER FOR RELIEF**

13           WHEREFORE, SUI respectfully prays for the following relief:

14           A.   Judgment declaring that SUI have not infringed, contributed to the

15   infringement of, or induced infringement of the '977 patent, '326 patent, '419 patent or '893

16   patent, either literally or by application of the doctrine of equivalents;

17           B.   Judgment declaring that the '977 patent, '326 patent, '419 patent and '893

18   patent are invalid;

19           C.   Judgment declaring that the '977 patent, '326 patent, '419 patent and '893

20   patents are unenforceable;

21           D.   That this case to be considered exceptional under 35 U.S.C. § 285 and that

22   Tessera be ordered to pay SUI's costs, expenses and attorneys fees in accordance with 35

23   U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

24           E.   For such other relief as the Court deems just and proper.

25   ///

26   ///

27   ///

28   ///

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 21 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW

1

## JURY DEMAND

2          SUI hereby demands trial by jury of all issues so triable.

3

4     Dated:  February 23, 2006              ROWENA YOUNG

5                                            ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                                          _____
                                                        / s /

8                                          Attorneys for Defendant and Counterclaim Plaintiff
                                                     SILICONWARE USA, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2          Pursuant to Civil Local Rule 3-16, the undersigned certifies that the following

3    listed persons, associations of persons, firms, partnerships, corporations (including parent

4    corporations) or other entities other than the parties themselves known by the party to have either

5    (i) a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii)

6    have a non-financial interest in that subject matter or in a party that could be substantially

7    affected by the outcome of this proceeding: SPIL (B.V.I) Holding Limited.

8

9    Dated:  February 23, 2006                    ROWENA YOUNG
                                                   ORRICK, HERRINGTON & SUTCLIFFE LLP
10

11

12                                          _____
                                                        / s /
13                                          Attorneys for Defendant and Counterclaim Plaintiff
                                                    SILICONWARE USA, INC.

14   DOCSSV1:448729.2

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORRICK,
HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW

- 23 -

SILICONWARE USA'S ANSWER AND COUNTERCLAIMS
CASE NO. C05-04063 CW