UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TESSERA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ADVANCED MICRO DEVICES, INC., et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No. C 05-04063 CW (EDL) <br><br> **ORDER ON DEFENDANTS' MOTION TO STRIKE TESSERA'S PATENT LOCAL RULE 3-1 INITIAL DISCLOSURE; DEFENDANTS' PRODUCTION OF DOCUMENTS; AND TESSERA'S MOTION TO SEAL** |

Defendants' Motion to Strike Tessera's Patent Local Rule 3-1 Initial Disclosure of Asserted Claims and Preliminary Infringement Contentions ("Motion") came on for hearing on June 20, 2006. The Court has considered the papers submitted in connection with the motion, and oral arguments of counsel, and for good cause shown

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion is granted in part and denied in part.

2. Plaintiff Tessera, Inc. ("Tessera") shall serve Defendants with a set of Amended Preliminary Infringement Contentions that fully comply with Patent L.R. 3-1 and 3-2 by August 4, 2006. To the extent that Tessera is unable to identify the accused products by name or model

**CASE NO. C 05-04063 CW (EDL)**

1 number, or is otherwise unable to provide the level of detail required by any subpart of Patent L.R.
2 3-1, Tessera shall supply a written declaration from a person most knowledgeable explaining the
3 basis for Tessera's inability to provide specificity.

4     3.    Defendants shall serve Tessera with their Preliminary Invalidity Contentions pursuant
5 to Patent L.R. 3-3 and 3-4(b) within twenty-five (25) days of the date of receipt of Tessera's
6 Amended Preliminary Infringement Contentions.

7     4.    Not later than ten (10) days after Defendants serve their Preliminary Invalidity
8 Contentions, the parties shall exchange their Proposed Terms and Claim Elements for Construction
9 pursuant to Patent L.R. 4-1.

10     5.    Not later than 20 days after the parties exchange their Proposed Terms and Claim
11 Elements for Construction pursuant to Patent L.R. 4-1, the parties shall exchange their Preliminary
12 Claim Constructions and Extrinsic Evidence pursuant to Patent L.R. 4-2.

13     6.    With respect to Patent L.R. 3-4(a), Defendants shall produce the following documents
14 to Tessera on the following schedule:

15     (a)    By August 4, 2006, for each product family identified by Tessera in its initial
16 set of Preliminary Infringement Contentions, Defendants shall produce: (i) manufacturing process
17 documents and materials specifications common to that particular family, as well as structural
18 documents, if any, generally applicable to the family; and; (ii) one set of design and technical
19 specification documents for one exemplary model number that meets all the requirements of Patent
20 L.R. 3-4(a) as to that model number. Each such exemplary model number shall be the highest
21 selling product, by volume, in 2005 for the relevant product family (to the extent products from that
22 product family were sold in 2005). If any Defendant contends that any such "top volume" product is
23 *not* exemplary of the other models in the product family, counsel for the Defendant shall supply
24 Tessera with a declaration from a person most knowledgeable, generally explaining the basis for
25 such contention and explaining the basis for selecting the replacement model that is as high in sales
26 volume as possible while also being exemplary of the family. If any Defendant contends that it did
27 not sell any products within a particular identified product family in 2005, it should produce instead
28 documents relating to the top volume product for the most recent financial year in which products

1  from the identified family were sold.

2        (b)    To the extent that Tessera, prior to serving Amended Preliminary Infringement Contentions, identifies to Defendants in writing additional products that it is accusing of infringement in this action, Defendants shall produce all documents required to be produced by Patent L.R. 3-4(a) for such products within forty-five (45) days of such identification by Tessera. Such identification may be made by providing (i) the Defendant's model number for the product, (ii) the model number used by a customer of the Defendant, if applicable, or (iii) any other information sufficient to notify the Defendant of the referenced product model. If Tessera identifies a product other than by providing the Defendant's model number, and the Defendant cannot despite reasonable efforts identify the product model or locate information relating to the product model, the Defendant must, within ten (10) calendar days of the identification by Tessera, provide Tessera with a declaration by a person most knowledgeable explaining in detail its efforts to identify the model or locate the documents.

      (c)    For any other products accused of infringement and identified as specifically as possible in Tessera's Amended Preliminary Infringement Contentions, Defendants shall produce all documents required to be produced by Patent L.R. 3-4(a) for such model numbers within forty-five (45) days of service of the Amended Preliminary Infringement Contentions.

7.    Not later than August 4, 2006, the AMD/Spansion Defendants shall produce all materials set forth in Patent Rule 3-4(a) as to each product identified by model number in Tessera's PICs. Notwithstanding the previous sentence, however, if the AMD/Spansion Defendants contend that a particular identified product model cannot possibly be relevant to Tessera's patent, the AMD/Spansion Defendants shall, *in lieu* of production of documents relating to that model, serve a declaration identifying the product and providing a complete explanation as to why they believe that the product is not relevant.

8.    If any Defendant determines that documents to be produced in accordance with this Order are subject to third-party confidentiality obligations that prohibit production of the documents, such Defendant, within five (5) court days, must (i) notify Tessera of the confidentiality issues, (ii) provide the name and contact information of any such third party to Tessera, and (iii) request

1 permission from any such third party to produce the documents at issue.  Within ten (10) calendar
2 days thereafter, such Defendant shall notify Tessera of the third party's response (if any).  If
3 permission is not obtained from the third party to produce the documents at issue, either party may
4 move the Court for an order compelling production by letter brief, with notice to the third party.  The
5 Court may, however, determine that a regularly briefed motion is necessary.

6      9.     Tessera's motion to file certain documents under seal is granted, except that Tessera
7 shall electronically file a copy of the Declaration of Kirk Flatow.  Tessera may redact from this
8 publicly-available version of the declaration all but the first seven paragraphs.  At the hearing, the
9 Court gave Defendants the opportunity to argue why these paragraphs should be sealed, but they
10 have failed to do so.

11      10.     Tessera's evidentiary objections are overruled.

13 DATED:  June 23, 2006

_____
UNITED STATES MAGISTRATE JUDGE
ELIZABETH D. LAPORTE