[COUNSEL OF RECORD LISTED ON
SIGNATURE PAGE]

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| TESSERA, INC., | ) | Case No. C 05-04063 CW (EDL) |
| | ) | |
| Plaintiff, | ) | **[PROPOSED] STIPULATED INTERIM** |
| | ) | **PROTECTIVE ORDER** |
| vs. | ) | |
| | ) | |
| ADVANCED MICRO DEVICES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AND RELATED COUNTERCLAIMS | ) | |
| | ) | |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREAS the parties desire to enter into an interim protective order governing the production and use of documents in this action until such time as the parties negotiate and/or the Court enters a final protective order;

WHEREAS the parties enter into this interim protective order without waiving any rights with respect to their positions as to the ultimate form and content of any final protective order to be entered into the future;

IT IS HEREBY STIPULATED THAT:

1.       PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.       DEFINITIONS

2.1     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Information or Items:  information (regardless of how generated, stored or maintained) or tangible

things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).  The following is not Confidential or Highly Confidential—Attorneys' Eyes Only Information or Items, regardless of any designation to the contrary:  (a) any information that at the time of disclosure to the receiving party is in the public domain; (b) any information that after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a violation of this Order; (c) any information that a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; or (d) any information that a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the producing party's Confidential Information.  If a Party believes any designated Confidential or Highly Confidential—Attorneys' Eyes Only Information or Items contain information that said Party will treat as not confidential for the reasons listed in this paragraph, that Party shall notify all other parties to this action in writing, identifying the documents in question by production number (where applicable) and indicating the reason the designation is inapplicable to the information in question.

2.4     "Highly Confidential Financial—Attorneys' Eyes Only" Information or Items:  extremely sensitive confidential business and financial information of a defendant, such as pricing, costs, profit margins, and business and/or financial plans, whose disclosure to another defendant or non-party would create a substantial risk of competitive injury that could not be avoided by less restrictive means.

2.5     "Confidential—Export Controlled" Information or Items: "Confidential Information or Items" which the producing party in good faith reasonably believes contain Confidential Information or Items (a) pertaining to technology developed or work done for the U.S. Government pursuant to contract, and (b) which pursuant to contract or law may not be transported outside of the United States and/or disclosed to certain foreign persons.

2.6     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential—Attorneys Eyes' Only," "Highly Confidential Financial—Attorneys' Eyes Only," or "Confidential—Export Controlled."

2.9     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential,"  "Highly Confidential—Attorneys Eyes' Only," "Highly Confidential Financial—Attorneys' Eyes Only," or "Confidential—Export Controlled."

2.10    Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action and who agree not to substantively participate in patent prosecution in technologies relating to semiconductor packaging until one year after the termination of their involvement in this action, including appeals.  Outside Counsel who are not of record in this action must sign the Acknowledgement and Agreement to Be Bound (Exhibit A) before being granted access to Confidential Information or Items.

2.11    House Counsel:  attorneys who are employees of a Party, who are not involved in patent prosecution and do not actively manage patent prosecution relating to semiconductor packaging, and who have been designated to receive Protected Material in accordance with the terms of this Protective Order.

2.12    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.13    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.14    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.15   <u>Graphics/Trial Consultants</u>:  graphics or design consultants retained by a Party or its Counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; or non-technical jury or trial consultants, including for mock juries, retained by a Party or its Counsel.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof plus testimony, conversations, or presentations by Parties or their Counsel to or in court or in other settings that might reveal Protected Material.  Nothing herein shall prevent Counsel from giving legal advice to their clients based on Protected Material, provided that the substance of such Protected Material is not disclosed to persons not authorized under this Order to receive Protected Material.

4.   <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

1          If a Party or non-party determines that information or items that it designated for

2 protection do not qualify for protection at all, or do not qualify for the level of protection initially

3 asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

4 mistaken designation.

5          5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

6 Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered,

7 material that qualifies for protection under this Order must be clearly so designated before the

8 material is disclosed or produced.

