IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C-05-04063 CW (EDL) |
| Plaintiff, | **ORDER RESETTING HEARING ON PLAINTIFF'S MOTION TO COMPEL AND REQUIRING FURTHER BRIEFING** |
| v. | |
| ADVANCED MICRO DEVICES, INC. et al, | |
| Defendants. | |

Plaintiff has moved to compel documents designed to identify additional allegedly infringing products manufactured by the Defendants in this action. Plaintiff argues that Defendants do not have external products lists and sell semiconductor packages that are incorporated into consumer products, like computers and cameras, and therefore cannot be readily identified without the requested discovery. Defendants contend that this discovery exceeds the limited disclosures that the Court ordered them to make pursuant to Patent Local Rule 3-4 after finding that Plaintiff's Preliminary Infringement Contentions ("PICs") were insufficiently specific. The Court ordered Defendants to serve these limited disclosures by August 4, 2006.

Plaintiff points out correctly that the Patent Local Rules do not limit the type of discovery requested. However, discovery must still meet the general relevance standards. Generally, the patent holder should know which products infringe its patent(s) before filing suit. In unusual circumstances discovery may be appropriate to refine the list of accused products, but broad fishing expeditions never are. Plaintiff seeks fairly extensive information about the "Geometric Dimensions," "Material Properties," structure, operation, manufacture and assembly of Defendants' products. While the definition of "Products" that Plaintiff uses in its discovery does incorporate

1 certain limits which appear appropriate, the Court cannot tell whether the request seeks irrelevant
2 information about products that clearly do not infringe under Plaintiff's view of its patents.  The
3 proper scope of discovery perhaps may be further clarified by the production ordered for August 4,
4 2006.

5      Accordingly, the Court orders the parties to meet and confer during the week of
6 August 7, 2006, to address (1) whether and how Plaintiff's amended PICs and the limited
7 disclosures Defendants made pursuant to this Court's June 23, 2006 Order impact Plaintiff's motion
8 to compel; (2) any good-faith objections based on burden that Defendants have to Plaintiff's
9 Requests for Production of Documents Nos. 45, 27 and 51; and (3) if appropriate, possible solutions
10 for minimizing that burden.  By 5 p.m. on August 15, 2006, Plaintiff should file a supplemental brief
11 incorporating the results of the meet and confer and setting forth the need for this additional
12 discovery in light of the documents produced by Defendants on August 4, 2006.  By 5 p.m. on
13 August 17, 2006, Defendants should file a supplemental opposition to Plaintiff's motion to compel.
14 The hearing is continued until August 29, 2006 at 9:00 a.m.

16 **IT IS SO ORDERED.**

18 Dated: July 24, 2006

                                      *Elizabeth D. Laporte*
19                                  ELIZABETH D. LAPORTE
                                 United States Magistrate Judge