UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TESSERA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ADVANCED MICRO DEVICES, INC., et al., <br><br> Defendants. <br><br>――――――――――――――――――――― <br><br> AND RELATED COUNTERCLAIMS <br><br>――――――――――――――――――――― | **CASE NO. C 05-04063 CW** <br><br> **ORDER REGARDING TESSERA'S MOTIONS TO COMPEL RE PRODUCT AND NON-PRODUCT DOCUMENTS** |

# ORDER REGARDING TESSERA'S MOTIONS TO COMPEL RE PRODUCT AND NON-PRODUCT DOCUMENTS

On August 29, 2006, the Court held a hearing regarding Plaintiff Tessera Inc.'s ("Tessera") Motion to Compel Defendants to Produce Product Documents and Tessera's Motion to Compel Defendants to Produce Non-Product Documents.  In accordance with the Court's statements at the hearing, and upon consideration of all the papers, filings and other materials submitted to the Court and the arguments of counsel, it is hereby ORDERED as follows:

**1.**      *Motion to Compel Product Documents*.

A.      Whenever the term "Your Products" is used in Tessera's discovery requests that are the subject of Tessera's motions to compel "product" and "non-product" documents, or in this Order, it shall mean:

> *All components (i.e., semiconductor packages) made, used, sold, or offered for sale in the United States, or imported into the United States, since October 7, 1999, that are packaged in a wire-bonded or lead-bonded ball grid array ("BGA") or land grid array ("LGA") package with at least one terminal or solder ball beneath the semiconductor die, having a non-ceramic package substrate, and having a ball pitch of less than or equal to 1.2 millimeters, and any system platforms, reference designs, modules or circuit boards using any of these components or designed to be used with any of these components.*

Further, in view of the voluminous briefing and lengthy oral argument related to this issue, the Court expects this definition of "Your Products" to be used in all future discovery in this case regarding Defendants' products, unless and until the parties stipulate otherwise or Tessera makes a strong showing that persuades the Court that a different definition should be used.

B.      The SPIL, ChipMOS and ST defendants[1] shall serve supplemental Rule 34 responses for, and produce documents responsive to, Tessera's Request for Production Nos. 45, 47 and 51, in accordance with this definition of "Your Products."  Such production shall be completed no later than October 5, 2006.  To the extent that Defendants, in good faith, are unable

---

[1] Spansion and AMD defendants and Tessera separately agreed regarding language for Supplemental Rule 34 responses regarding the three requests at issue on Tessera's "Products" Motion.  Consistent with the parties' agreement, Spansion/AMD served their supplemental responses to RFP Nos. 45, 47 and 51.  At the time Tessera filed the Proposed Order, Tessera had not yet completed its review of those responses.

to complete production by October 5, 2006, they shall serve a declaration on or before that date, stating with specificity the efforts they have made to meet that deadline, the reasons why they will be unable to do so, and the expected date of completion.

   C. As an exception to paragraphs (A) and (B) above, for any product satisfying the "Your Products" definition that a defendant contends cannot possibly come within Tessera's theory of infringement, that defendant, in lieu of producing responsive documents regarding that product, may instead serve a declaration identifying each product that the defendant contends cannot possibly be relevant under Tessera's view and explaining in great detail as to why the particular product cannot possibly come within Tessera's theory of infringement. Any such declaration must be provided to Tessera no later than October 5, 2006.

  **2.** ***Motion to Compel Non-Product Documents***.

   A. Not later than October 5, 2006, for each defendant that was the subject of Tessera's motion as to the particular Request listed below (as set forth in Exhibits A through F to Tessera's Reply Brief), that defendant shall produce responsive documents as follows. To the extent a defendant, in good faith, is unable to complete production by October 5, 2006, it shall serve a declaration on or before that date, stating with specificity the efforts it made to meet that deadline, the reasons why it will be unable to do so, and the expected date of completion.

    i. Request No. 85: Documents sufficient to show your patent licensing policies in the semiconductor field.

    ii. Request No. 86: All patent license agreements in the semiconductor field you have entered into in which you are the licensee. Provided however, as an exception, the ST, ChipMOS, Spansion and/or AMD defendants may limit their production to all patent license agreements in the semiconductor *packaging* field if ST, ChipMOS, Spansion and/or AMD concurrently provides a declaration setting forth (a) the number of licenses the defendant has in the semiconductor packaging field, identifying those licenses to which Tessera is a party, and (b) the number of licenses the defendant has in the semiconductor field, excluding semiconductor packaging licenses counted pursuant to subsection (a). Any such declaration must be provided by September 19, 2006.

      iii. Request No. 91: In accordance with the Court's statements at the hearing, the parties have agreed as follows:  All internal studies, methodologies, correspondence or reports relating to the valuation of patents in the semiconductor field.  To the that extent a defendant, in good faith, believes complying with this request would be unduly burdensome, it shall serve a declaration stating with specificity the efforts that it has made to comply with the request, detailing the reasons why it is unduly burdensome, and proposing a compromise (<u>e.g.</u>, limiting the request to the semiconductor packaging field).  Defendant shall serve such a declaration no later than September 22, 2006.

