UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TESSERA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ADVANCED MICRO DEVICES, INC., et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | **CASE NO. C 05-04063 CW** <br><br> [~~PROPOSED~~] **ORDER REGARDING TESSERA'S MOTIONS TO COMPEL RE (1) THIRD PARTY DOCUMENTS IN SPIL'S POSSESSION, AND (2) LOCATION OF 30(B)(6) DEPOSITIONS OF SPIL AND CHIPMOS** <br><br> **Hearing Date: October 24, 2006** <br> **Time: 3:30 p.m. (telephonic)** <br> **Ctrm: E** <br> **Judge: Hon. Elizabeth D. Laporte** |

**[PROPOSED] ORDER REGARDING TESSERA'S MOTIONS TO COMPEL**

On October 24, 2006, the Court held a telephonic hearing regarding Plaintiff Tessera Inc.'s ("Tessera") (1) Motion to Compel Siliconware Precision Industries Co., Ltd. ("SPIL") to Produce Third Party Documents, and (2) Motion to Compel the ChipMOS Defendants and SPIL to Produce 30(b)(6) Witnesses in the Northern District of California. In accordance with the Court's statements during the hearing, and upon consideration of all the papers, filings and other materials submitted to the Court and the arguments of counsel, the Court resolves the pending motions as follows:

**1.** *Motion to Compel SPIL Third Party Documents*.

WHEREAS, during the hearing, counsel for third party Shin-Etsu appeared, and the Court was informed that Shin-Etsu had agreed to permit production of documents containing Shin-Etsu confidential information to Tessera on an interim "outside counsels' eyes only" basis, and that Shin-Etsu would promptly confer in good faith with Tessera as to an appropriate designation for the documents pursuant to the Protective Order; and

WHEREAS, during the hearing, the Court was informed by counsel for SPIL that third party MGC had consented to production of documents containing MGC confidential information to Tessera, and that such documents would be produced promptly as soon as MGC informed SPIL as to the correct confidentiality designation for such documents pursuant to the Protective Order;

IT IS HEREBY ORDERED that Tessera's motion to compel third party documents in SPIL's possession is taken off calendar. Should the documents in issue not be provided in accordance with the representations of SPIL and Shin-Etsu at the hearing, or should further issues regarding their production arise, Tessera may seek further Court intervention in accordance with Paragraph 8 of this Court's June 23, 2006 Order.

**2.** *Motion to Compel 30(b)(6) Witnesses*.

IT IS HEREBY ORDERED that Tessera's Motion to Compel Production of 30(b)(6) Witnesses in the Northern District of California is Granted in Part.

IT IS FURTHER ORDERED THAT, in accordance with the Court's directives and SPIL's representations at the hearing, and the parties' subsequent agreements as to dates, SPIL

1  shall make its properly designated 30(b)(6) witness(es) regarding Tessera's First 30(b)(6) Notice
2  available for deposition in the Northern District of California on November 9-10, 2006.  Upon
3  presentment of an invoice after completion of the travel, Tessera shall reimburse SPIL the cost of
4  coach airfare for SPIL's witness(es), and the cost of reasonable hotel accommodations for the
5  witness(es).

6        IT IS FURTHER ORDERED THAT, in accordance with the Court's directives and
7  ChipMOS's representations at the hearing, ChipMOS shall make its properly designated 30(b)(6)
8  witness(es) regarding Tessera's First 30(b)(6) Notice available on November 9-10, 2006.  In the
9  event that ChipMOS designates foreign locations for its 30(b)(6) testimony, and upon presentment
10 of an invoice after completion of the travel, ChipMOS shall reimburse Tessera for 50% of the
11 reasonable costs of Tessera's travel, including hotel (Tessera anticipates lodging will be required
12 for one attorney, one court reporter, one videographer, and one translator), coach airfare (Tessera
13 anticipates that airfare will be required for one attorney, one court reporter, one videographer, and
14 one translator), and conference room rental.  Tessera agrees to use all reasonable efforts to employ
15 a fully qualified, local translator and videographer, and, if no such local translator or videographer
16 is available, Tessera agrees to use all reasonable efforts to employ the geographically closest fully
17 qualified, translator and videographer – most likely based in Hong Kong – if practicable.
18 ChipMOS shall also reimburse Tessera for four hours of attorney-billable travel time for the
19 attorney taking the deposition.

21        IT IS SO ORDERED.

23 Dated: November 9, 2006 _____

                                          Hon. Elizabeth D. Laporte
                                          Magistrate Judge, United States District Court

Respectfully submitted by:

IRELL & MANELLA LLP

_____/s/_____
David Djavaherian
Attorneys for Plaintiff and Counterdefendant
TESSERA, Inc.

Concurring as to form

ORRICK, HERRINGTON & SUTCLIFFE LLP

By _____/s/_____
HSIANG H. LIN (SBN 241472)
JLIN@ORRICK.COM
Attorneys for Defendants SILICONWARE USA INC.
and SILICONWARE PRECISION INDUSTRIES CO., LTD.

SEYFARTH SHAW LLP

By _____/s/_____
JOSEPH R. LANSER (*PRO HAC VICE*)
JLANSER@SEYFARTH.COM
Attorneys for Defendants CHIPMOS U.S.A., INC. and
CHIPMOS TECHNOLOGIES, INC.

**SIGNATURE ATTESTATION**

I hereby attest that I have on file all holograph signatures and/or written concurrences for any signature indicated by a "conformed" signature (/s/) within this efiled document.

_____/s/_____
David Djavaherian