IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>ADVANCED MICRO DEVICES, INC. et al., <br><br>　　　　Defendants.　　　　　　／<br><br>AND RELATED COUNTERCLAIMS.<br>　　　　　　　　　　　　　　　／ | No. C 05-4063 CW <br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR MODIFICATION OF THE CASE MANAGEMENT SCHEDULE, VACATING DATES IN CASE MANAGEMENT SCHEDULE AND ORDERING PARTIES TO SHOW CAUSE WHY COURT-APPOINTED EXPERT SHOULD NOT BE APPOINTED |

　　　　Plaintiff Tessera, Inc. moves to modify the case management schedule.  Defendants oppose the motion, stating that, although they would agree to an extension of discovery and other deadlines, Plaintiff's six-month extension of discovery is unwarranted.  The matter was decided on the papers.  Having considered the parties' papers and good cause appearing, the Court grants Plaintiff's motion in part and vacates the dates provided in the case management schedule.

　　　　Federal Rule of Civil Procedure 16 provides that a case management schedule can be modified upon a showing of good cause and by leave of the district judge.  The Ninth Circuit has stated

that the "'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

The Court finds good cause for modifying the case management schedule. The Court, however, will adopt neither Plaintiff's requested modification nor Defendants' proposed modification. Rather, the Court vacates the dates provided in the case management schedule. Fact discovery will remain open until at least June 1, 2007.

The parties are ordered to meet and confer concerning a proposed revised case management schedule and, if necessary, to address this matter with the special master. This proposed case management schedule should address two different scenarios: one in which the Court bifurcates liability and damages, as recommended by the special master in his March 7, 2006 order, and one in which the Court does not. The parties will submit their proposed schedules three weeks from the date of this order. If the parties, however, cannot reach agreement, Plaintiff and Defendants are ordered to submit, three weeks from the date of this order, their proposed schedules and no more than five pages of argument as to why the Court should adopt their proposed schedules.[1] Included with the proposed schedules, the parties are to provide the Court with

---

[1] Plaintiff's motion for leave to file a supplemental brief in support of its motion for modification of the case management (Docket No. 395) schedule is GRANTED.

2

commentary, no more than five pages per side, on their position concerning whether liability and damages should be bifurcated.

Within three weeks from the date of this order, the parties are also ordered to show cause why an expert witness should not be appointed by the Court to testify to the jury on the technology at issue. <u>See</u> Fed. R. Evid. 706.[2] The parties shall meet and confer concerning the individual that the Court should select as the court-appointed expert, if it determines that a court-appointed expert is suitable in this case. If the parties cannot agree on the individual, the parties shall try to agree on the process for selecting the individual and shall inform the Court of the agreed process. If the parties cannot agree on a process, the parties will provide the Court with commentary, no more than five pages per side, on why the Court should use their proposed process. The parties are also ordered to submit a proposed schedule, including when the parties would provide the court-appointed expert with information, and what information should be provided, when the court-appointed expert's report should be due and when the parties would depose the court-appointed expert.

The Court will consider the parties' proposed schedules and statements and then issue an order.

IT IS SO ORDERED.

Dated: 3/13/07

CLAUDIA WILKEN
United States District Judge

---

[2] The Court finds that the technology at issue in this case is particularly difficult for a lay jury to understand.

3