**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C 05-4063 CW |
| Plaintiff, | ORDER REFERRING CASE MANAGEMENT SCHEDULE TO |
| v. | SPECIAL MASTER JUDGE LEGGE AND |
| ADVANCED MICRO DEVICES, INC. et al., | SETTING SCHEDULE |
| Defendants. | FOR COURT APPOINTED EXPERT |
| _____/ | |
| AND RELATED COUNTERCLAIMS. | |
| _____/ | |

On March 13, 2007, the Court vacated the dates provided in the case management schedule and ordered the parties to meet and confer concerning a proposed revised case management schedule and, if necessary, to address this matter with the Special Master.  If the parties were unable to reach agreement, they were ordered to submit their proposed schedules and opinion concerning whether liability and damages should be bifurcated.

The parties agree that liability and damages should not be bifurcated, but they disagree on a proposed case management schedule.  The Court refers this matter to the Special Master.  (A

**United States District Court**
For the Northern District of California

1  tutorial on the technology at issue for the benefit of the Court

2  and court appointed expert is not necessary and need not be

3  included in the scheduling order.)  Judge Legge is to set a

4  scheduling order.  The hearing on the motions for summary judgment

5  and claim construction can be scheduled for any Thursday at

6  2:00 p.m.  The trial can be set for any Monday at 8:30 a.m., not

7  less than four months after the Markman/summary judgment hearing.

8      In the March 13, 2007 order, the Court also instructed the

9  parties to show cause why an expert witness should not be appointed

10 by the Court to testify to the jury on the technology at issue

11 pursuant to Federal Rule of Evidence 706.[1]  The Court has

12 considered the parties' papers and intends to proceed with a court

13 appointed expert. That court appointed expert will not testify to

14 the jury solely on the background of the technology at issue.

15 Rather, the expert will testify on the ultimate merits of the

16 technical issues, i.e., the substantive issues in dispute such as

17 infringement and validity.  The expert will not testify as to

18 damages.  Nor will the expert testify at the claim construction

19 hearing on disputed issues of claim construction.

20     Defendants request an additional thirty days for the parties

21 to attempt to agree on an expert.  That request is granted.  If the

22 parties are unable to agree on an expert, Plaintiff shall provide

23 Defendants with two nominees; Defendants shall provide Plaintiff

24 with four nominees.  The parties will provide the Court, no later

25 than May 29, 2007, with commentary, no more than five pages for

26

27     [1]The Court would also accept a jury waiver.

28                                  2

1 Plaintiff and ten pages for Defendants, on why the Court should

2 select one of their nominees, and not one of the opposing side's

3 nominees.

4     IT IS SO ORDERED.



5 Dated:  4/12/07

6                                              CLAUDIA WILKEN
                                               United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1   Copy mailed to:

2

3   Honorable Charles Legge (Ret.)
    JAMS
4   Two Embarcadero Center, Suite 1500
    San Francisco, CA   94111
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4