IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C 05-4063 CW |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR PRELIMINARY INVALIDITY CONTENTIONS |
| v. | |
| ADVANCED MICRO DEVICES, INC. et al., | |
| Defendants. / | |
| AND RELATED COUNTERCLAIMS. / | |

Defendants move for leave under Patent Local Rule 3-7 to amend their preliminary invalidity contentions to add nine additional prior art references. Plaintiff opposes the motion. The matter was submitted on the papers. Having considered all of the parties' papers, and good cause appearing, the Court grants Defendants' motion.

BACKGROUND

Plaintiff is the owner of the five patents at issue. On October 7, 2005, Plaintiff filed this action. Its second amended complaint accuses sixteen defendants of infringing seventy-four claims.

1    Defendants state that, from the beginning of this dispute,
2 they have searched diligently for prior art relevant to the patents
3 at issue.  As an example of their diligence, Defendants note that,
4 in January, 2006, two of the Defendants hired an independent search
5 firm to search for prior art.  Nonetheless, Defendants did not
6 locate seven of the nine prior art references currently at issue
7 until after they served their preliminary invalidity contentions,
8 containing 180 references, in August, 2006.  Defendants acknowledge
9 that they were aware of the two remaining references prior to
10 filing their invalidity contentions because they were among the
11 approximately 300 references cited during the prosecution of the
12 five patents; but they contend that the materiality of those two
13 references only became apparent after their invalidity contentions
14 were filed.

15    In February, 2007, Defendants notified Plaintiff of their
16 intent to seek leave to amend their contentions.  One month later,
17 approximately eight months after Defendants served their
18 preliminary invalidity contentions, they provided their amended
19 contentions to Plaintiff and requested its consent to their motion
20 for leave to amend.  Plaintiff did not consent and, on March 29,
21 2007, Defendants sought leave to amend their invalidity contentions
22 to add nine additional prior art references.  They contend that
23 amendment of their contentions is largely a formality. According
24 to Defendants, a majority of the proposed changes conform the
25 invalidity contentions in this case to those served on Plaintiff in
26 a related arbitration by Plaintiff against Amkor Technology,
27 involving the same patents.  The Amkor Arbitration is on a schedule

2

ahead of this case.

## DISCUSSION

This district has adopted the Patent Local Rules that "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." O2 Micro Int'l, Ltd. v. Monolithic Power Systems, Inc., 467 F.3d 1355, 1359 (Fed. Cir. 2006); see also id. at 1364 (noting that the Patent Local Rules were "designed specifically to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the 'shifting sands' approach to claim construction'") (quoting Atmel Corp. v. Info. Storage Devices, Inc., 1998 WL 775115, at *2 (N.D. Cal.)).  Under the Patent Local Rules, the parties' ability to amend their infringement and invalidity contentions is restricted.  As explained by the Federal Circuit, "Apart from amendments designed to take account of the district court's claim construction, amendments are permitted only for 'good cause' even though the period allowed for discovery typically will not have expired." O2 Micro, 467 F.3d at 1360.  Good cause requires a showing of diligence; the burden is on the party seeking to amend its contentions "to establish diligence rather than on the opposing party to establish a lack of diligence."  Id. at 1366-67.

Nonetheless, "preliminary infringement contentions are still preliminary." General Atomics v. Axis-Shield ASA, 2006 WL 2329464, *1 (N.D. Cal.).  The local contention rule "is not a straitjacket into which litigants are locked from the moment their contentions are served"; rather, there is "a modest degree of flexibility, at least near the outset." Comcast Cable Communications Corp. v.

3

1  Finisar Corp., 2007 WL 716131, *2 (N.D. Cal.).

2     This case is not near the outset. But, as Defendants note, the
3  cases Plaintiff cites where good cause was not found "were much
4  further developed than this case at the time" their respective
5  motions to amend were filed. See General Atomics, 2006 WL 2329464,
6  at *2. For example, in Atmel, the defendants sought to amend their
7  contentions after claim construction had been completed and "well
8  over one year after preliminary infringement contentions were
9  served." Id. Here, Defendants seek to amend their invalidity
10 contentions well in advice of the deadline for any expert reports
11 that may be effected and briefing on claim construction.

12    Defendants show that they were diligent in seeking to amend
13 their preliminary contentions. Allowing them to amend their
14 contentions at this point in the litigation will promote the fair
15 resolution of this cause without causing any prejudice to Plaintiff.
16 Therefore, the Court finds that Defendants have established good
17 cause to amend their preliminary contentions.

                              CONCLUSION

19    Good cause appearing, Defendants' motion for leave to amend
20 their preliminary invalidity contentions (Docket No. 418) is
21 GRANTED.

22    IT IS SO ORDERED.

23 Dated: 4/30/07

                                     _____
                                     CLAUDIA WILKEN
                                     United States District Judge

4