IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,

    Plaintiff,

  v.

ADVANCED MICRO DEVICES, INC., et al.,

    Defendants.
_____/

AND RELATED COUNTERCLAIMS.
_____/

No. C 05-4063 CW

ORDER DENYING THE ST DEFENDANTS' MOTION FOR A PRELIMINARY INJUNCTION

    Defendants STMicroelectronics, Inc. (ST-Inc.) and STMicroelectronics, N.V. (ST-NV) (collectively, the ST Defendants) move for a preliminary injunction prohibiting Plaintiff Tessera, Inc. from further participating in the International Trade Commission (ITC) proceedings currently underway against ST-NV. Plaintiff opposes the ST Defendants' motion. The matter was heard on January 24, 2008. Having considered oral argument and all of the materials submitted by the parties, the Court denies the ST Defendants' motion.

BACKGROUND

I. Tessera's Infringement Claims and the ST Defendants' License Defense

Tessera is an American corporation that develops and patents semiconductor packaging products. The ST Defendants manufacture and sell semiconductor chips that allegedly utilize packaging technology patented by Tessera. ST-NV is a Dutch corporation with its principal place of business in Switzerland. ST-Inc. is a wholly-owned American subsidiary of ST-NV.

In 1998, Tessera entered into a license agreement with SGS-Thompson Microelectronics, Inc., the predecessor in interest to ST-Inc. The agreement gives ST-Inc. the right to use certain technologies covered by Tessera's patents. It contains a governing law provision that reads in part:

> Both parties shall use their best efforts to resolve by mutual agreement any disputes, controversies, claims or difference [sic] which may arise from, under, out of or in connection with this Agreement. If such disputes, controversies, claims or differences cannot be settled between the parties, any litigation between the parties relating to this Agreement shall take place in San Jose, California (if initiated by Tessera) or San Diego, California (if initiated by Licensee). The parties hereby consent to personal jurisdiction and venue in the state and federal courts of California.

Burke Decl. Ex. B at 14.

Tessera brought this lawsuit in 2005. The second amended complaint charges the ST Defendants, as well as other Defendants, with infringing Tessera's patents. It also charges ST-Inc. with breaching its license agreement by failing to pay royalties due to

2

Tessera.[1]

In April, 2007, Tessera filed a complaint in the ITC against, among others, ST-NV. The ITC complaint did not name ST-Inc. as a Respondent. The ITC complaint accuses the respondents of "importing, selling for importation, and/or selling after importation infringing small format laminate BGA packages and/or products containing such packages." Young Decl. Ex. 12 at 1. With respect to ST-NV, the ITC complaint is not clear on the precise scope of the alleged infringement. However, it does specify that the ST M36L0R8060 chip assembly is representative of ST-NV's infringement. The complaint alleges that ST-NV sells this chip overseas, where it is incorporated into Motorola's SLVR phone. This phone is manufactured in China and then shipped to the United States for sale.

In November, 2007, ST-NV filed a motion for summary determination in the ITC. The motion seeks dismissal of Tessera's claims because ST-NV "only sells products within the United States after these products are first sold unconditionally to ST-NV by Tessera's admitted licensee, ST-Inc." Young Decl. Ex. 20 at 1. Because ST-NV invokes a license defense in connection with these

---

[1] According to the ST Defendants, the complaint alleges that ST-NV is a party to, and thereby breached, the license agreement. This is false. The complaint alleges breach by the "STM Licensees," which are defined as "SGS-Thompson Microelectronics, Inc., STMicroelectronics, Inc., and any permitted successors, assigns or affiliates to which rights under the STM License extended." While this language could potentially include ST-NV, Tessera has taken the position that ST-NV is not a party to the agreement. Because the ST Defendants agree that ST-NV is not a party to the agreement, there is no basis for the Court to grant their request that Tessera be estopped from taking this position.

3

products, it asserts that claims involving them must be litigated in California. This is the same argument that the ST Defendants make in the present motion, which they filed in December, 2007.

Tessera agrees that, insofar as ST-NV purchases the accused products from ST-Inc., if the ST Defendants argue that the products are licensed, litigation over the matter must take place in California. This is true even though Tessera may disagree that the products are licensed. However, Tessera claims that only a small portion of ST-NV's worldwide sales of the accused products involves products that are purchased from ST-Inc. and shipped directly to the United States for sale by ST-NV. ST-NV allegedly sells a much greater number of the accused products overseas. As with the representative ST M36L0R8060 chip, ST-NV's customers then ship articles incorporating these accused products to the United States for sale. The ST Defendants apparently do not dispute that ST-NV does not purchase from ST-Inc. those accused products that it sells overseas.

According to Tessera, it has been unable to determine the extent of ST-NV's overseas sales because ST-NV has stymied Tessera's attempts to obtain discovery on this matter in the ITC proceedings. Specifically, Tessera states that ST-NV has refused to identify any more than certain sales of forty-seven products. The products involved in these sales were all purchased from ST-Inc. prior to being sold by ST-NV, and thus are subject to the license defense.

