IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,

      Plaintiff,

  v.

ADVANCED MICRO DEVICES, INC., et al.,

      Defendants.
_____/

AND RELATED COUNTERCLAIMS.
_____/

No. C 05-4063 CW

ORDER DENYING SILICONWARE'S AND CHIPMOS'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

    Defendants Siliconware Precision Industries Co., Ltd. and Siliconware USA, Inc. (together, Siliconware) move for a temporary restraining order and preliminary injunction prohibiting Plaintiff Tessera, Inc. from pursuing outside of California certain claims against Siliconware's customers. Separately, Defendants ChipMOS Technologies, Inc. and ChipMOS USA, Inc. (together, ChipMOS) move for a temporary restraining order and preliminary injunction similarly prohibiting Tessera from pursuing outside of California certain claims against ChipMOS's customers. Tessera opposes these

motions. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies the motions.[1]

BACKGROUND

Tessera develops and patents semiconductor packaging products. Siliconware and ChipMOS are assembly service providers (ASPs); they provide integrated circuit packaging services that allegedly utilize Tessera's technology. In 1998 and 1999, Tessera entered into license agreements with Siliconware and ChipMOS, giving each of them the right to use certain technologies covered by Tessera's patents. The agreements contain an identically worded governing law provision that reads in part:

> Both parties shall use reasonable efforts to resolve by mutual agreement any disputes, controversies, claims or differences which may arise from, under, out of or in connection with this Agreement. If such disputes, controversies, claims or differences cannot be settled between the parties, any litigation between the parties relating to this Agreement shall take place in San Jose, California. The parties hereby consent to personal jurisdiction and venue in the state and federal courts of California.

Trinh Dec. Ex. 2 at 13.

Plaintiff brought this lawsuit in 2005. The second amended complaint charges Siliconware and ChipMOS with both breaching their license agreements and infringing Tessera's patents without a license. In April, 2007, Plaintiff filed a complaint in the International Trade Commission (ITC) against, among others,

---

[1] Because Tessera was given the opportunity to oppose the motions and Siliconware and ChipMOS were given the opportunity to submit a reply, the Court rules on the motions for a preliminary injunction as well as the motions for a temporary restraining order.

2

Defendants AMD, Spansion and STMicroelectronics. The ITC complaint did not name Siliconware, ChipMOS or any of the other ASP Defendants as respondents. The parties signed a stipulation agreeing to a stay of this action in its entirety pending a final decision in the ITC proceedings.

After the ITC proceedings had been underway for several months, Siliconware and ChipMOS joined the other ASP Defendants in moving for a preliminary injunction prohibiting Tessera from initiating an ITC action against them or in any other way seeking relief against them outside of California. The ASP Defendants based their motion on their license agreements with Tessera, all of which contain a forum selection clause similar to the one in the Siliconware and ChipMOS agreements. The Court granted the ASP Defendants' motion in part, but only to the extent that Tessera planned to pursue products as to which the ASP Defendants intended to invoke a license defense. Products that the parties agreed were not licensed were not subject to the license agreements' forum selection clause, and thus Tessera was permitted to pursue relief with respect to those products outside of California. See Docket No. 570.

The preliminary injunction, which remains in effect, requires Tessera to provide the ASP Defendants with a copy of any proposed complaint against them prior to filing it in the ITC or any court outside of California. The ASP Defendants have ten days after service of the proposed complaint to announce their position on whether the accused products are covered by their license agreements with Tessera. If they do not assert that the proposed

accused products are licensed, Tessera may proceed with its action.

In December, 2007, Tessera filed a new complaint in the ITC against eighteen respondents, charging them with infringing Tessera's patents. Tessera also filed a federal lawsuit in the Eastern District of Texas against the same eighteen companies based on the same alleged infringement. Although none of these parties is a Defendant in this lawsuit, Siliconware claims that "at least two" of them are its customers and ChipMOS claims that "at least one" of them is its customer.[2]

The complaints in the ITC and the Eastern District of Texas are not clear on the precise scope of the alleged infringement. However, the ITC complaint identifies a number of chips employing Tessera's laminate-based packaging technology as representative of the accused products.[3] Tessera points out that its limited license agreements with Siliconware and ChipMOS give these companies the right to use Tessera's tape-based packaging technology only. See Trinh Dec. Ex. 2 at 3. The parties appear to acknowledge that tape-based packaging and laminate-based packaging are, in all respects relevant to this motion, mutually exclusive of each other. Tessera has offered to stipulate that "it will not, outside of California, assert infringement or seek any type of remedy" against Siliconware, ChipMOS or their customers "based on tape-based package substrate packages," and that "laminate-based package

---

[2] Siliconware and ChipMOS consider the details of their relationships with, and in some cases the identities of, their customers to be confidential.

[3] The Texas complaint does not specify any representative accused products.

