IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,

    Plaintiff,

    v.

ADVANCED MICRO DEVICES, INC. et al.,

    Defendants.
_____/

AND RELATED COUNTERCLAIMS.
_____/

No. C 05-4063 CW

ORDER GRANTING TESSERA'S MOTION FOR A RULING THAT IT HAS COMPLIED WITH THE COURT'S ORDER OF NOVEMBER 1, 2007

    Tessera moves for a ruling that it has complied with the Court's November 1, 2007 preliminary injunction. Defendants STATS ChipPAC Ltd., STATS ChipPAC (BVI) Limited, STATS ChipPAC, Inc., Advanced Semiconductor Engineering, Inc., ASE (U.S.) Inc., ChipMOS Technologies, Inc. and ChipMOS, U.S.A., Inc. oppose Tessera's motion. The matter was submitted on the papers. Having considered all of the papers submitted by the parties, the Court grants Tessera's motion.

    The Court's previous orders on various Defendants' motions for preliminary injunctions discuss the facts and legal issues relevant to the present motion. See Docket Nos. 570, 686, 742. The Court's order of November 1, 2007 provided:

    Before filing any complaint against the ASP Defendants,

> Plaintiff must give them notice of its proposed action, accompanied by a copy of the proposed complaint. The notice must identify the accused products and demonstrate that they do not fall within the scope of Plaintiff's license agreements with the ASP Defendants. The ASP Defendants may respond to the notice within ten days. If they take the position that the products are covered by their licenses, Plaintiff may not bring its proposed action. If they do not, Plaintiff will be permitted to proceed with its action.

Docket No. 570 at 13-14.

Tessera has now provided the moving Defendants with a proposed ITC complaint naming them as respondents. The complaint identifies only laminate-based chip packages as representative of the accused products, whereas the relevant license agreements cover only tape-based packages. The complaint also explicitly refers to the license agreements and the Court's preliminary injunction, representing that Tessera is not pursuing claims based on tape-based products or products otherwise within the licensed field of use. Brown Dec. Ex. B ¶¶ 17-27. In a letter to ChipMOS, Tessera also offered to stipulate that "laminate-based package substrate . . . products are not covered by the license agreement." Id. Ex. I.

The moving Defendants have not taken the position that any of the representative accused products in the ITC complaint are covered by their licenses. But they maintain that Tessera will not have complied with the Court's order if it files its ITC complaint without first signing a stipulation agreeing that "laminate-based package substrate . . . products do not give rise to any cause of action against any of the ChipMOS defendants or their customers for breach of contract in connection with the License Agreement" Id.

2

Ex. L.

The Court's preliminary injunction does not require Tessera to sign such a stipulation. In order for Tessera to be precluded from pursuing an infringement claim in the ITC, there must be an actual dispute over whether particular sales of the accused products fall within the scope of the license agreement. The forum selection clause simply does not bind the parties vis-a-vis infringement claims based on products or sales that nobody argues are subject to the terms of the license agreement.

For these reasons, Tessera's motion (Docket No. 712) is GRANTED. Tessera may proceed with its proposed ITC action against the moving Defendants.

IT IS SO ORDERED.

Dated: 2/19/08 

CLAUDIA WILKEN
United States District Judge