IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,

    Plaintiff,

  v.

ADVANCED MICRO DEVICES, INC., et al.,

    Defendants.
    /

AND RELATED COUNTERCLAIMS.
    /

No. C 05-4063 CW

ORDER DENYING THE ST DEFENDANTS' MOTION FOR A PRELIMINARY INJUNCTION

    Defendants STMicroelectronics, Inc. (ST-Inc.) and STMicroelectronics, N.V. (ST-NV) (collectively, the ST Defendants) move for a second time for a preliminary injunction prohibiting Plaintiff Tessera, Inc. from further participating in the International Trade Commission (ITC) proceedings currently underway against ST-NV. Tessera opposes the ST Defendants' motion. The matter was taken under submission on the papers.

    In an order dated January 28, 2008 (Docket No. 686), the Court denied the ST Defendants' first motion for a preliminary

injunction, which sought the same relief the present motion seeks. That order addressed all of the arguments the ST Defendants now make, and there are no new facts to warrant the ST Defendants' filing a second motion on the same matter. The ST Defendants point to only one recent development: the report of Tessera's expert, which was served after the ST Defendants had filed their reply brief in support of their first motion. However, the ST Defendants brought the report to the Court's attention during oral argument on that motion. At the hearing, the Court rejected the same arguments the ST Defendants advance now.

To reiterate, it is irrelevant that the expert report contains an infringement analysis of products that in some instances are sold by ST-Inc. and thus may be subject to a license defense. In other instances, those same products are sold by ST-NV without first being purchased from ST-Inc. The ST Defendants do not argue that these sales are subject to a license defense. Thus, the question is not whether a particular product infringes Tessera's patents, it is whether a particular sale of that product constitutes infringement.

The expert report does not contradict Tessera's representation that it is not pursuing claims in the ITC against sales which the ST Defendants claim are licensed. Nor have the ST Defendants shown that Tessera seeks an exclusion order in the ITC that would apply to licensed products. To the contrary, Tessera's submissions in the ITC reveal that it is seeking an exclusion order that would apply only to unlicensed products. See Bishop Dec. Ex. 1 at 370, 373, 378-79, 386.

For these reasons, the ST Defendants' motion (Docket No. 725) is DENIED.

IT IS SO ORDERED.

Dated: 2/21/08

CLAUDIA WILKEN
United States District Judge