MICHAEL F. HEAFEY (STATE BAR NO. 153499)
mheafey@orrick.com
BAS DE BLANK (STATE BAR NO. 191487)
basdeblank@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:    +1-650-614-7400
Facsimile:    +1-650-614-7401

Attorneys for Defendants
SILICONWARE PRECISION INDUSTRIES CO., LTD. AND
SILICONWARE U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TESSERA, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADVANCED MICRO DEVICES, *et al.*,<br><br>　　　　　Defendants. | Case No.  C05-04063 CW<br><br>**SILICONWARE PRECISION INDUSTRIES CO., LTD. AND SILICONWARE USA, INC.'S MOTION FOR LEAVE TO SERVE SUBPOENA *DUCES TECUM* ON CAE ASSOCIATES, INC.**<br><br>Date:<br>Time:<br>Judge:   The Honorable Claudia Wilken |

**MOTION FOR LEAVE TO SERVE SUBPOENA DUCES TECUM**

Defendants Siliconware Precision Industries Co., Ltd. and Siliconware U.S.A., Inc. (collectively, "SPIL"), respectfully seek leave from this Court to serve a subpoena *duces tecum* ("Subpoena") on Computer Aided Engineering Associates, Inc., dba CAE Associates, Inc. ("CAE"). Because this action is presently stayed, SPIL is not requesting that CAE produce documents in response to the subpoena at this time. Instead, the subpoena is merely to ensure that CAE preserves relevant, responsive, non-privilege documents until the stay is lifted.

Documents in CAE's possession are highly relevant to the claims in the pending lawsuit because plaintiff Tessera, Inc. ("Tessera") and its experts have relied on CAE for the basis of Tessera's infringement allegations. Indeed, Tessera has already produced documents in this case that show that in previous litigation CAE has provided an infringement analysis for the Tessera patents. Thus, material in CAE's possession, custody, or control may be directly relevant to Tessera's infringement allegations, proposed claim construction, and even the validity of the asserted claims.

To ensure that these materials are preserved until the stay is lifted and discovery proceeds, SPIL served a subpoena on CAE. At the time it served the subpoena, SPIL made clear in writing that CAE need not produce documents until the after the stay is lifted.

CAE has filed a motion to quash the subpoena in the United States District Court for the District of Connecticut. In that motion, CAE has made clear that it intends to destroy the non-privileged documents highly relevant to this action. The basis of CAE's motion is CAE's belief that this Court must lift the stay in order for the subpoena to be effective.

SPIL strongly disagrees that it is necessary to lift the stay for the limited purpose of serving a subpoena intended merely to preserve documents. Indeed, given this litigation and its close relationship to Tessera, CAE should preserve relevant documents in its possession, custody, or control even without a subpoena. Thus, SPIL has filed an opposition to CAE's motion to quash before the United States District Court for the District of Connecticut.

While not required, in a surfeit of caution and to remove any possibility that CAE will destroy the necessary documents, SPIL respectfully requests that the Court lift the stay for

the sole purpose of permitting SPIL to serve a subpoena compelling CAE to preserve relevant documents. SPIL will not seek the production of such documents until the stay is lifted.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The case before this court is presently stayed pending proceedings before the International Trade Commission ("ITC") against SPIL and other respondents. See Dkt. Nos. 466 (May 24, 2007 Order granting Motion to Stay Proceedings Pending a Final ITC Determination), and 860 (August 5, 2008 Order granting Joint Motion to Extend Stay of Proceedings Pending a Final ITC Determination In Recently Initiated ITC Investigation). On April 30, 2009, SPIL served the Subpoena on CAE, to require CAE to preserve documents relevant to this action. Declaration of Michael F. Heafey (hereinafter, "Heafey Decl."), ¶ 2, Ex. A (Subpoena *duces tecum* served by SPIL on CAE on April 30, 2009). SPIL included a letter to CAE with the Subpoena expressly stating that SPIL did not seek discovery from CAE at that time and that CAE need not produce responsive documents until the stay is lifted. Heafey Decl., ¶ 3, Ex. B (Letter to CAE from SPIL dated April 30, 2009). On August 12, 2009 – over three months after receiving the subpoena – CAE filed a motion to quash before the United States District Court for the District of Connecticut. Heafey Decl., ¶ 4, Ex. C (CAE Associates, Inc.'s Motion and Memorandum of Law in Support of Motion to Quash Subpoena *Duces Tecum,* filed August 12, 2009; hereinafter, "CAE Motion").

In its Motion to Quash, CAE makes clear that it will destroy documents relevant to the stayed action pending before this Court unless it is prevented from doing so by SPIL's subpoena. The sole argument that CAE makes to quash that subpoena is that the subpoena cannot issue without this Court modifying the stay.

