**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C 05-4063 CW |
| Plaintiff, | ORDER DENYING MOTION TO STAY (Docket Nos. 939 in 05-4063 and 29 in 10-4954) |
| v. | |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation; SPANSION, LLC, a Delaware limited liability corporation; SPANSION, INC., a Delaware corporation; SPANSION TECHNOLOGY, INC., a Delaware corporation; ADVANCED SEMICONDUCTOR ENGINEERING, INC., a Republic of China corporation; ASE (U.S.), INC., a California corporation; CHIPMOS TECHNOLOGIES, INC., a Republic of China corporation; CHIPMOS U.S.A., INC., a California corporation; SILICONWARE PRECISION INDUSTRIES CO., LTD., a Republic of China corporation; SILICONWARE USA, INC., a California corporation; STMICROELECTRONICS N.V., a Netherlands corporation; STMICROELECTRONICS, INC., a Delaware corporation; STATS CHIPPAC, INC., a Delaware corporation; STATS CHIPPAC (BVI), INC., a British Virgin Islands company; STATS CHIPPAC, LTD., a Singapore company, | |
| Defendants. | |

| | |
|---|---|
| SPANSION, INC., et al., | No. C 10-4954 CW |
|     Plaintiffs, | |
|   v. | |
| TESSERA, INC., | |
|     Claimant. | |

AND ALL RELATED COUNTERCLAIMS
_____/

Defendants STMicroelectronics, Inc. and STMicroelectronics, N.V. (ST Defendants), Spansion Inc. and Spansion Technology LLC, Reorganized Debtors/Plaintiffs Spansion Inc., Spansion Technology LLC, Cerium Laboratories LLC and Spansion International, Inc. (Spansion Defendants) move to stay proceedings in these cases pursuant to 28 U.S.C. § 1659 and the Court's May 24, 2007 Order granting a stay until the United States International Trade Commission (ITC) determination, including all appeals, becomes final. Tessera, Inc. opposes the stay. Having considered the papers submitted by the parties and their arguments at the case management conference, the Court DENIES Defendants' motion to stay.

## BACKGROUND

The ITC issued its final determination in Investigation No. 337-TA-605 on May 20, 2009. It also issued several limited exclusion orders (LEOs) aimed at respondents, including Spansion and ST, and cease-and-desist orders (CDOs) directed at respondents, including Spansion, on that day. These orders

2

prohibiting the respondents from importing infringing products into the United States, but created an exception that they could do so during the sixty-day Presidential review period upon posting of a bond that was subject to forfeiture if the decision was upheld.

The Federal Circuit affirmed the ITC's final determination on December 21, 2010. Spansion, Inc. v. Int'l Trade Comm'n, 629 F.3d 1331 (Fed. Cir. 2011). The Supreme Court denied the respondents' petitions for a writ of certiorari on November 28, 2011. See Qualcomm Inc. v. ITC, 2011 U.S. LEXIS 8568; Spansion, Inc. v. ITC, 2011 U.S. LEXIS 8529.

On January 4, 2012, Tessera filed a petition with the ITC seeking forfeiture of bonds posted during the sixty-day Presidential review period and a determination of the adequacy of bonds posted.

## DISCUSSION

Moving Defendants argue that the bond forfeiture proceeding triggers the mandatory stay provision set forth in 28 U.S.C. § 1659. This statute provides, in part, that when there is an ongoing proceeding under section 337 of the Tariff Act of 1930 before the ITC, "the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659(a).

3

While section 337 uses the word "proceeding" in relation to the ITC's determinations regarding whether that section has been violated, section 337 does not use the term "proceeding" to refer to an action taken for bond forfeiture, even though it does provide the authority for bond forfeitures to take place. Instead, a bond forfeiture action is referred to as a "proceeding" only within ITC regulations, which define these actions as "related proceedings."  See 19 C.F.R. § 210.3 (defining "related proceedings" to include "preinstitution proceedings, sanction proceedings (for the possible issuance of sanctions that would not have a bearing on the adjudication of the merits of a complaint or a motion under this part), bond forfeiture proceedings, proceedings to enforce, modify, or revoke a remedial or consent order, or advisory opinion proceedings").

Further, 28 U.S.C. § 1659(a) provides for a stay only until the "determination of the Commission becomes final."  Here, the ITC's determination relevant to bond forfeiture as set forth in the provisions of section 337 has become final.  Section 337 provides that, before the ITC determination is final and appealable, the President may review an ITC determination for a period of sixty days after it is issued.  19 U.S.C. § 1337(j). The section further states that, "until such determination becomes final," a respondent is "entitled to" import and sell an excluded product "under bond prescribed by the Secretary in an amount determined by the Commission to be sufficient to protect the

4

complainant from any injury.  If the determination becomes final, the bond may be forfeited to the complainant." 19 U.S.C. § 1337(j)(3).  The ITC is directed to "prescribe the terms and conditions under which bonds may be forfeited under this paragraph." Id.  For the purposes of bond forfeiture, if the President does approve of the ITC's decision, the determination becomes "final" either at the end of the sixty day period or when the President notifies the ITC of his approval. Id. at § 1337(j)(4).  Because these conditions have already occurred, and the respondents' appeal of the ITC determination is final, the ITC determination is final and a mandatory stay pursuant to 28 U.S.C. § 1659 is inapplicable.  The Court declines to impose a discretionary stay.

CONCLUSION

For the reasons set forth above, the Court DENIES Defendants' motion to stay (Docket Nos. 939 in 05-4063 and 29 in 10-4954).

IT IS SO ORDERED.

Dated: 1/24/2012

CLAUDIA WILKEN
United States District Judge