IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C 05-4063 CW |
|     Plaintiff, | ORDER REGARDING SELECTION OF COURT-APPOINTED EXPERT |
|   v. | |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation; SPANSION, LLC, a Delaware limited liability corporation; SPANSION, INC., a Delaware corporation; SPANSION TECHNOLOGY, INC., a Delaware corporation; ADVANCED SEMICONDUCTOR ENGINEERING, INC., a Republic of China corporation; ASE (U.S.), INC., a California corporation; CHIPMOS TECHNOLOGIES, INC., a Republic of China corporation; CHIPMOS U.S.A., INC., a California corporation; SILICONWARE PRECISION INDUSTRIES CO., LTD., a Republic of China corporation; SILICONWARE USA, INC., a California corporation; STMICROELECTRONICS N.V., a Netherlands corporation; STMICROELECTRONICS, INC., a Delaware corporation; STATS CHIPPAC, INC., a Delaware corporation; STATS CHIPPAC (BVI), INC., a British Virgin Islands company; STATS CHIPPAC, LTD., a Singapore company, | |
|     Defendants. | |
| SILICONWARE PRECISION INDUSTRIES CO, LTD; SILICONWARE U.S.A., INC., | No. C 08-3667 CW |
|     Plaintiffs, | |
|   v. | |
| TESSERA, INC., | |
|     Defendant. | |

```
 1  CHIPMOS TECHNOLOGIES, INC.;                  No. C 08-3827 CW
    CHIPMOS U.S.A., INC.; CHIPMOS
 2  TECHNOLOGIES (BERMUDA), LTD.,

 3           Plaintiffs,

 4       v.

 5  TESSERA, INC.,

 6           Defendant.
    _____/
 7
    ADVANCED SEMICONDUCTOR                       No. C 08-3726 CW
 8  ENGINEERING, INC.; ASE TEST
    LIMITED; ASE (U.S.), INC.,
 9
             Plaintiffs,
10
         v.
11
    TESSERA, INC.,
12
             Defendant.
13  _____/

14  SPANSION, INC.,  et al.,                     No. C 10-4954 CW

15           Plaintiffs,

16       v.

17  TESSERA, INC.,

18           Claimant.
    _____/
19
    POWERTECH TECHNOLOGY INC.,                   No. C 10-945 CW
20
             Plaintiff,
21
         v.
22
    TESSERA, INC.,
23
             Defendant.
24
    _____/
25
```

United States District Court
For the Northern District of California

2

|   |   |
|---|---|
| POWERTECH TECHNOLOGY INC., | No. C 11-6121 CW |
| Plaintiff, | |
| v. | |
| TESSERA, INC., | |
| Defendant. | |
| _____/ | |
| TESSERA, INC., | No. C 12-692 CW |
| Plaintiff, | |
| v. | |
| QUALCOMM, INC.; FREESCALE SEMICONDUCTOR, INC.; ATI TECHNOLOGIES, ULC, | |
| Defendants. | |
| _____/ | |
| AND ALL RELATED COUNTERCLAIMS | |
| _____/ | |

At the January 4, 2012 case management conference, the Court directed the parties to meet and confer regarding the selection of a court-appointed expert, and to submit proposals to the Court if they were unable to agree on a selection. Subsequently, Tessera and Defendants[1] each submitted two proposed experts, along with objections to the experts proposed by the opposing side.

After the parties filed their proposals of experts, the Court related a newly-transferred case, <u>Tessera, Inc. v. Qualcomm, Inc., et al.</u>, Case No. 12-692. The parties have represented in their

---

[1] For ease of reference, the Court will collectively refer to the parties opposing Tessera, Inc. in each case as Defendants, even though they are the plaintiffs in some of the related cases.

3

filings that Defendants in the newly-transferred case have participated in the selection of Defendants' proposed experts.

However, it does not appear that Powertech Technology, Inc. (PTI) has participated in the selection of proposed court-appointed experts. Within five days of this order, PTI shall file with the Court a notice that it has joined in the proposals put forward by either Defendants or Tessera or a brief statement expressing its support and opposition to each of the nominees.

Having considered the parties' submissions regarding the selection of a court-appointed expert, the Court further ORDERS as follows:

1. The parties shall jointly speak with Dr. Peter Borgeson to clarify the facts of his statements during their shared meeting with him, and shall, within seven days of this order, file a joint letter setting forth the agreed facts of his statements. If Tessera withdraws its objection to Dr. Borgeson after such clarification, it shall notify the Court of its withdrawal by that date.

2. The parties shall jointly speak with Dr. Reinhold Dauskardt regarding a proposal to address the issue of consulting opportunities that may arise during the case and shall, within seven days of this order, file a stipulation setting forward their agreement on a resolution of this issue. Alternatively, if the parties are unable to reach a resolution satisfactory to them and Dr. Dauskardt, they shall by that day a joint letter advising the Court of their good faith efforts and the status thereof.

3. The parties shall, within ten days of this order, jointly file a proposed order instructing the court-appointed

expert as to his duties in connection with this case.  They may use the Court's order of May 22, 2009 (Docket No. 96) in Monolithic Power Systems, Inc. v. O2 Micro International, Ltd., Case No. 08-4567, and the Court's Order of May 5, 2008 (Docket No. 302) in Fujitsu Ltd. v. Nanya Tech. Corp., Case No. 06-6613, as models.

    4.  The parties shall submit, within ten days of this order, a proposed schedule indicating the deadline by which the parties will provide the court-appointed expert with information, what information will be provided, and the deadline by which the parties will depose the court-appointed expert.  The Court has already set August 1, 2013 as the date by which the court-appointed expert's report is due.

    IT IS SO ORDERED.

Dated: 3/7/2012

CLAUDIA WILKEN
United States District Judge

5