IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,

Plaintiff,

v.

ADVANCED MICRO DEVICES, INC., a Delaware corporation; SPANSION, LLC, a Delaware limited liability corporation; SPANSION, INC., a Delaware corporation; SPANSION TECHNOLOGY, INC., a Delaware corporation; ADVANCED SEMICONDUCTOR ENGINEERING, INC., a Republic of China corporation; ASE (U.S.), INC., a California corporation; CHIPMOS TECHNOLOGIES, INC., a Republic of China corporation; CHIPMOS U.S.A., INC., a California corporation; SILICONWARE PRECISION INDUSTRIES CO., LTD., a Republic of China corporation; SILICONWARE USA, INC., a California corporation; STMICROELECTRONICS N.V., a Netherlands corporation; STMICROELECTRONICS, INC., a Delaware corporation; STATS CHIPPAC, INC., a Delaware corporation; STATS CHIPPAC (BVI), INC., a British Virgin Islands company; STATS CHIPPAC, LTD., a Singapore company,

Defendants.
________________________________/

No. C 05-4063 CW

OPPORTUNITY TO SHOW CAUSE WHY A COURT-APPOINTED EXPERT SHOULD NOT BE APPOINTED

SILICONWARE PRECISION INDUSTRIES CO, LTD; SILICONWARE U.S.A., INC.,

Plaintiffs,

v.

TESSERA, INC.,

Defendant.
________________________________/

No. C 08-3667 CW

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

CHIPMOS TECHNOLOGIES, INC.; CHIPMOS U.S.A., INC.; CHIPMOS TECHNOLOGIES (BERMUDA), LTD.,

Plaintiffs,

v.

TESSERA, INC.,

Defendant.
________________________________/

No. C 08-3827 CW

ADVANCED SEMICONDUCTOR ENGINEERING, INC.; ASE TEST LIMITED; ASE (U.S.), INC.,

Plaintiffs,

v.

TESSERA, INC.,

Defendant.
________________________________/

No. C 08-3726 CW

SPANSION, INC., et al.,

Plaintiffs,

v.

TESSERA, INC.,

Claimant.
________________________________/

No. C 10-4954 CW

POWERTECH TECHNOLOGY INC.,

Plaintiff,

v.

TESSERA, INC.,

Defendant.
________________________________/

No. C 10-945 CW

POWERTECH TECHNOLOGY INC., No. C 11-6121 CW

Plaintiff,

v.

TESSERA, INC.,

Defendant.

_______________________________/

TESSERA, INC., No. C 12-692 CW

Plaintiff,

v.

QUALCOMM, INC.; FREESCALE SEMICONDUCTOR, INC.; ATI TECHNOLOGIES, ULC,

Defendants.

_______________________________/

AND ALL RELATED COUNTERCLAIMS

_______________________________/

The Court provides certain parties in the above-captioned cases with an opportunity to show cause why an expert witness should not be appointed by the Court to testify to the jury.

On October 7, 2005, Tessera, Inc. filed a complaint against various Defendants in Tessera, Inc. v. Advanced Micro Devices, Inc., Case No. 05-4063 (AMD). Tessera asserts claims for infringement of five related patents, U.S. Patent Nos. 5,679,977, 5,852,326, 6,133,627, 6,433,419, and 6,465,893, pertaining to semiconductor chip assemblies, and for breach of license agreements by certain Defendants. Several Defendants have asserted counterclaims for declaratory judgment of non-infringement and invalidity of the patents.



United States District Court
For the Northern District of California

On March 13, 2007, pursuant to Federal Rule of Evidence 706, the Court ordered the parties in Tessera, Inc. v. Advanced Micro Devices, Inc., Case No. 05-4063 (AMD), to show cause why an expert witness should not be appointed by the Court to show testify to the jury in the case. See AMD, Docket No. 402.

On April 12, 2007, after having considered the parties' submission, the Court determined that it would appoint an expert, who would testify on the background of the technology at issue as well as the substantive issues in dispute, such as infringement and validity, but would not testify as to damages. See AMD, Docket No. 439.

Shortly thereafter, the AMD case was stayed pending the resolution of several investigations initiated by the United States International Trade Commission (ITC). Specifically, on May 24, 2007, the parties stipulated to, and this Court ordered, a stay of the AMD case in its entirety pending the final determination of the ITC in Investigation No. 337-TA-605, which involved two of the patents in the AMD case. See AMD, Docket No. 466. A year later, in May 2008, the ITC initiated Investigation No. 337-TA-649, regarding infringement of multiple patents, including three of the patents at issue in the AMD case. On August 5, 2008, the Court extended the stay in the AMD case pending final determination of the 649 Investigation.

While the AMD case was stayed, a number of later filed actions were related to it, many of which were also subsequently stayed.

