UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Tessera, Inc., <br><br> Plaintiff and Counter-defendant, <br><br> v. <br><br> Advanced Micro Devices, Inc., et al., <br><br> Defendants and Counter-claimants. | Case No. 4:05-cv-04063-CW <br><br> **ORDER CONCERNING DUTIES AND INSTRUCTIONS FOR COURT-APPOINTED EXPERT DR. REINHOLD DAUSKARDT AND GRANTING STIPULATION OF PARTIES TO CHANGE DEADLINE FOR SUBMISSION OF EXPERT REPORT** <br><br> *Hon. Claudia Wilken* |
| Siliconware Precision Industries Co., Ltd., and Siliconware U.S.A., <br><br> Plaintiffs and Counter-defendants, <br><br> v. <br><br> Tessera, Inc., <br><br> Defendant and Counter-claimant. | Case No. 4:08-cv-03667-CW |

| | |
|---|---|
| ChipMOS Technologies Inc., ChipMOS Technologies (Bermuda) Ltd. and ChipMOS U.S.A., Inc., <br><br>    Plaintiffs and Counter-defendants, <br><br> v. <br><br> Tessera, Inc., <br><br>    Defendant and Counter-claimant. | Case No. 4:08-cv-03827-CW |
| Advanced Semiconductor Engineering, Inc., ASE Test Limited, and ASE (U.S.) Inc., <br><br>    Plaintiffs and Counter-defendants, <br><br> v. <br><br> Tessera, Inc., <br><br>    Defendant and Counter-claimant. | Case No. 4:08-cv-03726-CW |
| Spansion, Inc., et al., <br><br>    Plaintiffs, <br><br> v. <br><br> Tessera, Inc., <br><br>    Claimant. | Case No. 4:10-cv-04954-CW |
| Tessera, Inc., <br><br>    Plaintiff, <br><br> v. <br><br> Motorola, Inc., et al., <br><br>    Defendants. | Case No. 5:12-cv-00692-CW |
| Powertech Technology Inc. <br><br>    Plaintiff, <br><br> v. <br><br> Tessera, Inc., <br><br>    Defendant. | Case No. 4:11-cv-06121-CW |

| | |
|---|---|
| Powertech Technology Inc.<br>    Plaintiff,<br>v.<br>Tessera, Inc.,<br>    Defendant. | Case No. 4:10-cv-00945-CW |

The Court hereby orders as follows:

I.    Selection of Court-Appointed Expert

Having considered the parties' submissions in response to the Opportunity to Show Cause Why a Court-Appointed Expert Should Not Be Appointed, the Court will appoint the expert selected to serve in the <u>AMD</u> case to serve in all the related cases, for reasons stated in the Order of March 26, 2012. As indicated in that order, the Court will give the parties an opportunity prior to trial to move to disallow the introduction of the appointed expert's testimony to the jury on the ultimate issues of infringement and invalidity, should it become apparent that the parties' experts have not provided confusing and conflicting evidence and the expert's testimony is not needed.

If Dr. Reinhold Dauskardt consents, the Court will appoint him as its expert witness in the above-captioned cases. See Fed. R. Evid. 706. The Court notes that, if Dr. Dauskardt is so appointed, Tessera, Inc. has agreed that: (1) it will not retain him for any consulting work during the pendency of this litigation, and (2) it will not object to Dr. Dauskardt's taking on consulting engagements with the Defendants unrelated to the subject matter of the patents-in-suit, provided that the fact and terms of any such engagement may be disclosed to both Tessera, Inc. and the finder of fact.

II.    Duties of the Court-Appointed Expert

As the court-appointed expert, Dr. Dauskardt shall serve as a neutral, independent expert on behalf of the Court on the technology at issue in this litigation. His duties shall be to provide expert analysis and opinions as to the technical issues in this case, including issues

1

concerning infringement/non-infringement and validity/invalidity of the asserted claims of U.S. Patent Nos. 5,679,977; 5,852,326; 6,433,419; 6,465,893; 6,133,627; and 5,663,106 (collectively, "the Patents-in-Suit"). These issues may include whether the accused products of any of the Defendants[1] have infringed any of the Patents-in-Suit literally or under the doctrine of equivalents and/or whether any of the Patents-in-Suit is invalid.

