IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,

      Plaintiff,

  v.

ADVANCED MICRO DEVICES, INC.;
SPANSION, LLC; SPANSION, INC.;
SPANSION TECHNOLOGY, INC.;
ADVANCED SEMICONDUCTOR
ENGINEERING, INC.; ASE (U.S.),
INC.; CHIPMOS TECHNOLOGIES, INC.;
CHIPMOS U.S.A., INC.; SILICONWARE
PRECISION INDUSTRIES CO., LTD.;
SILICONWARE USA, INC.;
STMICROELECTRONICS N.V.;
STMICROELECTRONICS, INC.; STATS
CHIPPAC, INC.; STATS CHIPPAC
(BVI), INC.; and STATS CHIPPAC,
LTD.,

      Defendants.

_____/

No. C 05-4063 CW

ORDER DENYING
MOTION TO SEAL
(Docket No. 1010)

    Moving Defendants Advanced Semiconductor Engineering, Inc. and ASE (U.S.) Inc. (collectively, ASE) and STATS ChipPAC, Inc., STATS ChipPAC (BVI) Limited and STATS ChipPAC, Ltd. (collectively, STATS ChipPAC) move to file under seal Exhibits 1, 2, 6, 7 and 8 and portions of Exhibit 5 attached to the declaration of Ramy E. Hanna submitted in support of their motion for summary judgment related to Plaintiff Tessera, Inc.'s breach of contract claims. Moving Defendants represent that Tessera has designated these exhibits as confidential, and that ASE has also designated portions of Exhibit 5 as confidential. Moving Defendants also seek to seal Exhibits B-N and Exhibit R to the declaration of Monica Eno in support of their motion for summary judgment, which

STATS ChipPAC and Tessera have designated as confidential. Moving Defendants further seek to file under seal portions of the declaration of Flynn Carson, Exhibits A through H to the Flynn declaration, the declaration of Justin Lewis and Exhibit A to the Lewis declaration, all of which are submitted in support of their motion for summary judgment. Moving Defendants represent that STATS ChipPAC has designated these items as confidential. Finally, Moving Defendants seek to seal portions of their motion for summary judgment that refer to these exhibits. The Court notes that the Moving Defendants have filed a redacted version of their motion for summary judgment in the public docket. See Docket No. 1009. ASE, STATS ChipPAC and Tessera have all filed declarations in support of the motion to seal. See Docket Nos. 1010-1, 1010-2 and 1023.

The parties seek to seal court records connected to a dispositive motion. To establish that the documents are sealable, the party who has designated them as confidential "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). Cf. id. at 678 (explaining that a less stringent "good cause" standard is applied to sealed discovery documents attached to non-dispositive motions). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by

2

a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a).

In each of their declarations, the parties have failed to demonstrate with particularity any compelling reason that these documents should be protected from public disclosure or demonstrate how it would be harmed if this information were filed publicly. Instead, the parties make conclusory statements that they consider the information confidential without providing specific facts that would "outweigh the general history of access and the public policies favoring disclosure." Pintos, 605 F.3d at 679.

For example, ASE states that page two of Exhibit 5 to the Hanna declaration discusses "confidential, sensitive business information, including information concerning ASE's assembly of various types of semiconductor packages" and avers that "disclosure of this information would reveal sensitive business information pertaining to ASE," without explaining why such a result would be harmful or how the information is sensitive. Rizzi Decl. ¶ 4.

STATS ChipPAC and Tessera make more conclusory statements, averring that the Lewis and Carson declarations and most of the exhibits to the Lewis, Carson and Eno declarations they seek to seal contain "confidential technical, financial and/or business information of STATS and/or Tessera and have been designated as subject to the Stipulated Protective Order in this case." Eno Decl. ¶ 4. See also id. at ¶¶ 8-12; Brenza Decl. ¶¶ 4-8. They also simply state that Exhibits B, H and M to the Eno declaration

3

"contain confidential communications between litigation counsel." Eno Decl. ¶ 3; Brenza Decl. ¶ 3.

Similarly, Tessera makes only conclusory statements in relation to the documents attached to the Hanna declaration. While it describes the contents of these exhibits and states that it has designated these to be confidential under the protective orders in this or other actions, it does not describe with particularity the need to file each document under seal. See Brenza Decl. ¶¶ 10-15.

For the reasons set forth above, the motion to seal is DENIED (Docket No. 1010). Within three days of the date of this Order, the Moving Defendants shall electronically file the Hanna, Eno, Carson and Flynn declarations, the exhibits attached thereto and their unredacted motion in the public record.

IT IS SO ORDERED.

Dated: 8/10/2012

CLAUDIA WILKEN
United States District Judge

4