United States District Court
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  TESSERA, INC.,                              No. C 05-4063 CW

5          Plaintiff,                          ORDER GRANTING IN
                                               PART AND DENYING
6      v.                                      IN PART MOTION TO
                                               SEAL (Docket No.
7  ADVANCED MICRO DEVICES, INC.;               1020)
   SPANSION, LLC; SPANSION, INC.;
8  SPANSION TECHNOLOGY, INC.;
   ADVANCED SEMICONDUCTOR
9  ENGINEERING, INC.; ASE (U.S.),
   INC.; CHIPMOS TECHNOLOGIES, INC.;
10 CHIPMOS U.S.A., INC.; SILICONWARE
   PRECISION INDUSTRIES CO., LTD.;
11 SILICONWARE USA, INC.;
   STMICROELECTRONICS N.V.;
12 STMICROELECTRONICS, INC.; STATS
   CHIPPAC, INC.; STATS CHIPPAC
13 (BVI), INC.; and STATS CHIPPAC,
   LTD.,
14
           Defendants.
15
   _____/
16

17      Defendants STMicroelectronics, Inc. and STMicroelectronics

18 N.V. (collectively, the ST Defendants) move to file under seal

19 Exhibits A through E to the declaration of Ryan Sandrock,

20 submitted in support of their motion for summary judgment related

21 to patent exhaustion, which Tessera has designated as

22 confidential.  ST Defendants also move to file under seal the

23 declaration of Michael J. Hundt, submitted in support of their

24 motion, which they have designated as confidential.  Finally, the

25 ST Defendants move to file under seal the portions of their motion

26 that refer to these exhibits.  The ST Defendants and Tessera have

27 submitted declarations in support of the motion to seal.  See

28 Docket Nos. 1020-1 and 1025.

**United States District Court**
For the Northern District of California

1    Exhibit E to the Sandrock declaration contains a license

2  agreement entered into by Tessera, Inc. and third-party Motorola,

3  Inc.  Motorola Mobility LLC, previously a segment of Motorola,

4  Inc. and successor-in-interest to the rights of Motorola, Inc.

5  under the license agreement, has also submitted a declaration in

6  support of the motion to seal this exhibit.  See Docket No. 1029.

7    The parties seek to seal court records connected to a

8  dispositive motion.  To establish that the documents are sealable,

9  the party who has designated them as confidential "must overcome a

10  strong presumption of access by showing that 'compelling reasons

11  supported by specific factual findings . . . outweigh the general

12  history of access and the public policies favoring disclosure.'"

13  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010)

14  (citation omitted).  Cf. id. at 678 (explaining that a less

15  stringent "good cause" standard is applied to sealed discovery

16  documents attached to non-dispositive motions).  This cannot be

17  established simply by showing that the document is subject to a

18  protective order or by stating in general terms that the material

19  is considered to be confidential, but rather must be supported by

20  a sworn declaration demonstrating with particularity the need to

21  file each document under seal.  Civil Local Rule 79-5(a).

22    Motorola Mobility attests that public disclosure of the

23  license agreement would place it a competitive disadvantage in

24  entering into future license agreements by providing others in the

25  market with "information that they would otherwise not have about

26  Motorola Mobility's licensing terms and practices that would

27  provide" them with "a strategic negotiation advantage."  Miller

28  Decl. ¶ 8.  It further attests that it operates in a "highly

2

competitive market" and that public disclosure would give its

competitors information about its licensing practices and "insight

regarding costs associated with Motorola Mobility's products" that

would grant the competitors a "strategic advantage in terms of

competing against Motorola Mobility in the market."  Id. at ¶ 9.

Having reviewed Exhibit E to the Sandrock declaration, the Court

concludes that Motorola Mobility has established that it and

references thereto in the motion for summary judgment are

sealable.

       Tessera states that Exhibits A and D to the Sandrock

declaration contain a license agreement between Tessera and non-

parties Amkor Electronics, Inc. and EEMS Italia, SpA.  MacDonald

Decl. ¶¶ 3, 5.  It states that this document contains "information

about Tessera's licensing of its patented semiconductor packaging

technology" and that "[p]ublic disclosure of non-public details of

that program would jeopardize Tessera's ability to continue to

license its technology successfully," which is "critical to its

business."  Id.  In a related case, the Court has previously

sealed a similar license between Tessera and another party.  See,

e.g., Docket Nos. 26, 96, Powertech Technology, Inc. v. Tessera,

Inc., Case No. 11-6121.  Tessera further represents that Exhibits

B and C to the Sandrock declaration are copies of confidential

arbitration awards from proceedings between Tessera and Amkor,

which reflect the terms of the licensing agreement between them,

and that these should be protected from disclosure for the same

reasons as the license agreement itself.  MacDonald Decl. ¶ 4.

Having reviewed the contents of Exhibit A through D, the Court

finds that Tessera has established that these documents and

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1 references thereto in the motion for summary judgment are

2 sealable.

3      The ST Defendants represent that the Hundt declaration

4 contains "highly sensitive information regarding ST's business

5 relationships with Amkor, Motorola, and EEMS."  Sandrock Decl.

6 ¶ 4.  This general statement does not demonstrate with

7 particularity the need to file this declaration under seal or the

8 type of harm that the ST Defendants would suffer if the

9 declaration were filed in the public record.  Accordingly, the ST

10 Defendants have not established that the Hundt declaration is

11 sealable.

12      For the reasons set forth above, the ST Defendants' motion is

13 GRANTED IN PART and DENIED in part (Docket No. 1020).  Within

14 three days of the date of this Order, the ST Defendants shall

15 electronically file under seal Exhibits A through E to the

16 Sandrock declaration and their unredacted motion.  By that date,

17 the ST Defendants shall file in the public record the Hundt

18 Declaration and a redacted version of their motion that conforms

19 with this Order.

20      IT IS SO ORDERED.

21

22 Dated:  8/10/2012

CLAUDIA WILKEN
United States District Judge

23

24

25

26

27

28

4