IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,

    Plaintiff,

  v.

ADVANCED MICRO DEVICES, INC.; SPANSION, LLC; SPANSION, INC.; SPANSION TECHNOLOGY, INC.; ADVANCED SEMICONDUCTOR ENGINEERING, INC.; ASE (U.S.), INC.; CHIPMOS TECHNOLOGIES, INC.; CHIPMOS U.S.A., INC.; SILICONWARE PRECISION INDUSTRIES CO., LTD.; SILICONWARE USA, INC.; STMICROELECTRONICS N.V.; STMICROELECTRONICS, INC.; STATS CHIPPAC, INC.; STATS CHIPPAC (BVI), INC.; and STATS CHIPPAC, LTD.,

    Defendants.
_____/

No. C 05-4063 CW

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL (Docket No. 1020)

    Defendants STMicroelectronics, Inc. and STMicroelectronics N.V. (collectively, the ST Defendants) move to file under seal Exhibits A through E to the declaration of Ryan Sandrock, submitted in support of their motion for summary judgment related to patent exhaustion, which Tessera has designated as confidential. ST Defendants also move to file under seal the declaration of Michael J. Hundt, submitted in support of their motion, which they have designated as confidential. Finally, the ST Defendants move to file under seal the portions of their motion that refer to these exhibits. The ST Defendants and Tessera have submitted declarations in support of the motion to seal. See Docket Nos. 1020-1 and 1025.

Exhibit E to the Sandrock declaration contains a license agreement entered into by Tessera, Inc. and third-party Motorola, Inc.  Motorola Mobility LLC, previously a segment of Motorola, Inc. and successor-in-interest to the rights of Motorola, Inc. under the license agreement, has also submitted a declaration in support of the motion to seal this exhibit.  See Docket No. 1029.

The parties seek to seal court records connected to a dispositive motion.  To establish that the documents are sealable, the party who has designated them as confidential "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  Cf. id. at 678 (explaining that a less stringent "good cause" standard is applied to sealed discovery documents attached to non-dispositive motions).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  Civil Local Rule 79-5(a).

Motorola Mobility attests that public disclosure of the license agreement would place it a competitive disadvantage in entering into future license agreements by providing others in the market with "information that they would otherwise not have about Motorola Mobility's licensing terms and practices that would provide" them with "a strategic negotiation advantage."  Miller Decl. ¶ 8.  It further attests that it operates in a "highly

2

1 competitive market" and that public disclosure would give its
2 competitors information about its licensing practices and "insight
3 regarding costs associated with Motorola Mobility's products" that
4 would grant the competitors a "strategic advantage in terms of
5 competing against Motorola Mobility in the market." Id. at ¶ 9.
6 Having reviewed Exhibit E to the Sandrock declaration, the Court
7 concludes that Motorola Mobility has established that it and
8 references thereto in the motion for summary judgment are
9 sealable.

10  Tessera states that Exhibits A and D to the Sandrock
11 declaration contain a license agreement between Tessera and non-
12 parties Amkor Electronics, Inc. and EEMS Italia, SpA.  MacDonald
13 Decl. ¶¶ 3, 5.  It states that this document contains "information
14 about Tessera's licensing of its patented semiconductor packaging
15 technology" and that "[p]ublic disclosure of non-public details of
16 that program would jeopardize Tessera's ability to continue to
17 license its technology successfully," which is "critical to its
18 business." Id.  In a related case, the Court has previously
19 sealed a similar license between Tessera and another party. See,
20 e.g., Docket Nos. 26, 96, Powertech Technology, Inc. v. Tessera,
21 Inc., Case No. 11-6121.  Tessera further represents that Exhibits
22 B and C to the Sandrock declaration are copies of confidential
23 arbitration awards from proceedings between Tessera and Amkor,
24 which reflect the terms of the licensing agreement between them,
25 and that these should be protected from disclosure for the same
26 reasons as the license agreement itself.  MacDonald Decl. ¶ 4.
27 Having reviewed the contents of Exhibit A through D, the Court
28 finds that Tessera has established that these documents and

references thereto in the motion for summary judgment are sealable.

The ST Defendants represent that the Hundt declaration contains "highly sensitive information regarding ST's business relationships with Amkor, Motorola, and EEMS." Sandrock Decl. ¶ 4. This general statement does not demonstrate with particularity the need to file this declaration under seal or the type of harm that the ST Defendants would suffer if the declaration were filed in the public record. Accordingly, the ST Defendants have not established that the Hundt declaration is sealable.

For the reasons set forth above, the ST Defendants' motion is GRANTED IN PART and DENIED in part (Docket No. 1020). Within three days of the date of this Order, the ST Defendants shall electronically file under seal Exhibits A through E to the Sandrock declaration and their unredacted motion. By that date, the ST Defendants shall file in the public record the Hundt Declaration and a redacted version of their motion that conforms with this Order.

IT IS SO ORDERED.

Dated: 8/10/2012

CLAUDIA WILKEN
United States District Judge