IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C 05-4063 CW |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL (Docket No. 1008) |
| v. | |
| ADVANCED MICRO DEVICES, INC.; SPANSION, LLC; SPANSION, INC.; SPANSION TECHNOLOGY, INC.; ADVANCED SEMICONDUCTOR ENGINEERING, INC.; ASE (U.S.), INC.; CHIPMOS TECHNOLOGIES, INC.; CHIPMOS U.S.A., INC.; SILICONWARE PRECISION INDUSTRIES CO., LTD.; SILICONWARE USA, INC.; STMICROELECTRONICS N.V.; STMICROELECTRONICS, INC.; STATS CHIPPAC, INC.; STATS CHIPPAC (BVI), INC.; and STATS CHIPPAC, LTD., | |
| Defendants. | |

Defendants STMicroelectronics, Inc. and STMicroelectronics N.V. (collectively, the ST Defendants) move to file under seal Exhibits A, B, H, J, K and L to the declaration of Ryan Sandrock submitted in support of their motion for summary judgment related to Tessera's license-related claims. The ST Defendants also move to file under seal Exhibits A through D to the declaration of Kevin M. Filip submitted in support of their motion. Finally, the ST Defendants move to file under seal the portions of their motion that quote these exhibits. The ST Defendants represent that Tessera has designated these exhibits as confidential, and that they have also designated Exhibit A to the Filip Declaration as confidential. The ST Defendants and Tessera have submitted

1 declarations in support of the motion to seal. See Docket Nos.
2 1008-1 and 1024.

3 The parties seek to seal court records connected to a
4 dispositive motion. To establish that the documents are sealable,
5 the party who has designated them as confidential "must overcome a
6 strong presumption of access by showing that 'compelling reasons
7 supported by specific factual findings . . . outweigh the general
8 history of access and the public policies favoring disclosure.'"
9 Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010)
10 (citation omitted). Cf. id. at 678 (explaining that a less
11 stringent "good cause" standard is applied to sealed discovery
12 documents attached to non-dispositive motions). This cannot be
13 established simply by showing that the document is subject to a
14 protective order or by stating in general terms that the material
15 is considered to be confidential, but rather must be supported by
16 a sworn declaration demonstrating with particularity the need to
17 file each document under seal. Civil Local Rule 79-5(a).

18 The ST Defendants and Tessera represent that Exhibit A to the
19 Filip declaration, which contains a license agreement entered into
20 between Tessera and SGS-Thompson Microelectronics, Inc., contains
21 "sensitive business information," such as descriptions of
22 Tessera's proprietary technology, "royalty rates, licensing terms
23 and details on the companies' collaboration that would be damaging
24 to the parties if revealed to their competitors." Sandrock Decl.
25 ¶ 4; Brenza Decl. ¶ 9. Having reviewed Exhibit A, the Court finds
26 that the parties have established that it and the portions of the
27 motion that quote from it are sealable.

28

2

1    Tessera makes only conclusory statements that it has
2 designated the other exhibits as "containing confidential business
3 information under the Protective Order" in this case or in the
4 related case before the ITC.  See Brenza Decl. ¶¶ 3-8, 10-12.
5 Thus, Tessera has not established compelling reasons to file any
6 of these exhibits or the portions of the motion that quote from
7 them under seal.

8    For the reasons set forth above, the ST Defendants' motion is
9 GRANTED IN PART and DENIED in part (Docket No. 1008).  Within
10 three days of the date of this Order, the ST Defendants shall
11 electronically file under seal Exhibit A to the Filip Declaration
12 and their unredacted motion.  By that date, the ST Defendants
13 shall file in the public record Exhibits A, B, H, J, K and L to
14 the Sandrock declaration, Exhibits B through D to the Filip
15 Declaration, and a redacted version of their motion that conforms
16 with this Order.

17    IT IS SO ORDERED.

19 Dated: 8/10/2012

CLAUDIA WILKEN
United States District Judge