IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,                                    No. C 05-4063 CW

        Plaintiff,                                ORDER GRANTING
                                                  MOTION TO SEAL
    v.                                            (Docket No. 1006)

ADVANCED MICRO DEVICES, INC.;
SPANSION, LLC; SPANSION, INC.;
SPANSION TECHNOLOGY, INC.;
ADVANCED SEMICONDUCTOR
ENGINEERING, INC.; ASE (U.S.),
INC.; CHIPMOS TECHNOLOGIES, INC.;
CHIPMOS U.S.A., INC.; SILICONWARE
PRECISION INDUSTRIES CO., LTD.;
SILICONWARE USA, INC.;
STMICROELECTRONICS N.V.;
STMICROELECTRONICS, INC.; STATS
CHIPPAC, INC.; STATS CHIPPAC
(BVI), INC.; and STATS CHIPPAC,
LTD.,

        Defendants.

_____/

        Defendants and Counterclaimants Siliconware Precision

Industries Co., Ltd. and Siliconware USA, Inc. (collectively,

SPIL) move to seal Exhibit A to their joint stipulation with

Plaintiff Tessera, Inc. to dismiss Tessera's tenth cause of action

against SPIL.  Exhibit A contains royalty reports with financial

information about payments made by SPIL pursuant to the TCC

License Agreement.

        The parties seek to seal court records that are closely

related to the merits of its case.  To establish that the

documents are sealable, the party who has designated them as

confidential "must overcome a strong presumption of access by

showing that 'compelling reasons supported by specific factual

United States District Court
For the Northern District of California

findings . . . outweigh the general history of access and the public policies favoring disclosure.'"  Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  Cf. id. at 678 (explaining that a less stringent "good cause" standard is applied to sealed discovery documents attached to non-dispositive motions).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  Civil Local Rule 79-5(a).

SPIL has submitted a declaration attesting that "public disclosure of the royalty payments made under the TCC License Agreement would harm SPIL by providing its competitors with proprietary information regarding its services, including, the amount of royalties paid to Tessera."  Heafey Decl. ¶ 5.

Having reviewed Exhibit A, the Court concludes that SPIL has established that it is sealable.  Accordingly, SPIL's motion to file under seal is GRANTED (Docket No. 1006).  Within three days of the date of this Order, SPIL shall electronically file under seal Exhibit A to the stipulation of dismissal.

IT IS SO ORDERED.

Dated:  8/10/2012

CLAUDIA WILKEN
United States District Judge