IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,

     Plaintiff,

  v.

ADVANCED MICRO DEVICES, INC.;
SPANSION, LLC; SPANSION, INC.;
SPANSION TECHNOLOGY, INC.;
ADVANCED SEMICONDUCTOR
ENGINEERING, INC.; ASE (U.S.),
INC.; CHIPMOS TECHNOLOGIES, INC.;
CHIPMOS U.S.A., INC.; SILICONWARE
PRECISION INDUSTRIES CO., LTD.;
SILICONWARE USA, INC.;
STMICROELECTRONICS N.V.;
STMICROELECTRONICS, INC.; STATS
CHIPPAC, INC.; STATS CHIPPAC
(BVI), INC.; and STATS CHIPPAC,
LTD.,

     Defendants.

_____/

No. C 05-4063 CW

ORDER GRANTING
JOINT MOTION FOR
RELIEF FROM THE
COURT'S AUGUST 10,
2012 ORDER TO
ALLOW PARTIES TO
FILE UNDER SEAL
(Docket No. 1041)

On July 19, 2012, Defendants Advanced Semiconductor

Engineering, Inc. and ASE (U.S.) Inc. (collectively, ASE) and

STATS ChipPAC, Inc., STATS ChipPAC (BVI) Limited and STATS

ChipPAC, Ltd. (collectively, STATS ChipPAC) moved to file under

seal various exhibits attached to the declarations of Ramy E.

Hanna, Monica Eno, Flynn Carson and Justin Lewis submitted in

support of their motion for summary judgment related to Plaintiff

Tessera, Inc.'s breach of contract claims.  Defendants also sought

to seal their unredacted motion for summary judgment.  Defendants

represented that they and Plaintiff Tessera, Inc. had each

designated some of these exhibits as confidential.  ASE, STATS

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    ChipPAC and Tessera all filed declarations in support of the

2    motion to seal.  See Docket Nos. 1010-1, 1010-2 and 1023.

3         On August 10, 2012, the Court denied the motion to seal,

4    finding that in each of their declarations, the parties had made

5    only conclusory statements that they considered the information

6    confidential without setting forth specific facts establishing

7    that the documents are sealable.  Docket No. 1033.  The Court

8    directed Defendants to file the declarations, their supporting

9    exhibits and the unredacted memorandum of law in the public docket

10   within three days thereafter.

11        On August 13, 2012, Defendants filed a redacted motion for

12   summary judgment and some, but not all, of the supporting

13   materials at issue in the Court's August 10, 2012 Order in the

14   public record.  Docket No. 1042.  At the same time, Defendants and

15   Tessera jointly filed the instant motion, seeking relief from the

16   prior order and leave to file under seal a much smaller subset of

17   the documents that Defendants sought to seal in their original

18   motion.  Docket No. 1041.  STATS ChipPAC also filed a declaration

19   in support of the motion.  Docket No. 1052.  In the renewed

20   motion, the parties seek to seal the entirety of Exhibit A to the

21   Carson declaration and Exhibit 1 to the Hanna declaration,

22   portions of Exhibit D to the Carson declaration, Exhibit A to the

23   Lewis declaration and Exhibits M and R to the Eno declaration and

24   portions of their motion for summary judgment that refer to the

25   information contained in these exhibits.

26        The parties seek to seal court records connected to a

27   dispositive motion.  To establish that the documents are sealable,

28   the party who has designated them as confidential "must overcome a

**United States District Court**
For the Northern District of California

strong presumption of access by showing that 'compelling reasons
supported by specific factual findings . . . outweigh the general
history of access and the public policies favoring disclosure.'"
<u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 679 (9th Cir. 2010)
(citation omitted).  <u>Cf.</u> <u>id.</u> at 678 (explaining that a less
stringent "good cause" standard is applied to sealed discovery
documents attached to non-dispositive motions).  This cannot be
established simply by showing that the document is subject to a
protective order or by stating in general terms that the material
is considered to be confidential, but rather must be supported by
a sworn declaration demonstrating with particularity the need to
file each document under seal.  Civil Local Rule 79-5(a).

