IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C 05-4063 CW |
| Plaintiff, | ORDER GRANTING JOINT MOTION FOR RELIEF FROM THE COURT'S AUGUST 10, 2012 ORDER TO ALLOW PARTIES TO FILE UNDER SEAL (Docket No. 1041) |
| v. | |
| ADVANCED MICRO DEVICES, INC.; SPANSION, LLC; SPANSION, INC.; SPANSION TECHNOLOGY, INC.; ADVANCED SEMICONDUCTOR ENGINEERING, INC.; ASE (U.S.), INC.; CHIPMOS TECHNOLOGIES, INC.; CHIPMOS U.S.A., INC.; SILICONWARE PRECISION INDUSTRIES CO., LTD.; SILICONWARE USA, INC.; STMICROELECTRONICS N.V.; STMICROELECTRONICS, INC.; STATS CHIPPAC, INC.; STATS CHIPPAC (BVI), INC.; and STATS CHIPPAC, LTD., | |
| Defendants. | |

On July 19, 2012, Defendants Advanced Semiconductor Engineering, Inc. and ASE (U.S.) Inc. (collectively, ASE) and STATS ChipPAC, Inc., STATS ChipPAC (BVI) Limited and STATS ChipPAC, Ltd. (collectively, STATS ChipPAC) moved to file under seal various exhibits attached to the declarations of Ramy E. Hanna, Monica Eno, Flynn Carson and Justin Lewis submitted in support of their motion for summary judgment related to Plaintiff Tessera, Inc.'s breach of contract claims. Defendants also sought to seal their unredacted motion for summary judgment. Defendants represented that they and Plaintiff Tessera, Inc. had each designated some of these exhibits as confidential. ASE, STATS

1 ChipPAC and Tessera all filed declarations in support of the
2 motion to seal.  See Docket Nos. 1010-1, 1010-2 and 1023.
3     On August 10, 2012, the Court denied the motion to seal,
4 finding that in each of their declarations, the parties had made
5 only conclusory statements that they considered the information
6 confidential without setting forth specific facts establishing
7 that the documents are sealable.  Docket No. 1033.  The Court
8 directed Defendants to file the declarations, their supporting
9 exhibits and the unredacted memorandum of law in the public docket
10 within three days thereafter.
11     On August 13, 2012, Defendants filed a redacted motion for
12 summary judgment and some, but not all, of the supporting
13 materials at issue in the Court's August 10, 2012 Order in the
14 public record.  Docket No. 1042.  At the same time, Defendants and
15 Tessera jointly filed the instant motion, seeking relief from the
16 prior order and leave to file under seal a much smaller subset of
17 the documents that Defendants sought to seal in their original
18 motion.  Docket No. 1041.  STATS ChipPAC also filed a declaration
19 in support of the motion.  Docket No. 1052.  In the renewed
20 motion, the parties seek to seal the entirety of Exhibit A to the
21 Carson declaration and Exhibit 1 to the Hanna declaration,
22 portions of Exhibit D to the Carson declaration, Exhibit A to the
23 Lewis declaration and Exhibits M and R to the Eno declaration and
24 portions of their motion for summary judgment that refer to the
25 information contained in these exhibits.
26     The parties seek to seal court records connected to a
27 dispositive motion.  To establish that the documents are sealable,
28 the party who has designated them as confidential "must overcome a

2

1 strong presumption of access by showing that 'compelling reasons
2 supported by specific factual findings . . . outweigh the general
3 history of access and the public policies favoring disclosure.'"
4 Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010)
5 (citation omitted).  Cf. id. at 678 (explaining that a less
6 stringent "good cause" standard is applied to sealed discovery
7 documents attached to non-dispositive motions).  This cannot be
8 established simply by showing that the document is subject to a
9 protective order or by stating in general terms that the material
10 is considered to be confidential, but rather must be supported by
11 a sworn declaration demonstrating with particularity the need to
12 file each document under seal.  Civil Local Rule 79-5(a).
13      The parties represent that Exhibit A to the Carson
14 declaration and Exhibit 1 to the Hanna declaration contain
15 Tessera's license agreements with ASE and ChipPAC.  Although
16 Tessera has not filed a declaration in support of this renewed
17 motion to seal, other than its original conclusory declaration,
18 the parties point out that the Court has previously granted
19 requests to seal Tessera's similar license agreements with other
20 parties in this and other cases, and aver that the harm that would
21 be caused disclosure of the instant license agreements would be
22 the same as the harm resulting from disclosure of the other
23 license agreements.  Mot. at 4.  See, e.g., Docket No. 1034;
24 Docket Nos. 26, 96, Powertech Technology, Inc. v. Tessera, Inc.,
25 Case No. 11-6121.  In support of an earlier motion to seal in this
26 case, Tessera submitted a declaration stating that similar license
27 agreements contain "information about Tessera's licensing of its
28 patented semiconductor packaging technology" and that "[p]ublic

3

disclosure of non-public details of that program would jeopardize Tessera's ability to continue to license its technology successfully," which is "critical to its business."  MacDonald Decl., Docket No. 1025 ¶¶ 3, 5.  Accordingly, the Court finds that the parties have established that Exhibit A to the Carson declaration and Exhibit 1 to the Hanna declaration are sealable.

STATS ChipPAC represents that portions of Exhibit D to the Carson declaration, Exhibit A to the Lewis declaration and Exhibits M and R to the Eno declaration are sealable because they "reference or detail the amount of royalty payments made by STATS ChipPAC and/or royalty rates allegedly owed by STATS ChipPAC pursuant to its TCC License Agreement with Tessera."  McNaughton Decl. ¶¶ 4-5.  See also id. at ¶¶ 6-7.  It states that the "semiconductor chip assembly business is a highly competitive field and financial information such as licensing royalty rates and royalty payments are not shared with competitors." Id. at ¶ 8.  "STATS ChipPAC frequently negotiates licensing arrangements of various kinds in which the amount of royalties it will pay to another, or that another company will pay to it, is an important deal term."  Id.  It believes that it will be disadvantaged if the information it seeks to seal were publicly disclosed, because future "potential licensees and licensors" could use the information "to their competitive advantage" in future negotiations.  Id.  Having reviewed the portions of these exhibits that STATS ChipPAC seeks to seal, the Court finds that it has established that they are sealable.

STATS ChipPAC further seeks to seal another portion of Exhibit R to the Eno declaration, a record of a wire transfer made

4

by STATS ChipPAC which contains its "confidential banking and customer information," public disclosure of which could put its financial accounts "at risk of access or mishandling." Id. at ¶ 7, 9. The Court notes that the information STATS ChipPAC seeks to seal is its bank account number and customer identification number and finds that it has established compelling reasons to seal this information.

For the reasons set forth above, the Court grants the parties' motion (Docket No. 1041). Within three days of the date of this Order, Defendants shall electronically file under seal unredacted versions of Exhibits A and D to the Carson declaration, Exhibit 1 to the Hanna declaration, Exhibit A to the Lewis declaration, Exhibits M and R to the Eno declaration and their motion for summary judgment.

The Court warns the parties that, in the future, they are required to comply with the terms of Local Rule 79-5. All motions to seal "must be narrowly tailored to seek sealing of only sealable material." Local Rule 79-5(a). Further, the party designating the material as sealable must file a declaration in support of the relevant motion to seal, establishing that the specific material at issue is in fact sealable. See, e.g., Local Rule 79-5(b),(c), (d).

IT IS SO ORDERED.

Dated: 8/20/2012

CLAUDIA WILKEN
United States District Judge

5