IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C 05-4063 CW |
| Plaintiff, | ORDER GRANTING MOTIONS TO FILE UNDER SEAL (Docket Nos. 1056 and 1064) |
| v. | |
| ADVANCED MICRO DEVICES, INC.; SPANSION, LLC; SPANSION, INC.; SPANSION TECHNOLOGY, INC.; ADVANCED SEMICONDUCTOR ENGINEERING, INC.; ASE (U.S.), INC.; CHIPMOS TECHNOLOGIES, INC.; CHIPMOS U.S.A., INC.; SILICONWARE PRECISION INDUSTRIES CO., LTD.; SILICONWARE USA, INC.; STMICROELECTRONICS N.V.; STMICROELECTRONICS, INC.; STATS CHIPPAC, INC.; STATS CHIPPAC (BVI), INC.; and STATS CHIPPAC, LTD., | |
| Defendants. | |

Defendants STMicroelectronics, Inc. and STMicroelectronics N.V. (collectively, the ST Defendants) move to file under seal their unredacted reply in support of their motion for partial summary judgment regarding patent exhaustion (Docket No. 1064). Plaintiff Tessera, Inc. moves to seal its unredacted opposition to the ST Defendants' motion for partial summary judgment and to various Defendants' motion for summary judgment (Docket No. 1056). The parties represent that they seek to seal the portions of their briefs that refer to and quote the license agreement entered into by Tessera, Inc. and third-party Motorola, Inc. The Court previously granted the parties' request to file the license agreement under seal, as well as the portions of Defendants'

opening brief for summary judgment that referred to and quoted the license agreement. Docket No. 1034. The Court notes that the parties have already filed redacted versions of their briefs in the public record. See Docket Nos. 1057 and 1065.

The parties seek to seal records connected to a dispositive motion. To establish that the documents are sealable, the party who has designated them as confidential "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted). Cf. id. at 678 (explaining that a less stringent "good cause" standard is applied to sealed discovery documents attached to non-dispositive motions). This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal. Civil Local Rule 79-5(a).

Having reviewed the briefs and the parties' declarations in support of their motions to seal, the Court concludes that they have established that the references to the license agreement in the memoranda are sealable. Accordingly, their motions to file under seal are GRANTED (Docket No. 1056 and 1064). Within three days of the date of this Order, the parties shall electronically file under seal their unredacted briefs.

IT IS SO ORDERED.

Dated: 8/31/2012

CLAUDIA WILKEN
United States District Judge