IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C 05-4063 CW |
| Plaintiff, | ORDER REFERRING PENDING MOTIONS TO SEAL SUMMARY JUDGMENT MOTIONS TO SPECIAL MASTER |
| v. | |
| ADVANCED MICRO DEVICES, INC; SPANSION, LLC; SPANSION, INC., a Delaware corporation; SPANSION TECHNOLOGY, INC.; ADVANCED SEMICONDUCTOR ENGINEERING, INC.; ASE (U.S.), INC.; CHIPMOS TECHNOLOGIES, INC.; CHIPMOS U.S.A., INC.; SILICONWARE PRECISION INDUSTRIES CO., LTD.; SILICONWARE USA, INC.; STMICROELECTRONICS N.V.; STMICROELECTRONICS, INC.; STATS CHIPPAC, INC.; STATS CHIPPAC (BVI), INC.; and STATS CHIPPAC, LTD., | |
| Defendants. | |
| POWERTECH TECHNOLOGY INC., | No. C 10-945 CW |
| Plaintiff, | |
| v. | |
| TESSERA, INC., | |
| Defendant. | |
| POWERTECH TECHNOLOGY INC., | No. C 11-6121 CW |
| Plaintiff, | |
| v. | |
| TESSERA, INC., | |
| Defendant. | |

|   |   |
|---|---|
| TESSERA, INC., | No. C 12-692 CW |
| Plaintiff, | |
| v. | |
| QUALCOMM, INC.; FREESCALE SEMICONDUCTOR, INC.; ATI TECHNOLOGIES, ULC, | |
| Defendants. | |

AND ALL RELATED COUNTERCLAIMS
_____/

    The Court hereby refers all motions to seal connected to the parties' dispositive motions in the above-captioned cases to the Special Master for adjudication. These motions "cannot be effectively and timely addressed" by this Court, see Federal Rule of Civil Procedure 53(a)(1)(C), and the Court has determined that the Special Master already addressing discovery matters in these cases will be able to review these issues more thoroughly.

    In referring these motions, the Court wishes to draw the Special Master's attention to a number of issues that have been presented with the motions to seal currently pending or previously resolved in these cases. In many of these motions and the supporting declarations, some or all of the parties have repeatedly made conclusory statements that the documents are confidential, of a sensitive nature or subject to a protective order, without providing facts that could establish that the need to prevent public disclosure of the documents outweighs "the general history of access and the public policies favoring disclosure'" of information contained in court files. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation

2

1  omitted).  See also Civil Local Rule 79-5(a) (noting that "a
2  blanket protective order that allows a party to designate
3  documents as sealable[] will not suffice to allow the filing of
4  documents under seal").  Some requests have been unduly broad and
5  seek to seal the entirety of a document when the purportedly
6  confidential information appears in only a portion thereof.  In
7  some instances, the parties have asserted that documents are
8  sealable for multiple reasons without clearly indicating to which
9  portion of the document each reason corresponds.  The Special
10 Master may take appropriate measures to address failures to comply
11 with the standards for sealing documents set forth in the
12 applicable case law and Civil Local Rules, including, but not
13 limited to, denial of requests, reprimands, and imposition of
14 cost-shifting sanctions.

15       Further, the Court asks the Special Master to reconsider
16 whether there are compelling reasons to seal the license
17 agreements in these cases.  In making this determination, the
18 Special Master need not consider that this Court previously has
19 granted permission to the seal these agreements.  The Court notes
20 that it may revisit its prior orders following the Special
21 Master's consideration of this issue.

22       Within three days of the date of this Order, each party who
23 has filed a pending motion to seal is directed to provide a copy
24 of that motion to seal and the documents that it seeks to seal to
25 the Special Master.  That party shall compile and attach to the
26 motion a copy of all declarations that have been filed in support
27 of the motion by that date and shall notify the parties that
28 submitted the declarations that it did so.  Parties who file a

3

declaration in support of a pending motion to seal after that date shall provide the Special Master with a copy of their declaration clearly labeled with the docket number of the motion to seal that it supports.  If there are different reasons supporting the sealing of separate portions of a document, the parties shall ensure that they clearly identify which reasons correspond to which portions by notations or highlighting in the documents submitted to the Special Master.

   IT IS SO ORDERED.

Dated: 8/31/2012

CLAUDIA WILKEN
United States District Judge