IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADVANCED MICRO DEVICES, INC.; SPANSION, LLC; SPANSION, INC; SPANSION TECHNOLOGY, INC.; ADVANCED SEMICONDUCTOR ENGINEERING, INC.; ASE (U.S.), INC.; CHIPMOS TECHNOLOGIES, INC.; CHIPMOS U.S.A., INC.; SILICONWARE PRECISION INDUSTRIES CO., LTD.; SILICONWARE USA, INC.; STMICROELECTRONICS N.V.; STMICROELECTRONICS, INC.; STATS CHIPPAC, INC.; STATS CHIPPAC (BVI), LTD.; and STATS CHIPPAC, LTD.,<br><br>　　　　Defendants.<br>_____/<br>AND ALL RELATED COUNTERCLAIMS<br>_____/ | No. C 05-4063 CW<br><br>ORDER DENYING MOTION FOR RELIEF FROM THE SPECIAL MASTER'S DECEMBER 18, 2012 RULING (Docket No. 1140) |

　　　Defendants STMicroelectronics, Inc. and STMicroelectronics N.V. (collectively, ST Defendants) move for relief from an oral order issued by the Special Master on December 18, 2012, regarding ST Defendants' motion for partial reconsideration of the Special Master's November 19, 2012 order on their motion to compel further answers to certain interrogatories, for preclusion and for a

protective order.  The Court considers Defendants' objections de novo and DENIES the motion (Docket No. 1140).[1]

ST Defendants seek relief from the Special Master's order on three bases.  First, ST Defendants argue that the Special Master improperly "concluded that Tessera could proceed on" a purportedly unplead theory of breach of the license agreement between the parties.  Objection 1.  In the motion for partial reconsideration, ST Defendants asked that the Special Master "require Tessera to provide a proper response to Interrogatory No. 21 [subpart (i)] or alternatively, to preclude Tessera from presenting any breach of confidence theory in any dispositive motion or trial."  Sandrock Decl., Ex. J, 5.  ST Defendants argued that Tessera's interrogatory response was improper because it was overly voluminous and did not comply with California Code of Civil Procedure section 2019.210 or the Special Master's prior orders.  Id. at 3-5.  They sought preclusion as a sanction for the purported discovery violation.  Id. at 5 (citing FormFactor, Inc. v. Micro-Probe, Inc., 2012 U.S. Dist. LEXIS 62233, at *12-15 (N.D. Cal.)).

In their objection, ST Defendants argue that the Special Master erred by failing to preclude Tessera from proceeding on a breach of confidence theory because it was not properly plead or asserted in the case and Tessera did not seek leave to amend to

---

[1] Pursuant to the December 15, 2006 Order Appointing the Special Master and Civil Local Rule 72-2, unless otherwise ordered by the Court, "no response need be filed and no hearing will be held concerning the motion."  ST Defendants request a hearing on the motion but provide no reason that one should be held.  Having considered the papers filed by ST Defendants, the Court declines to require a response or set a hearing.

2

allege it.  However, this was not what ST Defendants based their preclusion argument on before the Special Master, and the Special Master made no holding that the theory was properly plead, asserted or at issue in the case.  Instead, he determined that the documents sought in Interrogatory No. 21(i) were not relevant to that theory.

Second, ST Defendants contend that the Special Master erred in concluding that California Code of Civil Procedure section 2019.210 did not apply.  Under section 2019.210, in "any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act. . . , before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity."  ST Defendants argue that, because California law defines misappropriation to include "'disclosure or use of a trade secret of another without express or implied consent by a person who . . . at the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was . . . acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use,'" some courts have found this section applicable "not only to theft of trade secrets but also to disclosure of [trade] secrets in violation of a nondisclosure agreement."

