**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TESSERA, INC.,                                    No. C 05-04063-CW

          Plaintiff,

     v.

ADVANCED MICRO DEVICES, INC., et
al.,

          Defendants.

_____/

TESSERA, INC.,                                    No. C 12-692 CW

          Plaintiff,                              ORDER DENYING
                                                  MOTIONS FOR
     v.                                           SEPARATE TRIAL
                                                  AND/OR BIFURCATION
QUALCOMM, INC.,                                   (-4063, Docket
                                                  Nos. 1223, 1226,
          Defendant.                              1227)

_____/                (-692, Docket No.
                                                  290)


     Four sets of Defendants remain in these related cases:

(1) STMicroelectronics N.V. (ST-NV) and ST Microelectronics, Inc.

(ST-Inc.)(collectively ST); (2) Advanced Semiconductor

Engineering, Inc. and ASE (U.S.) Inc. (collectively ASE);

(3) ChipMOS Technologies, Inc. and ChipMOS U.S.A., Inc.

(collectively  ChipMos), and (4) Qualcomm, Inc.  ST presents its

trial plan and moves for a separate trial.  -4063, Docket No.

1223.  ASE moves for a separate trial and, in the event its motion

United States District Court
For the Northern District of California

is denied, requests bifurcation of damages.  -4063, Docket No.
1227.  Qualcomm and ChipMos request a trial on liability
consolidated with ASE, but not with ST or one another.  -692,
Docket No. 290; -4063, Docket No. 1226.  Qualcomm and ChipMos also
request that the Court bifurcate issues of liability from any
trial on damages.  After reviewing the submitted papers, the Court
DENIES without prejudice all motions for separate trials and
bifurcation of damages.  Defendants may renew their motions at a
later date.

BACKGROUND

Tessera first filed its complaint in October 2005 against
Advanced Micro and Spansion, two defendants that are no longer
parties to this case.  -4063, Docket No. 1.  In January 2006
Tessera moved to amend its complaint to add a number of other
Defendants, including ASE, ChipMOS, and ST.  -4063, Docket No. 20.
In April 2007, Tessera filed an action in the Eastern District of
Texas (the -692 action); among its defendants was Qualcomm.  In
May 2007, the United States International Trade Commission (ITC)
initiated an investigation designated Certain Semiconductor Chips
with Minimized Chip Package Size and Products Containing Same (the
-605 investigation).  ASE and ChipMos were not parties to the -605
investigation.  The eventual transfer of the -692 action from the
Texas court to this district brought in three additional
Defendants, including Qualcomm.  Two of those Defendants
subsequently settled with Tessera, leaving only Qualcomm.  Thus,

2

four sets of Defendants remain: ASE, ChipMOS, and ST from the -4063 action, and Qualcomm from the -692 action.

Tessera asserts four claims of U.S. Patent No. 5,852,326 (the '326 patent) against all Defendants, and asserts one claim of U.S. Patent No. 5,679,977 (the '977 patent) against ASE, ChipMOS, and STMicro.  The '326 and '977 patents share the same specification. In addition to the infringement claims, Tessera also asserts a breach of license claim against ASE and ST and a breach of confidentiality claim against ST arising out of the licensing relationship.

In February 2013 Special Master Legge recommended that "the issue of severance . . . be given consideration substantially in advance of the trial date."  -4063, Docket No. 1164 at 2-3.  At the time, the trial was set for April 2014.  In March 2013 the Court postponed the trial to August 2014.  In July 2013 Tessera filed its trial plan.  Defendants each filed motions for separate trials and/or bifurcation of damages thereafter.

LEGAL STANDARD

Federal Rule of Civil Procedure 20(b) provides that a court may order separate trials to protect a party against prejudice. In addition, the Court has "considerable discretion" to consolidate separate actions for trial so long as the actions "involve a common question of law or fact."  In re EMC Corp., 677 F.3d 1351, 1360 (Fed. Cir. 2012).  As a practical matter, in addressing such motions, "the same concerns are considered by the

**United States District Court**
For the Northern District of California

Court, namely, convenience of the parties, avoiding prejudice, and promoting expedition and economy." Sutton Hill Associates v. Landes, 1988 WL 56710, at *3 (S.D.N.Y.).

Federal Rule of Civil Procedure 42(b) states, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). Factors to be considered when ruling on a Rule 42(b) motion include complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, the chance that separation will lead to economy in discovery, and the possibility that the first trial may be dispositive of the case. Calmar, Inc. v. Emson Research, Inc., 850 F. Supp. 861, 866 (C.D. Cal. 1994). A party seeking to bifurcate under Rule 42 has the burden of showing that bifurcation is justified. See Spectra-Physics Lasers, Inc. v. Uniphase Corp., 144 F.R.D. 99, 101 (N.D. Cal. 1992) ("the party seeking bifurcation . . . has the burden of proving that bifurcation is justified given the facts").

DISCUSSION

I.   Separate Trials

This Court has been of the view that a single trial of the claims against all remaining Defendants will be most efficient. The claims against these four sets of Defendants involve similar accused packages and allege infringement of the same two patents. Allowing these claims to proceed in four separate trials would

4

result in duplicative proceedings and burden the parties, the Court and potential jurors in this district.  These motions are premature.  The Court has not yet held a claim construction and summary judgment hearing.  The expert reports, including that of the court-appointed expert, have not been received.  Once the expert reports are received and the claim construction and summary judgment motions decided, the scope of the trial will be more clear.  Additional settlements may be reached in the meantime.

ASE is concerned that evidence of the result of the ITC investigation would be admitted at a joint trial and would prejudice ASE, which did not participate in the ITC proceeding.  ChipMos makes a similar argument.  Tessera responds that a curative instruction could prevent potential prejudice.  At this stage in the litigation, the Court does not decide whether the result of the -605 investigation will be admitted at trial and, if it is, whether it will prejudice the jury.

The Court notes that the parties allude to multiple experts.  The Court's uniform practice is to allow only one expert per subject matter per side.  If jointly tried Defendants proffer experts on the same subject with differing opinions, an exception may be made to allow them.

II. Bifurcation of Damages

ASE, Qualcomm, and Chipmos request bifurcation of liability and damages.  These Defendants contend that issues of liability involve facts separate and distinct from those relating to issues

United States District Court
For the Northern District of California

of damages.  In addition, they argue that damages calculations are complex and burdensome, requiring that the jury comprehend, among other things, commercial complexities of the semiconductor market; methodology regarding the calculation of damages; and legal principles regarding royalty rates and patent license negotiations.  Tessera responds that the bulk of the testimony of its damages expert will be the same as to each Defendant, describing the methodology of his analysis and the basis for the reasonable royalty rate.  As with the motions for a separate trial, the Court finds that, at this stage in the litigation, judicial economy weighs in favor of denying without prejudice ASE, Qualcomm, and Chipmos's motions to bifurcate.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

CONCLUSION

For the reasons stated above, the Court DENIES without prejudice Defendants' motions for a separate trial and, in the alternative, to bifurcate.  Defendants may renew all of these motions after the Court issues its order following the Markman and summary judgment hearing.  The Court also advises the following:

1.  Each side is limited to one expert per subject matter.

2.  To the extent that experts are used in the claim

    construction and summary judgment briefs, any Daubert

    motions shall be included within the parties' joint briefs

    on those issues.

IT IS SO ORDERED.

Dated: 11/13/2013

CLAUDIA WILKEN
United States District Judge