**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C 05-4063 CW |
|     Plaintiff, | |
|   v. | |
| ADVANCED MICRO DEVICES, INC., et al., | |
|     Defendant. | |
| _____/ | |
| POWERTECH TECHNOLOGY INC., | No. C 10-945 CW |
|     Plaintiff, | |
|   v. | |
| TESSERA, INC., | |
|     Defendant. | |
| _____/ | |
| POWERTECH TECHNOLOGY INC., | No. C 11-6121 CW |
|     Plaintiff, | |
|   v. | |
| TESSERA, INC., | |
|     Defendant. | |
| _____/ | |
| TESSERA, INC., | No. C 12-692 CW |
|     Plaintiff, | ORDER APPOINTING THE HON. WAYNE D. BRAZIL (RET.) AS SPECIAL MASTER AND PROVIDING STANDARDS OF REVIEW |
|   v. | |
| MOTOROLA, INC., et al., | |
|     Defendant. | |
| _____/ | |
| AND ALL RELATED COUNTERCLAIMS | |
| _____/ | |

Under Federal Rule of Civil Procedure 53 (a) and (b), the parties have had an opportunity to be heard on the issue of the appointment of a Special Master. The Court has found that the consideration of fairness, the prevention of undue delay and the amount of judicial resources expended adjudicating discovery disputes in these cases constitute "exceptional circumstances" which require the appointment of a special master to oversee discovery and other pretrial matters. See Harmston v. City and County of San Francisco, 2007 WL 3306526, *9 (N.D. Cal); National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 560 (N.D. Cal. 1987). Pursuant to Federal Rule of Civil Procedure 53 (b)(3), the Hon. Wayne D. Brazil (Ret.) has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455 and either no ground for disqualification was disclosed or the parties, with the Court's approval, have waived the disqualification.

THEREFORE, IT IS ORDERED THAT, pursuant to Federal Rule of Civil Procedure 53, the Court appoints the Hon. Wayne D. Brazil (Ret.) as the Special Master for discovery and other pretrial matters in these cases.

1. Scope of Duties. The Special Master shall adjudicate all pretrial discovery disputes in these cases, including disputes arising during the course of depositions, and other non-dispositive pretrial disputes as requested.

2. Scope of Authority. The Special Master shall have all the authority provided in Federal Rule of Civil Procedure 53(c), including, but not limited to, the authority to set the date, time, and place for all hearings determined by the Special Master

2

1  to be necessary; to direct the issuance of subpoenas; to make
2  rulings on objections or otherwise resolve disputes arising during
3  the course of depositions; to preside over hearings (whether
4  telephonic or in-person); to take evidence in connection with
5  discovery disputes and other referred disputes; to award fee
6  allocations and non-contempt sanctions provided by Federal Rules
7  of Civil Procedure 37 and 45; and to recommend contempt sanctions.
8  Any motion pursuant to Federal Rule of Civil Procedure 37 or Civil
9  Local Rule 37-1 for sanctions for violations of the Special
10 Master's orders shall be decided by the Special Master.

11     3. Procedures for Briefing Submitted to Special Master.  The
12 Special Master may resolve disputes presented orally, in person or
13 by telephone, in a letter brief, or in formal motions.  In the
14 case of discovery disputes that are to be resolved by letter brief
15 or written motions, all papers will be submitted directly to the
16 Special Master by email with a courtesy copy by United States Mail
17 or overnight courier, as directed by the Special Master.  Briefing
18 schedules will be determined by the Special Master.

