IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESSERA, INC., | No. C 05-4063 CW |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO FILE SUPPLEMENTAL BRIEF AND PERMITTING PLAINTIFF TO FILE RESPONSE |
| v. | |
| ADVANCED MICRO DEVICES, INC., et. al., | |
| Defendant. | (Docket No. 1473) |
| AND ALL RELATED COUNTERCLAIMS | |

On June 16, 2014, Defendants STMicroelectronics, Inc. and STMicroelectronics N.V. filed a motion to submit a ten page supplemental brief addressing the Supreme Court's June 2, 2014 decision in Nautilus, Inc. v. Biosig Instruments, Inc., 134 S. Ct. 2120 (2014). In Nautilus, the Supreme Court reversed the Federal Circuit's decision and articulated a new standard on indefiniteness. Plaintiff Tessera, Inc. opposes the motion or, in the alternative, requests that it be afforded the opportunity to respond to the newly-asserted arguments.

By Defendants' own description, presently before the Court are: the parties' competing proposals for claim construction, Tessera's motion for summary judgment on indefiniteness, and Defendants' motion for summary judgment of non-infringement. The Supreme Court's new standard on indefiniteness impacts Tessera's motion for summary judgment on indefiniteness and Defendants' response to that motion. Thus, supplemental briefing on the issue is warranted.

     However, Defendants' proposed supplemental brief not only rebuts Tessera's summary judgment motion, but also urges the Court to "grant summary judgment that the asserted claims of Tessera's patents are invalid as indefinite," which the Court construes as an affirmative summary judgment motion of indefiniteness raised for the first time.  Docket No. 1473-1 at 8.  If Defendants wish to make an additional summary judgment motion after briefing has concluded, they generally must show good cause for the argument's late inclusion.  Tessera opposes the motion on much the same grounds, arguing that ST never raised an indefiniteness defense during fact or expert discovery and such a defense should be barred under Rule 37.  Docket No. 1476 (citing Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)).

     Although ST should have made explicit its intention to bring an affirmative summary judgment motion and shown good cause, ST's justification for not bringing this motion sooner is readily apparent.  The new indefiniteness standard might alter the indefiniteness findings on Tessera's patents reached by this Court and others.  Because the new law emerged only after the parties completed summary judgment briefing, and Defendants sought leave to address the issue shortly thereafter, Defendants were justified in not disclosing this defense earlier.  Yeti by Molly, Ltd., 259 F.3d at 1106 (citing Fed. R. Civ. P. 37(c)(1)) ("The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless.").  Allowing Defendants' new indefiniteness argument will be substantially harmless because Tessera themselves brought a motion on

2

1  indefiniteness, and so both experts should already have examined
2  the issue.  Id.
3      Even though ST's motion for leave to file is not strictly
4  proper procedurally, in the interest of efficiency, the Court
5  admits Defendants' supplemental brief.  Tessera may file a ten
6  page supplemental brief in response no later than ten days after
7  entry of this order.  No replies will be permitted.
8      IT IS SO ORDERED.

10 Dated: 6/30/2014
11                                  CLAUDIA WILKEN
                                    United States District Judge