9          Designation in conformity with this Order requires:

10          (a)    <u>for information in documentary form (apart from transcripts of depositions

11 or other pretrial or trial proceedings)</u>, that the Producing Party affix the legend

12 "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY

13 CONFIDENTIAL FINANCIAL—ATTORNEYS' EYES ONLY," or "CONFIDENTIAL—

14 EXPORT CONTROLLED" on each page that contains Protected Material.

15          A Party or non-party that makes original documents or materials available for

16 inspection need not designate them for protection until after the inspecting Party has indicated

17 which material it would like copied and produced. Unless otherwise stated by the Producing

18 Party, during the inspection and before the designation, all of the material made available for

19 inspection shall be deemed "HIGHLY CONFIDENTIAL FINANCIAL—ATTORNEYS' EYES

20 ONLY." After the inspecting Party has identified the documents it wants copied and produced,

21 the Producing Party must determine which documents, or portions thereof, qualify for protection

22 under this Order, then, before producing the specified documents, the Producing Party must affix

23 the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS'

24 EYES ONLY," "HIGHLY CONFIDENTIAL FINANCIAL—ATTORNEYS' EYES ONLY," or

25 "CONFIDENTIAL—EXPORT CONTROLLED") on each page that contains Protected Material.

26          (b)    <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,

27 that the Party or non-party offering or sponsoring the testimony identify on the record, before the

28 close of the deposition, hearing, or other proceeding, all protected testimony, and further specify

any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL FINANCIAL—

ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of

testimony that is entitled to protection, and when it appears that substantial portions of the

testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

have up to 20 days from the date the transcript is received by that Party or non-party's

representative to identify the specific portions of the testimony as to which protection is sought

and to specify the level of protection being asserted ("CONFIDENTIAL," "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL

FINANCIAL—ATTORNEYS' EYES ONLY," or "CONFIDENTIAL—EXPORT

CONTROLLED). Only those portions of the testimony that are appropriately designated for

protection within the 20 days shall be covered by the provisions of this Stipulated Protective

Order.

Transcript pages containing Protected Material must be separately bound by the

court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL

FINANCIAL—ATTORNEYS' EYES ONLY," or "CONFIDENTIAL—EXPORT

CONTROLLED," as instructed by the Party or non-party offering or sponsoring the witness or

presenting the testimony.

(c)     for information produced in some form other than documentary, and for

any other tangible items, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL

FINANCIAL—ATTORNEYS' EYES ONLY," or "CONFIDENTIAL—EXPORT

CONTROLLED." If only portions of the information or item warrant protection, the Producing

Party, to the extent practicable, shall identify the protected portions, specifying whether they

qualify as "Confidential," "Highly Confidential—Attorneys' Eyes Only," Highly Confidential

Financial—Attorneys' Eyes Only," or "Confidential—Export Controlled."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL FINANCIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—EXPORT CONTROLLED" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL FINANCIAL—ATTORNEYS' EYES ONLY" or "CONFIDENTIAL—EXPORT CONTROLLED" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with Outside Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party

1   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

2   79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

3   challenge. Each such motion must be accompanied by a competent declaration that affirms that

4   the movant has complied with the meet and confer requirements imposed in the preceding

5   paragraph and that sets forth with specificity the justification for the confidentiality designation

6   that was given by the Designating Party in the meet and confer dialogue.

7          The burden of persuasion in any such challenge proceeding shall be on the

8   Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

9   material in question the level of protection to which it is entitled under the Producing Party's

10  designation.

11         7.      ACCESS TO AND USE OF PROTECTED MATERIAL

12         7.1     Basic Principles.  A Receiving Party may use Protected Material that is

13  disclosed or produced by another Party or by a non-party in connection with this case only for

14  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

15  disclosed only to the categories of persons and under the conditions described in this Order.

16  When the litigation has been terminated, a Receiving Party must comply with the provisions of

17  Section 11, below (FINAL DISPOSITION).

18         Protected Material must be stored and maintained by a Receiving Party at a

19  location and in a secure manner that ensures that access is limited to the persons authorized under

20  this Order.

21         Nothing in this Order shall be construed as limiting a Designating Party's use of its

22  own Protected Material.