      iv. Request No. 101: In accordance with the parties' agreement as stated at the hearing:  Business plans, budgets and forecasts from 1999 to the present for Your Products.

      v. Request No. 92: Separately for each of Your Products, documents sufficient to show, on a monthly, quarterly and annual basis, your actual sales, costs of goods sold, gross margin, marketing and overhead costs and operating profit (or contribution), from the date of first sale through the present.  If such documents are not maintained separately by product, please produce the documents for the relevant group(s), division(s) or accounting unit(s) which include the requested information on each product.

      a) As an exception, responsive information applicable only to products identified pursuant to paragraph 1(C) above need not be included.

      b) As a further exception, in the event that a defendant contends that it would be unduly burdensome to produce particular documents responsive to this request (*e.g.*, annual vs. monthly information), that defendant shall produce the documents it agrees to produce in response to this request, and promptly meet-and-confer with Tessera as to whether additional responsive documents should be produced.

      vi. Request No. 1: In regard to Tessera's proposal for electronic searching of engineer emails:

1            a)      Pursuant to its representations at the hearing, the ChipMOS
2 defendants shall produce engineer emails responsive to Request No. 1, subject to ChipMOS's
3 review and logging for privilege issues.
4            b)      By September 22, 2006, the AMD, Spansion and ST
5 defendants shall identify by name and title all engineers that worked on the development or design
6 of "Your Products."
7            c)      The AMD, Spansion and ST defendants shall conduct email
8 searching for all engineers that have worked on the development or design of "Your Products,"
9 utilizing at least the terms set forth in Exhibit 23 to the Declaration of Peter Shimamoto, and shall
10 produce to Tessera all relevant, nonprivileged documents located during this search.
11            d)      As an exception to subparagraph (c) above, if any of these
12 defendants contends that it would be unduly burdensome to search for emails for each of the
13 engineers that worked on the development or design of "Your Products," such defendant shall
14 submit, in lieu of their document production as to the engineers for whom such a burden is
15 claimed, a declaration identifying and explaining in detail the specific burden claimed.
16 Defendants shall serve this declaration on or before September 22, 2006.
17            e)      Pursuant to their representations to Tessera during post-
18 hearing meet-and-confer discussions, the SPIL defendants shall produce either (a) all engineer
19 emails responsive to Request No. 1, subject to SPIL's review and logging for privilege issues, *or*
20 (b) all documents as ordered pursuant to subparagraphs (b)-(d) above.
21            vii.      Request Nos. 69-72: In accordance with the parties' agreement as
22 stated at the hearing:
23            a)      Request No. 69: All documents embodying, disclosing or
24 commenting substantively upon any testing or analysis of the semiconductor packaging of any of
25 Your Products, whether performed by you or by a third party, including methods, guidelines and
26 models for such testing or analysis.
27
28

1            b)      Request No. 70:  All documents embodying, disclosing or commenting substantively upon any board level simulation, thermal and electrical performance analysis, or thermomechanical analysis, whether actual or modeled, of any of Your Products.

           c)      Request No. 71:  All documents embodying, disclosing or commenting substantively upon any simulations of the semiconductor packaging of any of Your Products.

           d)      Request No. 72:  All documents embodying, disclosing or commenting substantively upon any finite element or Moiré analyses, models, studies, tests, or data for any of Your Products.

       viii.      Request Nos. 10-12:  In accordance with the parties' agreement as stated at the hearing:

           a)      Request No. 10:  Documents sufficient to identify the existence, characteristics, and locations of any document management systems or processes for handling documents relating to any of Your Products.

           b)      Request No. 11:  Documents sufficient to identify the existence, characteristics, and locations of any databases for storing data relating to any of Your Products.

           c)      Request No. 12:  Documents sufficient to identify the existence, characteristics, and locations of any databases that contain information relating to finite element, Moiré, or digital speckle analyses, or any package reliability testing or analyses, relating to any of Your Products.

       ix.      Request No. 55:  Eight samples of each of Your Products (some of which will be used for destructive testing).  Provided, however, that upon request and appropriate invoice, Tessera shall pay the producing defendant's ordinary business price for each product provided.  Defendants need not produce samples that are not in their own possession, custody or control.  If defendants contend that there are third party confidentiality or other contractual obligations preventing the production of items subject to this order that are in a defendant's possession, custody or control, that defendant must, within five Court days of this Order, seek

1  consent from the third party to permit production of the samples, with a copy of such
2  correspondence to Tessera.
3     B. Not later than September 12, 2006, each defendant shall serve supplemental
4  Rule 34 responses to the document requests set forth in Tessera's Motion to Compel, setting forth
5  their positions regarding document production as to all document categories raised in Tessera's
6  motion in light of the Court's statements and rulings at the hearing.

8   IT IS SO ORDERED.

10 Dated: September 8, 2006        *[signature: Elizabeth D. Laporte]*
                Hon. Elizabeth D. Laporte
11                 Magistrate Judge, United States District Court