The ITC Investigative Staff has issued a response to ST-NV's

motion for summary determination. In this response, the staff recommends to the ALJ that the motion be denied. The staff argues that: 1) it is undisputed that ST-NV is not a party to the license agreement, and therefore it may not rely on the agreement's forum selection clause; 2) ST-NV has failed to establish that each of the accused products sold in the United States was first sold to it by ST-Inc.; and 3) Tessera has shown that at least some of ST-NV's accused chip packages sold abroad to companies such as Motorola and Hewlett-Packard were not first sold by ST-Inc.

II. Prior Proceedings in This Action

After the ITC proceedings were initiated, the ST Defendants, joined by Defendants AMD and Spansion, moved the Court for a stay of this entire action pending a final decision in the ITC proceedings. After initially opposing the motion, Tessera withdrew its opposition and consented to a stay. Its consent was based on 28 U.S.C. § 1659, which mandates that a district court stay ongoing patent infringement proceedings when parallel proceedings have been brought before the ITC.

After the ITC proceedings had been underway for several months, another group of Defendants (the ASP Defendants), which had not been named as parties in the ITC proceedings, moved for a preliminary injunction prohibiting Tessera from initiating an ITC action against them. They based their motion on their license agreement with Tessera, which contains a forum selection clause similar to the one here. The Court granted the ASP Defendants' motion in part, but only to the extent that Tessera intended to

1  pursue products as to which the ASP Defendants intended to invoke a
2  license defense.  Products that indisputably were not licensed were
3  not subject to the license agreement's forum selection clause, and
4  thus Tessera was permitted to pursue relief with respect to these
5  products outside of California.  See Docket No. 570.

## LEGAL STANDARD

A party seeking a preliminary injunction must establish: (1) a reasonable likelihood of success on the merits; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) a public interest favoring the injunction. Sanofi-Synthelabo v. Apotex, Inc., 470 F.3d 1368, 1374 (Fed. Cir. 2006).  These factors can be established by demonstrating either "(1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor." Mikohn Gaming Corp. v. Acres Gaming, Inc., 165 F.3d 891, 895 (Fed. Cir. 1998) (citing Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374-75 (9th Cir. 1985)). "These are not two distinct tests, but the poles of a 'continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.'" Id. (quoting Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

## DISCUSSION

The ST Defendants have not established a likelihood of success on the merits or the possibility of irreparable injury because they

6

have not shown that Tessera is pursuing or intends to pursue an ITC claim against them over products that are arguably licensed. The dispute in the ITC proceedings is not over whether a particular product falls within the scope of the license agreement. This type of dispute would be subject to the forum selection clause. See Texas Instruments v. Tessera, Inc., 231 F.3d 1325, 1331 (Fed. Cir. 2000). Instead, the ITC proceedings against ST-NV involve two distinct groups of products: those purchased from ST-Inc., and those not purchased from ST-Inc. The ST Defendants claim that the products in the first group are licensed. Tessera concedes that whether this license defense is valid is a question that must be litigated in California. The ST Defendants do not, however, claim that the products in the second group are licensed. With respect to these products, there is no dispute over "license related issues such as the amount of royalty due, term of agreement, and cross-licensing." Id. The only questions are whether these indisputably unlicensed products are imported into the United States and infringe Tessera's patents. Tessera is free to litigate this issue in the ITC.

Tessera has represented to the Court that it is not pursuing an ITC action against products sold to ST-NV by ST-Inc., and the ST Defendants have not come forward with any evidence to the contrary. While the ST Defendants argue that the sales disclosed thus far in the ITC proceedings all involve products purchased from ST-Inc., this fact is attributable to ST-NV's refusal to provide discovery about its overseas sales, which do not involve products purchased

7

from ST-Inc. The ITC staff has confirmed Tessera's view, stating that at least some of the products already identified were sold abroad and not first purchased from ST-Inc. ST-NV is attempting to invoke the forum selection clause to avoid providing relevant discovery in the ITC proceedings about its unlicensed products. It cannot do this because the ITC discovery dispute is not related to licensing issues. Contrary to the ST Defendants' characterization of the ITC proceedings, ST-NV is not being forced to litigate the merits of its license defense in that forum. Accordingly, there is no basis for the Court to issue a preliminary injunction.

The ST Defendants also argue for the first time in their reply brief that any remedy the ITC issues would be directed at products, not parties, and thus would exclude the importation even of licensed products that ST-NV purchases from ST-Inc. However, the ST Defendants do not provide any support for this argument. Moreover, Tessera has pointed to a representative ITC remedial order that excludes only unlicensed products. In that order, the ITC found that "the appropriate form of relief is a limited exclusion order prohibiting the <u>unlicensed</u> entry of infringing chips and chipsets." See Limited Exclusion Order, <u>Matter of Certain Baseband Processor Chips and Chipsets</u>, Int'l Trade Comm. Inv. No. 337-TA-543, at 1 (June 7, 2007). Tessera has represented that it does not seek to ban the importation of licensed products. If Tessera does seek to ban licensed products, the ST Defendants may move again for relief. Thus, the ST Defendants' concerns are misplaced.

8

CONCLUSION

For the foregoing reasons, the Court DENIES the ST Defendants' motion for a preliminary injunction (Docket No. 595).

IT IS SO ORDERED.


Dated: 1/28/08

CLAUDIA WILKEN
United States District Judge