4

substrate . . . products are not covered" by the parties' license agreements. Brown Dec. of 1/25/08 Ex. 5; Brown Dec. of 1/30/08 Ex. 3. Although Siliconware and ChipMOS rejected Tessera's proposed stipulation because they believed it would not prevent Tessera from pursuing its breach of contract claims in this district,[4] they each offered to stipulate that "laminate-based package substrates . . . are not 'flexible film circuit starting material.'" Trinh Reply Dec. Ex. 4; Brown Dec. of 1/30/08 Ex. 4. The license agreements define the term, "Tape" as "any flexible film circuit starting material that may be made under certain of the Tessera Patents." Trinh Dec. Ex. 2 at 1.

Regardless of whether certain laminate-based products may conceivably fall within the scope of the license agreements, neither Siliconware nor ChipMOS claims that any of the accused products in the new ITC investigation or the Texas action are licensed. In addition, the ITC complaint states, "To the extent that any Accused Product is found to be properly licensed (through the Limited Tape Licenses or otherwise) under Tessera's patents,

---

[4] Siliconware and ChipMOS express concern that laminate-based packages "remain the subject of Tessera's breach of contract claims" in the action in this district. However, because Tessera has succeeded in defeating the present motion by representing that it is not pursuing claims in the ITC or the Eastern District of Texas based on licensed products, it will be estopped from later pursuing in the action before this Court a claim for breach of the license agreement based on the products accused in those proceedings. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.") (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)).

5

Tessera does not intend to bring -- nor should Tessera be construed to have brought -- any such Accused Product(s) within the scope of the present Investigation."  Trinh Dec. Ex. 3 ¶ 9.[5]

LEGAL STANDARD

A party seeking a preliminary injunction must establish: (1) a reasonable likelihood of success on the merits; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) a public interest favoring the injunction.  Sanofi-Synthelabo v. Apotex, Inc., 470 F.3d 1368, 1374 (Fed. Cir. 2006).  These factors can be established by demonstrating either "(1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor."  Mikohn Gaming Corp. v. Acres Gaming, Inc., 165 F.3d 891, 895 (Fed. Cir. 1998) (citing Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374-75 (9th Cir. 1985)). "These are not two distinct tests, but the poles of a 'continuum in which the required showing of harm varies inversely with the required showing of meritoriousness.'"  Id. (quoting Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

DISCUSSION

Neither Siliconware nor ChipMOS has established a likelihood

---

[5] The Court notes that an accused product need not be "found to be properly licensed" in order for an infringement claim based on that product to fall within the scope of the license agreement's forum selection clause.  There must merely be a claim that the product is properly licensed.

of success on the merits or the possibility of irreparable injury because they have not shown that Tessera is pursuing or intends to pursue an action outside of California against their customers based on products that are arguably licensed.  No dispute has arisen in the ITC proceedings or the Texas action over whether a particular product falls within the scope of the license agreement.  This type of dispute would be subject to the forum selection clause.  See Texas Instruments v. Tessera, Inc., 231 F.3d 1325, 1331 (Fed. Cir. 2000).  To the contrary, there is currently no indication that those proceedings involve tape-based products that might fall within the scope of the license agreement, nor has Siliconware or ChipMOS taken the position that any of the products accused in those proceedings are licensed.  If they were to take such a position, Tessera concedes that the validity of the license defense is an issue that must be litigated in California.

It is possible that, at some future time, Tessera may seek to pursue in the ITC proceedings or the Texas action an infringement claim based on a product that Siliconware, ChipMOS or their customers intends to claim is licensed.  In that event, the asserted licensee would be able to obtain the relief now sought.  However, the mere possibility that customers of Siliconware or ChipMOS may raise a license defense in connection with some future hypothetical claim amounts to mere speculation that Siliconware or ChipMOS stands to suffer irreparable harm if the present motions are not granted.  Accordingly, there is no basis for the Court to issue a preliminary injunction at this time.

Nor is there a need for the Court to establish a procedure

similar to the one the Court adopted when it granted the ASP Defendants' earlier motion for a preliminary injunction. At the time that motion was decided, the evidence suggested that Tessera was preparing to initiate a new ITC investigation against the ASP Defendants, and it was not clear whether that investigation would involve products as to which the ASP Defendants intended to claim a license defense. With respect to the present motion, Tessera has already initiated proceedings against customers of Siliconware and ChipMOS, and no party argues that the accused products fall within the scope of the license agreements. Preventing Tessera from going forward in those proceedings would serve no purpose.[6]

Moreover, even if a preliminary injunction were justified, the pre-litigation notice procedure Siliconware and ChipMOS request would be inappropriate for two reasons. First, because Tessera has already initiated the ITC and Texas actions, pre-litigation notice is no longer possible. Second, because Siliconware and ChipMOS consider the identities of their customers to be confidential, Tessera would have no way of knowing whether a proposed defendant in a future action is a customer of theirs. Nor would it be practicable to require Tessera to obtain confirmation from Siliconware and ChipMOS as to this fact prior to initiating future litigation.

## CONCLUSION

For the foregoing reasons, the Court DENIES the motions for a

---

[6] The Court expresses no opinion as to the merit of any motion the defendants in the Texas action may make to transfer that case to this Court.

8

temporary restraining order and for a preliminary injunction filed by Siliconware (Docket Nos. 638 and 687) and ChipMOS (Docket No. 653).

IT IS SO ORDERED.

Dated: 2/12/08

CLAUDIA WILKEN
United States District Judge

9