## II.    ARGUMENT

A party seeking discovery may seek leave of court to serve a nonparty with a subpoena requiring the nonparty to preserve described documents until further court order. A showing of exceptional circumstances is required for issuance of a preservation subpoena. *In re National Century Fin'l Enterprises, Inc. Fin'l Invest. Litig.*, 347 F. Supp. 2d 538, 540 (S.D. Ohio 2004). "Exceptional circumstances" exist where (1) the party demonstrates that the preservation

1  subpoena is seeking "particularized discovery" and (2) that such discovery is either necessary to
2  preserve evidence or necessary to prevent undue prejudice to the party seeking preservation. *In*
3  *re Tyco Int'l, Ltd. Sec. Litig.*, 2000 WL 33654141 *1, 3-4 (D.N.H. 2000). Here, the Requests
4  contained within SPIL's Subpoena are narrowly tailored and particularized in that they seek only
5  documents related to Tessera's expert's reliance on CAE's modeling. Furthermore, the Subpoena
6  is necessary to both preserve evidence and prevent undue justice to SPIL. CAE admits in its
7  motion to quash that it wants to destroy documents relevant and responsive to SPIL's Subpoena;
8  such destruction would unduly prejudice SPIL because it would deprive SPIL of the ability to
9  ascertain the credibility of the data underlying Tessera's experts' testimony.

**1.  SPIL's Requests For Production Are Particularized And Tailored To Only Seek Documents Relevant to the Relationship Between Tessera's Expert and CAE**

12  A discovery request meets the particularized requirement if it is "directed at
13  specific persons" and sufficiently limits the type of documents to be preserved. *In re Tyco Int'l,*
14  *Ltd., Sec. Litig.*, 2000 WL 33654141 at *4. As an initial matter, CAE has not objected to the
15  topics in the subpoena or argued that they are not properly tailored to seek relevant discovery.
16  The Requests For Production included in SPIL's Subpoena ask CAE to preserve documents and
17  electronic files upon which Tessera's expert conducted modeling for Tessera's infringement
18  contentions (RFP 1-3), computer systems "for inspection and testing a computer system installed
19  with" software to run CAE's models (RFP 4), documents related to the work done by Tessera's
20  expert (RFP 5), and documents relating to the scope of work performed by CAE for Tessera's
21  expert (RFP 6-7). As all of these Requests are tailored and narrowly focused to obtaining
22  documents regarding the bases for Tessera's expert's testimony, the subpoena is proper.

**2.  SPIL's Subpoena is Necessary To Preserve Evidence Because CAE Admits That It Wants To Destroy Relevant Documents**

25  A party seeking to issue a preservation subpoena on a nonparty must also show
26  that the discovery is either necessary to preserve evidence or necessary to prevent undue
27  prejudice to the party. *National Century Fin'l Enterprises*, 347 F. Supp. 2d at 541-42. SPIL's
28  subpoena satisfies both requirements.

3

SPIL'S MOTION FOR LEAVE TO SERVE SUBPOENA
*DUCES TECUM* ON CAE, 4:05-CV-04063-CW

First, the subpoena is necessary to preserve evidence. In its motion to quash, CAE admits that it not only possesses documents responsive to SPIL's Subpoena, but that it wants to destroy them.[1] The subpoena is the only reason CAE does not immediately destroy this evidence.

Second, SPIL would be gravely prejudiced were CAE to destroy documents relevant to the patent litigation pending before this Court. Such spoliation would severely hamper SPIL's ability to ascertain the credibility of data underlying Tessera's experts' testimony, and thus make it more difficult for SPIL to dispute Tessera's infringement allegations in this action. In its motion to quash, CAE does not dispute that these documents are relevant and responsive to SPIL's Requests, nor does CAE articulate a credible reason why it needs to destroy these documents or why an obligation to continue preserving the documents would impose an undue burden upon them. The equities in this situation therefore decisively weigh in favor of requiring CAE to continue preserving the documents.

## III. CONCLUSION

For the reasons stated above, Defendants request that this Court temporarily lift the stay and grant Defendants leave to serve the subpoena *duces tecum* on CAE.

Dated: September 2, 2009                    Orrick, Herrington & Sutcliffe LLP


                                            */s/ Michael F. Heafey*
                                            MICHAEL F. HEAFEY
                                            Attorneys for Defendants Siliconware Precision
                                            Industries Co., Ltd. and Siliconware U.S.A., Inc.

OHS West:260721114.2

---

[1] CAE argues that such destruction is necessary under the terms of protective orders in other Tessera litigation. These protective orders, however, are not the basis for CAE's motion to quash. *See* CAE Motion, Heafey Decl., ¶ 4, Ex. C at p. 3. Presumably, CAE does not rely upon these protective orders because CAE knows that they do not prohibit the preservation of relevant material under these circumstances. For instance, the first protective order from the Amkor arbitration provides a mechanism for CAE to preserve and produce allegedly confidential material and specifically states that "nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court." Heafey Decl., ¶ 5, Ex. D at ¶ 8 (protective order from the *Tessera, Inc. v. Amkor Technology, Inc.* arbitration). Likewise, the second protective order from the Micron litigation allegedly required the destruction of documents within 60 days after that litigation was completed. Since that litigation concluded on August 31, 2006, any confidential documents that were to have been destroyed must have been destroyed no later than October 30, 2006. CAE cannot use the Micron protective order as a basis to destroy additional relevant documents years later.