On September 11, 2008, this Court issued an order relating to the AMD action three cases: Siliconware Precision Industries Co.,

United States District Court
For the Northern District of California

Ltd. et al. v. Tessera, Inc., Case No. 08-03667 (the Siliconware case); Advanced Semiconductor Engineering Inc. et al. v. Tessera, Inc., Case No. 08-03726; and ChipMos Technologies Inc. et al. v. Tessera, Inc., Case No. 08-03827. The plaintiffs in these cases are either defendants in the AMD case or affiliated with defendants in the AMD case, and they seek declaratory judgments of non-infringement and invalidity of the 5,663,106 patent (the '106 patent), another patent at issue in the later 649 Investigation. On December 19, 2008, the parties stipulated to, and the Court ordered, a stay of these cases in light of the 649 Investigation.

The 649 Investigation was terminated on August 7, 2009. The parties to the three later cases stipulated to continue the stay in these cases pending resolution of the 605 Investigation to allow the related cases to proceed together.

On March 22, 2010, the Court issued an order relating Powertech Technology, Inc. v. Tessera, Inc. (PTI I), Case No. 10-945, to the Siliconware case. In that case, PTI, a licensee of Tessera, also sought declarations of non-infringement and invalidity of the '106 patent. In June 2010, this Court dismissed the action for lack of subject matter jurisdiction, finding no Article III case or controversy between the parties. Powertech Technology, Inc. v. Tessera, Inc., 2010 U.S. Dist. Lexis 53621, at *7-8 (N.D. Cal.).

On November 10, 2010, this Court issued an order relating to the AMD case Spansion Inc. v. Tessera Inc., Case No. 10-4954, a bankruptcy dispute involving Tessera and several Defendants in the AMD action.

On September 30, 2011, the Federal Circuit reversed this Court's dismissal in PTI I, finding that a controversy did exist between the parties, and remanded the case to this Court for further proceedings. Powertech Technology, Inc. v. Tessera, Inc., 660 F.3d 1301 (Fed. Cir. 2011). The mandate issued on January 19, 2012.

Meanwhile, on November 28, 2011, the 605 Investigation reached a final resolution when the Supreme Court denied the respondents' petition for a writ of certiorari.

On December 6, 2011, PTI filed a second action against Tessera, Powertech Technology, Inc. v. Tessera, Inc. (PTI II), Case No. 11-6121, alleging that Tessera had breached the license agreement between the parties by bringing ITC Investigation No. 337-TA-630 against certain of PTI's customers. On December 15, 2011, upon motion by PTI, the Court issued an order relating PTI II to PTI I.

On January 4, 2012, the Court held a case management conference in all of the related cases. The Court lifted the stay as to those cases that had been stayed and directed the parties to meet and confer regarding the identity of a court-appointed expert. However, the Court at that time did not provide the newly joined parties with a formal opportunity pursuant to Federal Rule of Evidence 706 to show cause why an expert should not be appointed. Thus, the Court does so now.

On February 29, 2012, this Court issued an order relating to the AMD case Tessera, Inc. v. Motorola, Inc., Case No. 12-692, a case that had been recently transferred from the Eastern District of Texas, which involved invalidity and infringement contentions

regarding two of the patents in the AMD case and which had also been previously stayed pending resolution of the 605 Investigation. The parties had stipulated to transfer the action to this district to be related to the AMD case. Counsel for Tessera and two of three Defendants in this case were present at the January 4, 2012 case management conference. These Defendants as well are given the opportunity to show cause why an expert should not be appointed.

Having presided over matters involving the same and related patents and technology, the Court believes that the complexity of the technology at issue in this case will be particularly difficult and confusing for the jury to understand. Further, given the stark conflicts in the parties' extensive litigation before the ITC, the Court reasonably anticipates that expert advice will be necessary to assist in resolving differences between the parties' experts.

For these reasons, the Court is inclined to appoint the expert selected to serve in the AMD case to serve in all the related cases. The expert will advise the Court on claim construction. He will also advise the Court and ultimately testify to the jury on the background of the technology at issue as well as the substantive issues in dispute, such as infringement and validity, although not on damages. The Court does not consider it prudent to delay in appointing an expert on these issues, as one party has suggested. Given the complexity of this litigation and the number of parties and claims involved, the Court believes it necessary to allow a substantial amount of time for the expert to prepare a report and for the parties to depose

United States District Court
For the Northern District of California

the expert. Waiting to appoint an expert until after the parties' expert reports are submitted to the Court would lead to substantial delay in the future. The Court will give the parties an opportunity prior to trial to move to disallow the introduction of the appointed expert's testimony to the jury on the ultimate issues of infringement and invalidity, should it become apparent that the parties' experts have not provided confusing and conflicting evidence and the expert's testimony is not needed.

Accordingly, the Court will allow the parties in the above-captioned cases other than the AMD case, who are not also party to the AMD action, an opportunity to show cause why the Court should not appoint its expert in all of the above-captioned actions as well as in the AMD case. These parties may respond within five days of the date of this Order. Submissions are limited to five pages or less and shall not include any argument addressing the identity or selection of the expert.

IT IS SO ORDERED.

Dated:

CLAUDIA WILKEN
United States District Judge