III.   Materials to be Provided to the Court-Appointed Expert

Dr. Dauskardt will be provided with various materials to use as resources when forming his opinions. He is not limited to these materials, and may request additional information if he believes that it is necessary. He may give these materials as much weight and consideration as he believes in his professional judgment is required.

Copies of the following materials will be provided to Dr. Dauskardt within five days of the entry of an order appointing him, in organized binders that are labeled and tabbed, as well as in an electronic format:

(i)   the model jury instructions for patent cases in the Northern District of California;

(ii)   all Patents-in-Suit;

(iii)   the file histories of all Patents-in-Suit;

(iv)   infringement contentions in the above-referenced cases served by Tessera before the date of this Order;

(v)   all product-related documents cited in the infringement contentions in the above-referenced cases served by Tessera before the date of this Order;

(vi)   invalidity contentions in the above-referenced cases served by any Defendant before the date of this Order;

(vii)   the prior art references cited in invalidity contentions in the above-referenced cases served by any Defendant before the date of this Order;

---

[1] As used herein, the term "Defendants" shall mean the parties other than Tessera, Inc.

  (viii) the operative complaints in each of the above-referenced cases;

  (ix) the operative answers and counterclaims in each of the above-referenced cases;

  (x) the operative responsive pleadings to the operative counterclaims in each of the above-referenced cases.

  The parties will provide additional materials to Dr. Dauskardt during the course of the litigation. Those materials will include the following:

  (i) any complaints, answers, counterclaims, and responses to counterclaims that are served after the date of this Order, including any complaints, answers, counterclaims, or responses to counterclaims that amend or supersede the complaints, answers, and counterclaims previously provided to Dr. Dauskardt. These documents shall be provided within five days of the entry of an order appointing him, or on or about the date they are served, whichever is later.

  (ii) any additional infringement contentions, and any product-related documents cited therein to the extent not previously provided to Dr. Dauskardt, served in the above-referenced cases after the date of this Order. These documents shall be provided within five days of the entry of an order appointing him, or on or about the date they are served, whichever is later.

  (iii) any additional invalidity contentions, and any prior art references cited therein to the extent not previously provided to Dr. Dauskardt, served in the above-referenced cases after the date of this Order. These documents shall be provided within five days of the entry of an order appointing him, or on or about the date they are served, whichever is later.

  (iv) the expert reports on infringement/non-infringement and validity/invalidity prepared for, and exchanged in, any of the above-referenced cases. These materials shall be provided on or about the day they are exchanged.

(v)     transcripts of the expert depositions taken in any of the above-referenced cases. These transcripts shall be provided on or about the day they become available to the parties.

(vi)    the parties' Joint Claim Construction and Prehearing Statement, and their briefs, declarations and other supporting evidence on their motions for claim construction and summary judgment. These documents shall be provided on or about the same day they are filed with the Court.

(vii)   the up-to-date and all continuing correspondence to and from the United States Patent and Trademark Office regarding reexaminations of any of the Patents-in-Suit. These materials shall be provided within five days of the entry of an order appointing Dr. Dauskardt, and any additional correspondence thereafter shall be provided as it becomes available.

The foregoing list of items is not intended to be exhaustive. The parties may later specify additional information relevant to Dr. Dauskardt's analysis and/or report, including without limitation, materials from prior actions involving the same Patents-in-Suit or accused products. The parties will send the documents to Dr. Dauskardt jointly. If the parties disagree about the propriety of providing a certain document or thing to Dr. Dauskardt, the parties will seek the Special Master's assistance and neither party shall provide that document or thing to Dr. Dauskardt unless and until the Special Master has resolved the issue.

If any of the materials to be provided to Dr. Dauskardt contain confidential information of third parties and the third parties have not consented to the production of their materials by the deadlines set forth above, the materials will be provided as soon as practicable after the parties obtain the necessary approval from the third parties.