The parties represent that Exhibit A to the Carson
declaration and Exhibit 1 to the Hanna declaration contain
Tessera's license agreements with ASE and ChipPAC.  Although
Tessera has not filed a declaration in support of this renewed
motion to seal, other than its original conclusory declaration,
the parties point out that the Court has previously granted
requests to seal Tessera's similar license agreements with other
parties in this and other cases, and aver that the harm that would
be caused disclosure of the instant license agreements would be
the same as the harm resulting from disclosure of the other
license agreements.  Mot. at 4.  <u>See, e.g.,</u> Docket No. 1034;
Docket Nos. 26, 96, <u>Powertech Technology, Inc. v. Tessera, Inc.</u>,
Case No. 11-6121.  In support of an earlier motion to seal in this
case, Tessera submitted a declaration stating that similar license
agreements contain "information about Tessera's licensing of its
patented semiconductor packaging technology" and that "[p]ublic

3

United States District Court
For the Northern District of California

1  disclosure of non-public details of that program would jeopardize

2  Tessera's ability to continue to license its technology

3  successfully," which is "critical to its business." MacDonald

4  Decl., Docket No. 1025 ¶¶ 3, 5. Accordingly, the Court finds that

5  the parties have established that Exhibit A to the Carson

6  declaration and Exhibit 1 to the Hanna declaration are sealable.

7      STATS ChipPAC represents that portions of Exhibit D to the

8  Carson declaration, Exhibit A to the Lewis declaration and

9  Exhibits M and R to the Eno declaration are sealable because they

10  "reference or detail the amount of royalty payments made by STATS

11  ChipPAC and/or royalty rates allegedly owed by STATS ChipPAC

12  pursuant to its TCC License Agreement with Tessera." McNaughton

13  Decl. ¶¶ 4-5. See also id. at ¶¶ 6-7. It states that the

14  "semiconductor chip assembly business is a highly competitive

15  field and financial information such as licensing royalty rates

16  and royalty payments are not shared with competitors." Id. at

17  ¶ 8. "STATS ChipPAC frequently negotiates licensing arrangements

18  of various kinds in which the amount of royalties it will pay to

19  another, or that another company will pay to it, is an important

20  deal term." Id. It believes that it will be disadvantaged if the

21  information it seeks to seal were publicly disclosed, because

22  future "potential licensees and licensors" could use the

23  information "to their competitive advantage" in future

24  negotiations. Id. Having reviewed the portions of these exhibits

25  that STATS ChipPAC seeks to seal, the Court finds that it has

26  established that they are sealable.

27      STATS ChipPAC further seeks to seal another portion of

28  Exhibit R to the Eno declaration, a record of a wire transfer made

4

by STATS ChipPAC which contains its "confidential banking and customer information," public disclosure of which could put its financial accounts "at risk of access or mishandling." Id. at ¶ 7, 9.  The Court notes that the information STATS ChipPAC seeks to seal is its bank account number and customer identification number and finds that it has established compelling reasons to seal this information.

For the reasons set forth above, the Court grants the parties' motion (Docket No. 1041).  Within three days of the date of this Order, Defendants shall electronically file under seal unredacted versions of Exhibits A and D to the Carson declaration, Exhibit 1 to the Hanna declaration, Exhibit A to the Lewis declaration, Exhibits M and R to the Eno declaration and their motion for summary judgment.

The Court warns the parties that, in the future, they are required to comply with the terms of Local Rule 79-5.  All motions to seal "must be narrowly tailored to seek sealing of only sealable material."  Local Rule 79-5(a).  Further, the party designating the material as sealable must file a declaration in support of the relevant motion to seal, establishing that the specific material at issue is in fact sealable.  See, e.g., Local Rule 79-5(b),(c), (d).

IT IS SO ORDERED.

Dated: 8/20/2012

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California