Neothermia Corp. v. Rubicor Med., Inc., 345 F. Supp. 2d 1042, 1044 (N.D. Cal. 2004) (quoting Cal. Civ. Code § 3426.1(b)(2)(B)(ii)).[2]

ST Defendants argue that the Special Master erroneously found that section 2019.210 did not apply because he improperly concluded that Tessera could establish a breach of contract by showing that ST Defendants "transmitted a document marked as confidential to an unlicensed entity, <u>even if the information contained therein was not confidential.</u>" Objection 3. ST Defendants argue that this was an unreasonable reading of the license agreement. While it is true that the Special Master stated that the claim as asserted by Tessera was not dependent on the material in fact being confidential--a term which appears to have been left undefined in the licensing agreement--and only on it being marked as such, the Special Master found that section 2019.210 was not implicated because "trade secrets" were not at issue in this claim. Although here ST Defendants argue that Tessera must show that the material was in fact confidential, they have not presented any argument that Tessera must show that the information consisted of "trade secrets," a term that has a particular meaning in the context of this statute, or that this claim is based on an allegation that ST Defendants disclosed or misused Tessera's "trade secrets." See Cal. Civ. Code § 3426.1(d)

---

[2] The Court notes that the Ninth Circuit has not resolved whether section 2019.210 applies in actions in federal courts and that district courts within California have reached different conclusions on its applicability. See SocialApps, LLC v. Zynga, Inc., 2012 U.S. Dist. LEXIS 82767, at *4-6 (N.D. Cal.) (collecting cases). As discussed below, because ST Defendants did not provide the complete record necessary for review, it is not clear whether Tessera disputed the direct application of section 2019.210 in federal court.

4

(setting forth a definition of trade secret).  Thus, ST Defendants' reliance on Neothermia is unavailing; in that case, the plaintiff asserted that the defendant had wrongfully disclosed its trade secrets in violation of a nondisclosure agreement.  345 F. Supp. 2d at 1044.

Finally, ST Defendants contend that the Special Master erred in declining to strike topic two of Tessera's deposition notice, which provides, "Tessera Confidential Information that was in Your possession prior to transmission by Tessera, was received by You from [an] independent legal source, was independently developed by You, or entered the public domain through no fault of You."  Sandrock Decl., Ex. I, 6.  Before the Special Master, ST Defendants argued that this topic should be stricken because it "is improper for Tessera to place the burden on the ST Defendants to identify what information is not confidential from among Tessera's overbroad list."  Sandrock Decl., Ex. J, 5.  Here, ST Defendants argue that "Topic 2 improperly shifts the burden to ST to identify what from among Tessera's mountain of allegedly confidential information was 'independently developed' or 'in the public domain.'"  Objection, 5.

However, as the Special Master explained, this deposition topic does not contemplate ST Defendants' witness identifying what specific documents were or were not confidential or agreeing with Tessera that the documents it identified were actually confidential.  Rather, it is directed to whether ST Defendants had the documents identified by Tessera, where or from whom they got them, and what they did with them.  The Special Master recognized that ST Defendants' witness may not be able to answer specifically

5

as to each document, and would instead likely discuss the general procedures for handling the documents and whether they were complied with, and Tessera agreed that the witness would not need to be able to answer "a question of what happened to every single document." Sandrock Decl., Ex. M, 37:22-41:23. That ST Defendants might be asked about their acquisition or use of information that Tessera believes to confidential during a deposition does not shift to them the burden to prove any element of the claim.

In addition to the grounds set forth above, the Court denies ST Defendants' motion in its entirety for failure to comply with the December 15, 2006 order appointing the Special Master. That order provides that any party filing an objection or motion seeking review of the Special Master's order

> shall submit with such objection or motion any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation. Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

Docket No. 354, ¶ 6.3. During the hearing before the Special Master, multiple references were made to a letter brief filed by Tessera with the Special Master. <u>See</u> Sandrock Decl., Ex. M, 34:5-36:16, 44:18-23. ST Defendants, however, have not provided the Court with Tessera's letter brief. Further, although ST Defendants seek relief from an order denying a motion for partial reconsideration of an earlier order, they have not provided any documents that the parties submitted to the Special Master in connection with the original order. ST Defendants have failed to

6

1  provide the record necessary for a full review.  For this
2  alternative reason, the Court denies their motion.
3      Accordingly, ST Defendants' motion for relief is DENIED
4  (Docket No. 1140) and the Special Master's December 18, 2012 oral
5  ruling is AFFIRMED.
6      IT IS SO ORDERED.

Dated: 1/18/2013

CLAUDIA WILKEN
United States District Judge