19     4. Discovery Disputes - Meet and Confer Required.  In the
20 event of a discovery dispute, the parties shall first meet and
21 confer in good faith to attempt to resolve the dispute.  In the
22 event the parties are not able to reach an agreement, the dispute
23 will be resolved by the Special Master.  The party seeking relief
24 shall, with notice to the other parties, contact the Special
25 Master to determine the Special Master's availability for a
26 telephone conference at a time when all parties are available.  In
27 the event that the party seeking the relief wishes to submit a
28 letter brief, then not less than forty-eight hours prior to the

3

conference, the party seeking relief shall send a letter by email, not to exceed five pages, outlining the issues in the dispute and its position.  Not less than twenty-four hours prior to the conference, the party opposing may submit a letter by email, not to exceed five pages, outlining the party's reasons for its opposition.  Should the Special Master find further briefing necessary upon conclusion of the telephone conference, the Special Master will order it.  This paragraph sets forth the default procedures for resolution of discovery disputes.  However, the Special Master may alter these procedures with respect to a particular dispute as deemed appropriate and necessary.

    5. Preservation of Record.  Pursuant to Federal Rule of Civil Procedure 53(b)(2)(C), the Special Master shall maintain files consisting of all documents submitted by the parties and any written orders, findings, and/or recommendations.  Any order issued by the Special Master shall be emailed to the parties.  Such emailing shall fulfill the Special Master's duty to serve the order on the parties.  In addition, any order issued by the Special Master shall be filed with the Court by the moving party via Electronic Case Filing (ECF) in a notice of ruling.  Any records of the Special Master's activities other than written orders, findings, and/or recommendations shall be filed in accordance with paragraph 6.(a) herein.

    6. Action on Special Master's Orders, Reports, or Recommendations.

        (a) Pursuant to Federal Rule of Civil Procedure 53(b)(2)(D), the procedure described in paragraphs 6(b) and 6(c)

4

herein shall govern any action on the Special Master's orders, reports and/or recommendations.

(b) Time Limits for Review.  Any party wishing to file objections to the Special Master's orders, reports and/or recommendations must file such objection with the Court within fourteen days from the day the Special Master's order, report and/or recommendation is filed.  Review of the Special Master's orders will be subject to the same procedures as review of orders of a Magistrate Judge, except as otherwise provided herein.  See Civil Local Rule 72-2.

(c) Filing the Record for Review.  The party filing the objection shall submit with such objection any record necessary for the Court to review the Special Master's order, report, and/or recommendation, including any transcripts of proceedings before the Special Master and any documents submitted by the parties in connection with the Special Master's order, report, and/or recommendation.  Failure to provide the record shall constitute grounds for the Court to overrule the objection or deny the motion.

(d) Standard of Review.  In Case Nos. 10-945 and 11-61212, the parties have stipulated that the standard of review applicable to pretrial matters decided by magistrate judges set out in 28 U.S.C. § 636(b)(1)(A) shall apply to the Special Master's orders.  In Case Nos. 05-4063 and 12-692, the parties have not filed any such stipulation, and so the standard set forth in Federal Rule of Civil Procedure 53(f) shall apply.

7. Ex Parte Communications.  To facilitate the fulfillment of the duties hereunder, the Special Master may communicate ex parte

5

to the Court to the extent that the Special Master deems necessary and appropriate.  In addition, the Special Master may have ex parte communications with a party but such communications shall be limited to administrative matters such as scheduling hearings, telephone calls or briefing, if such arrangements cannot be made in a timely manner by contacting the Special Master's administrative assistant.

8. Compensation.  The Special Master shall be compensated at the normal hourly rate for his services.  The cost of the Special Master's compensation shall be allocated at the Special Master's discretion, including allocation of the cost of the Special Master's compensation to the non-prevailing party upon the resolution of a dispute.  Each side will deposit a retainer if requested by the Special Master in its counsel's trust account, which shall be billed against at the Special Master's usual hourly rate, and replenished as requested.

9. Diligence.  Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence in performing these duties.

10. Resources.  If requested, the parties shall provide any resources previously authorized to the Special Master, including law clerks made available by the parties and retained through JAMS.

IT IS SO ORDERED.

Dated: 12/18/2013

CLAUDIA WILKEN
United States District Judge