23         7.2     Disclosure of "HIGHLY CONFIDENTIAL FINANCIAL—

24  ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or

25  permitted in writing by the Designating Party, a Receiving Party may disclose any information or

26  item designated "HIGHLY CONFIDENTIAL FINANCIAL—ATTORNEYS' EYES ONLY"

27  only to:

28

(a)     the Receiving Party's Outside Counsel, as well as employees of said

Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     No more than two (2) House Counsel of plaintiff (1) who have signed the

"Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A, (2) to whom

disclosure is reasonably necessary for this litigation, and (3) as to whom the procedures set forth

in paragraph 7.7 have been followed.  Additionally, House Counsel may designate one paralegal

and one clerical/stenographic employee of the particular party (or a parent entity of a party),

provided the role of the paralegal and clerical/stenographic employee shall be limited to providing

administrative support to House Counsel, and provided that such persons each complete and sign

a copy of the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A;

(c)     Experts (as defined in this Order) to whom disclosure is reasonably

necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, Professional Vendors, and Graphics/Trial

Consultants to whom disclosure is reasonably necessary for this litigation, provided that the

person receiving the disclosure has signed the "Agreement to Be Bound by Protective Order"

(Exhibit A), or that an authorized representative of such service provider has signed the

"Agreement to Be Bound by Protective Order" on behalf of the provider;

(f)     the author of the document, the original source of the information, any

persons listed as addressees or carbon copy recipients of the document, and any persons whom

other documents or testimony reasonably identify as authors or recipients of the document;

(g)     during their depositions, witnesses in the action to whom disclosure is

reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

(Exhibit A), and who are either (i) a present director, officer, and/or employee of the designating

party (for avoidance of doubt, a party that produces a third party's confidential documents that

previously were obtained by the producing party in litigation, via subpoena or other discovery, is

not the "designating party"), (ii) a former director, officer, agent, consultant and/or employee of

the designating party, and who had access to the information that is disclosed during the course of his or her association with the designating party, or (iii) a 30(b)(6) witness of the designating party. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3 <u>Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

(a) Anyone to whom such information or items could be disclosed under this order if they were designated "Highly Confidential Financial—Attorneys' Eyes Only";

(b) No more than two (2) House Counsel of a Receiving Party (1) who have signed the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A, (2) to whom disclosure is reasonably necessary for this litigation, and (3) as to whom the procedures set forth in paragraph 7.7 have been followed. Additionally, House Counsel may designate one paralegal and one clerical/stenographic employee of the particular Party (or a parent entity of a Party), provided the role of the paralegal and clerical/stenographic employee shall be limited to providing administrative support to House Counsel, and provided that such persons each complete and sign a copy of the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A.

7.4 <u>Disclosure of Third Party Materials, Or Materials Subject to Protective Orders In Other Litigation</u>.

(a) In the event that a Party reasonably believes that, due to a confidentiality obligation owed to a nonparty, it cannot produce certain information ("Restricted Information") in this action, said Party shall within seven days of discovering such obligation: (i) provide written notification to the nonparty that Restricted Information is subject to disclosure in this action, and (ii) provide the nonparty with a copy of this Order. No more than ten business days after making

1  such notification, the Party in possession of the Restricted Information shall inform the Party

2  requesting such information of the third party's response to the notification, or lack thereof.

3          (b)      Notwithstanding any other provision in this Order, documents or other

4  information, including pleadings or discovery responses, that are produced by a Party in this

5  action, but that were originally produced or prepared by an opposing party or third party in

6  another litigation, and which are designated pursuant to a Protective Order or similar Order or

7  stipulated agreement in the prior action, must be treated in accordance with the confidentiality

8  designations made by the party that originally produced or provided the materials.  For example,

9  if a document was produced by a subpoenaed party as "Outside Counsel's Eyes Only" in a prior

10  litigation, and that document is produced by a Party in this action that originally obtained the

11  document pursuant to the subpoena in the prior action, it must be treated as "Outside Counsel's

12  Eyes Only" in this action.

13          7.5      Disclosure of "CONFIDENTIAL—EXPORT CONTROLLED"

14  Information or Items.  Subject to the other restrictions in this paragraph, and unless otherwise

15  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

16  disclose any information or item designated as "Confidential—Export Controlled" only to

17  persons authorized pursuant to Sections 7.2 and 7.3 of this Order to receive information or items

18  designated as "Confidential," "Highly Confidential—Attorneys' Eyes Only," or "Highly

19  Confidential Financial—Attorneys' Eyes Only."  Additionally, information designated as

20  "CONFIDENTIAL—EXPORT CONTROLLED" may not be removed, accessed, taken or

21  allowed to be taken outside the United States, via electronic means or otherwise, and may not be

22  disclosed to:  (i) any natural person who is not a lawful permanent resident of the United States,

23  (ii) any entity that is not incorporated or organized to do business in the United States, (iii) any

24  international organization, or (iv) any foreign government.