IV.     Instructions to the Court-Appointed Expert

Among other things, Dr. Dauskardt may look to the reports and the deposition transcripts of the parties' experts for guidance as to what the experts and the parties believe

are the key issues to be addressed in this case. However, it is not his role merely to critique the parties' experts. His opinions are to be his own independent opinions.

Dr. Dauskardt should follow the basic rules of patent law as set forth in the model jury instructions for patent cases in the Northern District of California, including the requirement that he must follow prior court orders interpreting the meaning of certain patent claim terms. He is not required to provide a detailed analysis of patent law. If Dr. Dauskardt requires further guidance regarding patent law terminology, or the relevant legal standards, he can direct inquiries to the parties or the Court with respect thereto, as described below.

After reviewing the materials provided to him, and conducting his own independent analysis, Dr. Dauskardt will prepare an expert report, containing a statement of his opinions and the reasons for his opinions. Dr. Dauskardt may want to attach the claim charts described below as exhibits to his report. The Court and the parties are looking for a basic statement of Dr. Dauskardt's opinions in this case. Although he may look to other expert reports for guidance as to formatting and standard content, no specific format is required. The Court grants the parties' stipulation to reset the due date for the court-appointed expert's report to August 20, 2013. Accordingly, Dr. Dauskardt's report should be sent to the parties and the Court in an electronic format and by express mail no later than August 20, 2013, or another date to be agreed upon by Dr. Dauskardt and the parties with the Court's approval. To provide Dr. Dauskardt with a complete record for preparation of his report, the parties shall conclude all depositions of the parties' experts at least one month prior to the due date of Dr. Dauskardt's report.

In his expert report:

(i) Dr. Dauskardt will offer his opinion on infringement by determining whether each and every element of the asserted claims can be found in Defendants' accused products. Tessera's infringement contention charts should set out its infringement theory on an element-by-element basis. Similarly, the parties' expert reports should track this element-

Case4:05-cv-04063-CW   Document994   Filed05/10/12   Page8 of 14
Case4:05-cv-04063-CW   Document987   Filed04/09/12   Page8 of 14

by-element analysis, including Defendants' responses to Tessera's infringement claims. Dr. Dauskardt should conduct his own independent analysis in the same manner as the parties in this case. The parties will provide him with blank versions of these claim charts in electronic format for his convenience.

(ii)     Dr. Dauskardt will offer his opinion on patent invalidity due to anticipation by determining whether or not each and every element of one or more of the asserted claims can be found in any one item of prior art. Defendants' invalidity contention charts should set out their invalidity-due-to-anticipation theories on an element-by-element basis. Similarly, the parties' expert reports should track this element-by-element analysis, including Tessera's response to Defendants' anticipation claim. Dr. Dauskardt should conduct his own independent analysis on anticipation in the same manner as the parties in this case. The parties will provide him with blank versions of these claim charts in electronic format for his convenience.

(iii)    Dr. Dauskardt will offer his opinion on invalidity due to obviousness by determining whether or not it would have been obvious to combine the teachings of certain references to achieve the claimed invention. Defendants' invalidity contention charts should set out their invalidity-due-to-obviousness theories on an element-by-element basis. Similarly, the parties' expert reports should track this element-by-element analysis, including Tessera's response to Defendants' obviousness claim. Dr. Dauskardt should conduct his own independent analysis on obviousness in the same manner as the parties in this case. The parties will provide him with blank versions of these claim charts in electronic format for his convenience.

(iv)    Dr. Dauskardt will offer his opinion on invalidity based on any other invalidity theories involving technical matters presented by Defendants, including, without limitation, failure to comply with any of the statutory requirements defined in 35 U.S.C. § 112.

6

ORDER RE: COURT EXPERT
Case No. C 05-4063 CW and related cases

The parties will depose Dr. Dauskardt on or before September 1, 2013, or another date to be agreed upon by Dr. Dauskardt and the parties, at a location that is convenient to him. At the deposition, the parties may ask him questions, and he will be given the opportunity to explain his opinions in greater detail prior to his testimony at trial. Each side may depose Dr. Dauskardt for up to 7 hours.