25          7.6      Procedures for Approving Disclosure of "CONFIDENTIAL," "HIGHLY

26  CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

27  FINANCIAL—ATTORNEYS' EYES ONLY" Information or Items to Experts

28

(a)     Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL FINANCIAL—ATTORNEYS' EYES ONLY" for the first time must first make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  Alternatively, the parties may raise with the appointed Magistrate Judge,

1   and the Magistrate Judge may approve and/or Order, an alternative or expedited procedure for

2   resolving any disagreements regarding disclosure to Experts.

3            In any such proceeding the Party opposing disclosure to the Expert shall bear the

4   burden of proving that the risk of harm that the disclosure would entail (under the safeguards

5   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

6            7.7      Procedures for Approving Disclosure of "CONFIDENTIAL" or "HIGHLY

7   CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information or Items to House Counsel

8            (a)      The parties designate as House Counsel the persons listed in Exhibit B

9   hereto.

10           (b)      Unless otherwise ordered by the Court or agreed in writing by the

11  Designating Party, a Party that seeks to designate new House Counsel, or replace its existing

12  House Counsel with a new designee, must first make a written request to the Designating Party

13  that (1) sets forth the full name of the House Counsel and the city and state of his or her primary

14  residence, and (2) identifies the House Counsel's current employer(s) and job title.

15           (c)      A Party that makes a request and provides the information specified in the

16  preceding paragraph may disclose Protected Material to the identified House Counsel unless,

17  within seven court days of delivering the request, the Party receives a written objection from the

18  Designating Party. Any such objection must set forth in detail the grounds on which it is based.

19           (d)      A Party that receives a timely written objection must meet and confer with

20  the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

21  agreement. If no agreement is reached, the Party seeking to make the disclosure to the House

22  Counsel may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

23  Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

24  describe the circumstances with specificity, set forth in detail the reasons for which the disclosure

25  to the House Counsel is reasonably necessary, assess the risk of harm that the disclosure would

26  entail and suggest any additional means that might be used to reduce that risk. In addition, any

27  such motion must be accompanied by a competent declaration in which the movant describes the

28  parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.  Alternatively, the parties may raise with the appointed Magistrate Judge, and the Magistrate Judge may approve and/or Order, an alternative or expedited procedure for resolving any disagreements regarding disclosure to House Counsel.

In any such proceeding the Party opposing disclosure to the House Counsel shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the proposed House Counsel.

7.8     Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL FINANCIAL—ATTORNEYS' EYES ONLY"  Information Outside the United States

Counsel will not take, remove, or access (via electronic means or otherwise) "Confidential," "Highly Confidential—Attorneys' Eyes Only," or "Highly Confidential Financial—Attorneys' Eyes Only" material outside the United States.  Furthermore, a Receiving Party's House Counsel who are U.S. admitted attorneys—or if there is no House Counsel that has been designated under Section 7.7, above, Outside Counsel--shall assume responsibility for compliance with this protective order by the Receiving Party's foreign attorneys who had access to "Confidential" or "Highly Confidential—Attorneys' Eyes Only" material ("Foreign Attorneys").  Such House or Outside Counsel may be subject to sanctions for violation of the terms of the protective order by Foreign Attorneys.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL FINANCIAL—ATTORNEYS' EYES ONLY," or "CONFIDENTIAL—EXPORT CONTROLLED," the Receiving Party must so notify the Designating Party, in writing (by fax and/or electronic mail, if possible) immediately and in no event more than three court

1  days after receiving the subpoena or order. Such notification must include a copy of the subpoena
2  or court order.

3          The Receiving Party also must immediately inform in writing the Party who
4  caused the subpoena or order to issue in the other litigation that some or all the material covered
5  by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party
6  must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action
7  that caused the subpoena or order to issue.