Dr. Dauskardt shall attend the claim construction and summary judgment oral hearing on December 5, 2013. Dr. Dauskardt shall review the parties' claim construction briefs prior to the hearing. Additionally, Dr. Dauskardt shall provide the Court and the parties with his advisory opinion on claim construction on or before November 25, 2013. The advisory opinion shall include Dr. Dauskardt's proposed constructions of the disputed claim terms and his reasoning for arriving at those constructions.

If the Court's claim construction order causes Dr. Dauskardt to change any opinions rendered in his expert report, he should so indicate in a supplemental report to be sent within 14 days of the issuance of the Court's claim construction order, in which case the parties will be permitted to depose him on those issues.

Lastly, Dr. Dauskardt will testify at trial on his opinions. The trial is scheduled to begin on April 7, 2014, and will continue for approximately 15 trial days. The Court and the parties will attempt to accommodate Dr. Dauskardt's schedule and to give him as much advance notice as possible as to what day (or days) he will be needed to testify. Trials are complex matters, however, involving many witnesses, so flexibility will be required. The parties will pay for all of Dr. Dauskardt's reasonable hotel and travel expenses.

Dr. Dauskardt may contact the Court by calling its clerk at (510) 637-3542 if questions come up or if he encounters difficulty in accomplishing his assigned tasks. The clerk will arrange a conference call with the attorneys. He may also contact the Court by letter, with a copy to the parties, or by emailing the clerk and "cc"-ing the parties. The clerk's email address is cwcrd@cand.uscourts.gov. In addition, Dr. Dauskardt may contact the parties directly, by using the e-mail addresses that they will provide to him, if he needs

additional documents or other information. Dr. Dauskardt, however, shall not contact only one party, as it is important that all parties be given the chance to communicate with him jointly if needed. The parties will set up a conference call if necessary. Defendants shall select a single attorney to serve as Defendants' liaison to Dr. Dauskardt and the Court to arrange communications with the expert, and shall file a stipulation and proposed order with the Court within five days of the date of this Order providing the identity and contact information for that attorney.

    In order to accept this appointment, Dr. Dauskardt must give his consent to serve as the Court-appointed expert in this case, and must acknowledge his responsibility to discharge his duties in accordance with the instructions set forth in this order, by signing below and returning the signed original to the Court in the enclosed envelope.

    Dr. Dauskardt must also confirm that he has no conflict of interest, with respect to the parties and attorneys on the attached list, that has not already been disclosed to the parties.

    Tessera shall pay for half of Dr. Dauskardt's fees and expenses, and Defendants will share equally the other half. Each side will deposit a retainer of $20,000 in one of its counsel's trust account. The parties shall disclose to Dr. Dauskardt the hourly rates they are paying to their experts. Dr. Dauskardt may bill at his usual hourly rate or at an agreed rate commensurate with the rates paid to the parties' expert witnesses.

    This Order terminates Docket No. 980 in 05-4063, Docket No. 67 in 08-3667, Docket No. 63 in 08-3827, Docket No. 60 in 08-3726, Docket No. 50 in 10-4954, Docket No. 118 in 12-692, Docket No. 64 in 11-6121 and Docket No. 118 in 10-945.

IT IS SO ORDERED.

Dated: April 9, 2012

                                          Hon. Claudia Wilken
                                          United States District Judge

## CONSENT

I consent to serve as the Court's expert in the above-captioned cases and will discharge my duties in accordance with the instructions provided to me by the Court. I affirm that I have disclosed truthfully to the parties all potential conflicts of interest that I may have to the best of my knowledge, with respect to the parties and attorneys on the attached list. I agree that, during the pendency of this litigation, I will not engage in any consulting work with Tessera, Inc., that I will not take on consulting engagements with the Defendants that are related to the subject matter of the patents-in-suit, and that I am permitted to take on consulting engagements with the Defendants if they are unrelated to the subject matter of the patents-in-suit and if I disclose the fact and terms of any such engagement to both Tessera, Inc. and the finder of fact.