8          The purpose of imposing these duties is to alert the interested parties to the
9  existence of this Protective Order and to afford the Designating Party in this case an opportunity
10  to try to protect its confidentiality interests in the court from which the subpoena or order issued.
11  The Designating Party shall bear the burdens and the expenses of seeking protection in that court
12  of its confidential material—and nothing in these provisions should be construed as authorizing or
13  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

14          9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

15          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
16  Protected Material to any person or in any circumstance not authorized under this Stipulated
17  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating
18  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected
19  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the
20  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and
21  Agreement to Be Bound" that is attached hereto as Exhibit A.

22          10.     FILING PROTECTED MATERIAL

23          Without written permission from the Designating Party or a court order secured
24  after appropriate notice to all interested persons, a Party may not file in the public record in this
25  action any Protected Material. A Party that seeks to file under seal any Protected Material must
26  comply with Civil Local Rule 79-5.  Procedures governing the use at trial of Protected
27  Information may, if necessary, be established by further Order of the Court.

28

11.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return or destroy all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.

Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: _June 29, 2006_                    _Peter Shimamoto_

4                                             Peter Shimamoto
                                             pshimamoto@irell.com
5                                             IRELL & MANELLA LLP
                                             1800 Avenue of the Stars
6                                             Suite 900
                                             Los Angeles, CA  90076-4276
7                                             Phone:  (310) 203-7107
                                             Facsimile:  (310) 203-7199
8                                             Attorneys for Plaintiff and Counterclaim
                                             Defendant TESSERA, INC.
9

10

11   DATED: _____                _____

12                                            Elaine Y. Chow
                                             echow@prestongates.com
13                                            PRESTON GATES & ELLIS LLP
                                             55 Second Street
14                                            Suite 1700
                                             San Francisco, CA  94105
15                                            Phone:  (415) 882-8200
                                             Facsimile:  (415) 882-8220
16                                            Attorneys for Defendants and Counterclaim
                                             Plaintiffs ADVANCED MICRO DEVICES,
17                                            INC.; SPANSION, INC.; SPANSION
                                             TECHNOLOGY, INC.; and
18                                            SPANSION LLC

19

20   DATED: _____                _____

21                                            Francis J. Torrence
                                             ftorrence@seyfarth.com
22                                            SEYFARTH SHAW LLP
                                             650 Mission Street
23                                            Suite 3100
                                             San Francisco, CA  94105
24                                            Phone:  (415) 397-2823
                                             Facsimile:  (415) 397-8549
25                                            Attorneys for Defendants CHIPMOS
                                             TECHNOLOGIES INC. and CHIPMOS
26                                            U.S.A., INC.

27

28

     [PROPOSED] STIPULATED PROTECTIVE ORDER          -18-
     Case No. 05-4063 CW

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED: _____

4                                              _____
                                               Peter Shimamoto
5                                              pshimamoto@irell.com
                                               IRELL & MANELLA LLP
6                                              1800 Avenue of the Stars
                                               Suite 900
7                                              Los Angeles, CA  90076-4276
                                               Phone:  (310) 203-7107
8                                              Facsimile:  (310) 203-7199
                                               Attorneys for Plaintiff and Counterclaim
9                                              Defendant TESSERA, INC.

10
                                                       *Elaine Y. Chow signature*
11   DATED:  6/30/06                           _____
                                               Elaine Y. Chow
12                                             echow@prestongates.com
                                               PRESTON GATES & ELLIS LLP
13                                             55 Second Street
                                               Suite 1700
14                                             San Francisco, CA  94105
                                               Phone:  (415) 882-8200
15                                             Facsimile:  (415) 882-8220
                                               Attorneys for Defendants and Counterclaim
16                                             Plaintiffs ADVANCED MICRO DEVICES,
                                               INC.; SPANSION, INC.; SPANSION
17                                             TECHNOLOGY, INC.; and
                                               SPANSION LLC
18