Dated: 5/9/2012

_____
Dr. Reinhold Dauskardt

## ATTACHED LIST

Parties

1. Tessera, Inc.

2. Acer America Corp. / Acer Inc.

3. A-Data Technology (U.S.A.) Co., Ltd. / A-Data Technology Co., Ltd.

4. Advanced Micro Devices, Inc.

5. Advanced Semiconductor Engineering, Inc. / ASE (U.S.) Inc. / ASE Test Limited

6. ATI Technologies ULC

7. Centon Electronics, Inc.

8. ChipMOS Technologies (Bermuda) Ltd. / ChipMos Technologies Inc. / ChipMos U.S.A., Inc.

9. Elpida Memory (USA) Inc. / Elpida Memory, Inc.

10. Freescale Semiconductor, Inc.

11. International Products Sourcing Group, Inc.

12. Kingston Technology Co., Inc.

13. Nanya Technology Corp. / Nanya Technology Corp. U.S.A.

14. Peripheral Devices & Products

15. Powerchip Semiconductor Corp.

16. ProMOS Technologies Inc.

17. Qualcomm, Inc.

18. Ramaxel Technology Ltd.

19. Siliconware Precision Industries Co., Ltd. / Siliconware USA Inc.

20. SMART Modular Technologies, Inc.

21. Spansion Inc. / Spansion LLC / Spansion Technology Inc./Spansion Technology LLC/Cerium Laboratories LLC/Spansion International, Inc.

22. STATS ChipPac (BVI) Limited / STATS ChipPac Ltd. / STATS ChipPac, Inc.

23. STMicroelectronics, Inc. / STMicroelectronics, N.V.

24. TwinMOS Technologies Inc. / TwinMOS Technologies USA Inc.

Counsel

1. The law firm of Munger, Tolles & Olson LLP, including its attorneys Gregory P. Stone, Ted G. Dane, Kristin Linsley Myles, Katherine K. Huang, Andrew Song, L. Ashley Aull and Eric P. Tuttle

2. The law firm of Bartlit Beck Herman Palenchar & Scott LLP, including its attorneys Fred H. Bartlit, Jr., Eric R. Olson, Sean Grimsley and Sundeep (Rob) K. Addy

3. The law firm of Irell & Manella LLP, including its attorneys Morgan Chu, Aaron H. Cole, Jonathan Steinberg, Benjamin Hattenbach, Ellison Shelton Turner and Nathan N. Lowenstein

4. The law firm of Foley & Lardner LLP, including its attorneys Gina A. Bibby, Ramy E. Hanna, Steven J. Rizzi, Matthew B. Lowrie, and George C. Beck.

5. The law firm of K&L Gates LLP, including its attorneys Michael J. Bettinger, Timothy P. Walker, Elaine Y. Chow and Stephen M. Everett

6. The law firm of Orrick, Herrington & Sutcliffe LLP, including its attorneys Michael F. Heafey, Andrew S. Ong, Denise Marie Mingrone, G. Hopkins Guy, III and Matthew J. Hult

7. The law firm of Seyfarth Shaw LLP, including its attorneys Lawrence E. Butler, Alan L. Unikel, Joseph R. Lanser and Matthew A. Werber

8. The law firm of Sidley Austin LLP, including its attorneys David L. Anderson, Teague I. Donahey, Ryan M. Sandrock and Philip W. Woo

9. The law firm of Tensegrity Law Group LLP, including its attorneys Matthew D. Powers, Steven S. Cherensky, Azra M. Hadzimehmedovic and Stefani Smith

10. The law firm of McDermott Will & Emery, LLP, including its attorney David H. Dolkas

11. The law firm of Jones Day, including its attorney Blaney Harper

12. The law firm of Capshaw DeRieux LLP, including its attorneys Elizabeth L. DeRieux and Daymon Jeffrey Rambin

13. The law firm of Findlay Craft, including its attorney Eric H. Findlay

14. The law firm of Yarbrough & Wilcox, PLLC, including its attorney Herbert A. Yarbrough, III

15. The law firm of Perkins Coie Brown & Bain, including its attorneys David J. Palmer and Jonathan M. James