19

20   DATED: _____

21                                             _____
                                               Francis J. Torrence
22                                             ftorrence@seyfarth.com
                                               SEYFARTH SHAW LLP
23                                             650 Mission Street
                                               Suite 3100
24                                             San Francisco, CA  94105
                                               Phone:  (415) 397-2823
25                                             Facsimile:  (415) 397-8549
                                               Attorneys for Defendants CHIPMOS
26                                             TECHNOLOGIES INC. and CHIPMOS
                                               U.S.A., INC.
27

28

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3

4  DATED: _____          _____

Peter Shimamoto

5                                      pshimamoto@irell.com
IRELL & MANELLA LLP

6                                      1800 Avenue of the Stars
Suite 900

7                                      Los Angeles, CA 90076-4276
Phone: (310) 203-7107

8                                      Facsimile: (310) 203-7199
Attorneys for Plaintiff and Counterclaim

9                                      Defendant TESSERA, INC.

10

11  DATED: _____          _____

Elaine Y. Chow

12                                     echow@prestongates.com
PRESTON GATES & ELLIS LLP

13                                     55 Second Street
Suite 1700

14                                     San Francisco, CA 94105
Phone: (415) 882-8200

15                                     Facsimile: (415) 882-8220
Attorneys for Defendants and Counterclaim

16                                     Plaintiffs ADVANCED MICRO DEVICES,
INC.; SPANSION, INC.; SPANSION

17                                     TECHNOLOGY, INC.; and

18                                     SPANSION LLC

19

20  DATED: 6-29-06                     _____

Francis J. Torrence

21                                     ftorrence@seyfarth.com
SEYFARTH SHAW LLP

22                                     650 Mission Street
Suite 3100

23                                     San Francisco, CA 94105
Phone: (415) 397-2823

24                                     Facsimile: (415) 397-8549
Attorneys for Defendants CHIPMOS

25                                     TECHNOLOGIES INC. and CHIPMOS
U.S.A., INC.

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER          -18-
Case No. 05-4063 CW

1   DATED: _June 29, 2006_                    _Teague Donahey_

2                                              Teague I. Donahey
                                               tdonahey@sidley.com
3                                              SIDLEY AUSTIN LLP
                                               555 California Street
4                                              Suite 2000
                                               San Francisco, CA  94104
5                                              Phone: (415) 772-1200
                                               Facsimile: (415) 772-7400
6                                              Attorneys for Defendants
                                               STMICROELECTRONICS N.V. and
7                                              STMICROELECTRONICS, INC.

8

9

10  DATED: _____

                                               Michael Heafey
11                                             mheafey@orrick.com
                                               ORRICK, HERRINGTON &
12                                             SUTCLIFFE LLP
                                               1000 Marsh Road
13                                             Menlo Park, CA  94025
                                               Phone:  (650) 614-7645
14                                             Facsimile:  (650) 614-7401
                                               Attorneys for Defendants SILICONWARE
15                                             PRECISION INDUSTRIES CO., LTD. and
                                               SILICONWARE USA INC.
16

17

18  DATED: _____

                                               Brett E. Cooper
19                                             brett.cooper@weil.com
                                               WEIL, GOTSHAL & MANGES LLP
20                                             767 Fifth Avenue
                                               New York, NY 10153
21                                             Phone: (212) 310-8339
                                               Facsimile:  (212) 310-8007
22                                             Attorneys for Defendants ADVANCED
                                               SEMICONDUCTOR ENGINEERING,
23                                             INC.; ASE (U.S.) INC.; STATS CHIPPAC
                                               LTD.; STATS CHIPPAC, INC.; and STATS
24                                             CHIPPAC (BVI) LIMITED

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER              -19-
Case No. 05-4063 CW

1  DATED: _____

2                                          _____
   Teague I. Donahey
3  tdonahey@sidley.com
   SIDLEY AUSTIN LLP
4  555 California Street
   Suite 2000
5  San Francisco, CA 94104
   Phone: (415) 772-1200
6  Facsimile: (415) 772-7400
   Attorneys for Defendants
7  STMICROELECTRONICS N.V. and
   STMICROELECTRONICS, INC.

8

9

10 DATED: *June 29, 2006*          *Michael F. Heafey*
                                   _____
11                                 Michael F. Heafey
   mheafey@orrick.com
12 ORRICK, HERRINGTON &
   SUTCLIFFE LLP
13 1000 Marsh Road
   Menlo Park, CA 94025
14 Phone: (650) 614-7645
   Facsimile: (650) 614-7401
15 Attorneys for Defendants SILICONWARE
   PRECISION INDUSTRIES CO., LTD. and
16 SILICONWARE USA INC.

17

18 DATED: _____

19                                 _____
   Brett E. Cooper
20 brett.cooper@weil.com
   WEIL, GOTSHAL & MANGES LLP
21 767 Fifth Avenue
   New York, NY 10153
22 Phone: (212) 310-8339
   Facsimile: (212) 310-8007
23 Attorneys for Defendants ADVANCED
   SEMICONDUCTOR ENGINEERING,
24 INC.; ASE (U.S.) INC.; STATS CHIPPAC
   LTD.; STATS CHIPPAC, INC.; and STATS
25 CHIPPAC (BVI) LIMITED

26

27

28

1   DATED: _____

2                                               _____
                                                Teague I. Donahey
3                                               tdonahey@sidley.com
                                                SIDLEY AUSTIN LLP
4                                               555 California Street
                                                Suite 2000
5                                               San Francisco, CA  94104
                                                Phone:  (415) 772-1200
6                                               Facsimile:  (415) 772-7400
                                                Attorneys for Defendants
7                                               STMICROELECTRONICS N.V. and
                                                STMICROELECTRONICS, INC.
8

9

10  DATED: _____

11                                              _____
                                                Michael Heafey
12                                              mheafey@orrick.com
                                                ORRICK, HERRINGTON &
13                                              SUTCLIFFE LLP
                                                1000 Marsh Road
14                                              Menlo Park, CA  94025
                                                Phone:  (650) 614-7645
15                                              Facsimile:  (650) 614-7401
                                                Attorneys for Defendants SILICONWARE
16                                              PRECISION INDUSTRIES CO., LTD. and
                                                SILICONWARE USA INC.
17

18  DATED: _____              _____
                                                Brett E. Cooper
19                                              brett.cooper@weil.com
                                                WEIL, GOTSHAL & MANGES LLP
20                                              767 Fifth Avenue
                                                New York, NY 10153
21                                              Phone: (212) 310-8339
                                                Facsimile:  (212) 310-8007
22                                              Attorneys for Defendants ADVANCED
                                                SEMICONDUCTOR ENGINEERING,
23                                              INC.; ASE (U.S.) INC.; STATS CHIPPAC
                                                LTD.; STATS CHIPPAC, INC.; and STATS
24                                              CHIPPAC (BVI) LIMITED

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER              -19-
Case No. 05-4063 CW

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: June 30, 2006

_____
HONORABLE ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

IT IS SO ORDERED

Judge Elizabeth D. Laporte

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California, Oakland

Division, on _____ _____, 2006 in the case of *Tessera, Inc. v. Advanced Micro Devices,*

*Inc., et al.,* Case No. C 05-04063 CW.  I agree to comply with and to be bound by all the terms of

this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not use or disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____


City and State where sworn and signed: _____


Printed name _____
                                [printed name]
Signature _____
                                [signature]

EXHIBIT B

DESIGNATED HOUSE COUNSEL

**For Tessera, Inc.**

NAME:                                        TITLE:

1.

2.

**For Advanced Micro Devices, Inc.**

NAME:                                        TITLE:

1.

2.

**For Spansion Inc., Spansion Technology Inc., and Spansion LLC**

NAME:                                        TITLE:

1.

2.

**For Advanced Semiconductor Engineering Inc. and ASE (U.S.) Inc.**

NAME:                                        TITLE:

1.

2.

 **For ChipMOS Technologies, Inc. and ChipMOS U.S.A., Inc.**

NAME:                                        TITLE:

1.

22

2.


**For Siliconware Precision Industries Co., Ltd and Siliconware USA Inc.**

NAME:                                     TITLE:

1.

2.


**For STMicroelectronics N.V. and STMicroelectronics, Inc.**

NAME:                                     TITLE:

1.

2.


**For STATS ChipPAC, Inc., STATS ChipPAC Ltd., and STATS ChipPAC (BVI) Limited**

NAME:                                     TITLE:

1.

2.